Leigh O. Curran (# 173322)
 lcurran@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
CAMPBELL & TRYTTEN LLP
301 N. Lake Ave, Suite 1100
Pasadena, CA  91101-4158
Tel:  (626) 535-1900 | Fax:   (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A.,
successor by merger with Wells Fargo
Bank Southwest, N.A., f/k/a Wachovia
Mortgage, FSB, f/k/a World Savings
Bank, FSB ("Wells Fargo") (erroneously
sued as Wells Fargo, N.A.)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWADWO HWENSO ASARE-ANTWI,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO, N.A.; QUALITY LOAN SERVICE CORPORATION; CLEAR RECON CORP; DOES 1 through 5 inclusive,<br><br>    Defendants. | CASE NO.: 8:19-cv-00887-JVS-KES.<br>[Hon. James V. Selna]<br><br>**NOTICE OF RELATED CASE**<br><br>[*Related case, Case No. 5:19-cv-00928-AB-SP*] |

**TO THE HONORABLE COURT, TO PLAINTIFF, AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that defendant WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo") (erroneously sued as Wells Fargo, N.A.) hereby informs the Court of a related case as required by Local Rule 83-1.3.

<u>First Action</u>.  On April 17, 2019, plaintiff Kwadwo Hwenso Asare-Antwi ("plaintiff") brought an action in Orange County Superior Court entitled *Kwadwo*

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Hwenso Asare-Antwi v. Wells Fargo N.A.; et al.,* Case No. 30-2019-01064444-CU-OR-CJC. (the "First Action".)  Wells Fargo removed the First Action on May 10. 2019 based on federal question and diversity jurisdiction, and the matter has been assigned to the Honorable James V. Selna, Case No. 8:19-cv-00887-JVS-KES.

<u>Second Action</u>.  On January 22, 2019, plaintiff brought a second suit in Riverside County Superior Court, entitled *Kwadwo Hwenso Asare-Antwi v. Wells Fargo N.A.; et al.,* Case No. RIC1902495 (the "Second Action".)  Wells Fargo removed the Second Action on May 17, 2019 based on federal question and diversity jurisdiction, and the matter has been assigned to the Honorable Andre Birotte Jr, Case No. 5:19-cv-00928-AB-SP.

The First Action and Second Action involve mortgage loans to plaintiff that were originated by Wells Fargo's predecessors, World Savings Bank, FSB and Wachovia Mortgage, FSB.  All of the loans involved "Pick-A-Payment" promissory notes.  These loans included a feature that allowed the borrower to defer payments of interest, and the deferred interest would be added to the unpaid principal, and negative amortization could occur.  The two loans in the First Action were secured by properties in Orange County; the loan in this Second Action is secured by a property in Riverside County.

In both actions, plaintiff challenges foreclosure proceedings initiated by Wells Fargo on the same ground, namely that Wells Fargo did not succeed to World Savings' and Wachovia's interests in the deeds of trust.  Case law establishes that World Savings and Wachovia became Wells Fargo through a name change and merger, so the same authority and evidence will be dispositive in both cases.  Plaintiff seeks the same relief on this issue:  a judicial declaration that Wells Fargo had no right to foreclose on loans originated by World Savings and Wachovia.

Furthermore, plaintiff challenges the terms of his Pick-A-Payment loans, and he asserts that the loans are predatory for identical reasons.  He claims he was not warned of the effect of the deferred interest and negative amortization

provisions in any of the notes, and he asks that the courts rewrite all of the notes to eliminate these provisions.

Wells Fargo's defenses will be substantially similar in both actions. Among other things, plaintiff's claims challenging the deferred interest and negative amortization provisions of World Savings and Wachovia Pick-A-Payment loans were released in a class action settlement (*see In re Wachovia Corp. "Pick-A-Payment" Mortg. Mktg. & Sales Prac. Litig.*, 2011 U.S. Dist. LEXIS 55351, *6 (N.D. Cal. May 17, 2011) (opinion and order granting final approval of class action settlement) and are now barred by res judicata. Likewise, his state law claims are subject to preemption under the Home Owner's Loan Act (HOLA) because plaintiff is challenging the manner in which a federal savings bank originated a mortgage loan.

The key parties in both actions are plaintiff (the borrower on each of the loans) and Wells Fargo (the successor to the originating lenders and the servicer of each of the loans). Plaintiff has joined the foreclosure trustees as parties, but their acts are merely ministerial. Plaintiff challenges the foreclosure proceedings based on whether *Wells Fargo* had standing to commence foreclosure at all.

Because the First Action and the Second Action involve the same or similar issues of fact and law, relating the cases is likely to promote judicial economy. Relating the cases also will serve to avoid inconsistent rulings on identical legal issues.

Dated: May 20, 2019

Respectfully submitted,
ANGLIN, FLEWELLING, RASMUSSEN,
   CAMPBELL & TRYTTEN LLP

By: _____*/s/ Leigh O. Curran*_____
Attorneys for Defendant WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB) (erroneously sued as Wells Fargo, N.A.)

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 301 N. Lake Ave, Suite 1100 Pasadena, CA 91101-4158

On the date below, I served a copy of the foregoing document entitled:

## NOTICE OF RELATED CASE

on the interested parties in said case as follows:

**Served By Means Other than Electronically Via the Court's CM/ECF System**

| *Attorneys for Plaintiff:* | *Attorneys for Clear Recon Corp.:* |
|---|---|
| Ronald H. Freshman<br>Law Offices of Ronald H. Freshman<br>222 west 6th Street. Suite 400<br>San Pedro, CA 90731<br><br>Tel: (858) 756-8288<br>Fax: (858) 964-1728 | Fred T. Winters. Esq.<br>Casper J. Rankin, Esq.<br>ALDRIDGE PITE, LLP<br>4375 Jutland Drive, Suite 200<br>P.O. Box 17935<br>San Diego, CA 92177<br>Tel: (858) 750-7600<br>Fax: (858) 412-2657<br><br>Email: fwinters@aldrigepite.com |

☒ **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence by mailing. Under that same practice it would be deposited with U.S. Postal Service on that same day with postage fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on May 21, 2019.

| Carol Leach | */s/ Carol Leach* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |

94000/HR1574/02306855-1

CERTIFICATE OF SERVICE