1  Leigh O. Curran (# 173322)
     lcurran@afrct.com
2  ANGLIN, FLEWELLING, RASMUSSEN,
   CAMPBELL & TRYTTEN LLP
3  301 N. Lake Ave, Suite 1100
   Pasadena, CA 91101-4158
4  Tel: (626) 535-1900 | Fax: (626) 577-7764

5  Attorneys for Defendant
   WELLS FARGO BANK, N.A.,
6  successor by merger with Wells Fargo
   Bank Southwest, N.A., f/k/a Wachovia
7  Mortgage, FSB, f/k/a World Savings
   Bank, FSB ("Wells Fargo") (erroneously
8  sued as Wells Fargo, N.A.)

9               UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

12  KWADWO HWENSO ASARE-ANTWI,        CASE NO.: 8:19-cv-00887-JVS-KES
                                       *[Related to 5:19-cv-00928-JVS-KES]*
13              Plaintiff,
                                       Assigned to Hon. James V. Selna
14       v.
                                       **DEFENDANT WELLS FARGO'S**
15  WELLS FARGO, N.A.; QUALITY         **NOTICE OF MOTION AND**
   LOAN SERVICE CORPORATION;          **MOTION TO DISMISS FIRST**
16  CLEAR RECON CORP; DOES 1           **AMENDED COMPLAINT;**
   through 5 inclusive,               **MEMORANDUM OF POINTS**
17                                     **AND AUTHORITIES**
             Defendants.
18                                     Date:   July 15, 2019
                                       Time:   1:30 p.m.
19                                     Dept.:  10C

20       TO PLAINTIFF AND HIS COUNSEL OF RECORD:

21       PLEASE TAKE NOTICE that on July 15, 2019 at 1:30 p.m. in Courtroom

22  10C of the above-referenced court located at 411 West Fourth Street, Santa Ana,

23  CA 92701-4516, the Honorable James V. Selna presiding, defendant Wells Fargo

24  Bank, N.A., successor by merger with Wells Fargo Bank, Southwest, N.A. f/k/a

25  Wachovia Mortgage, FSB f/k/a/ World Savings Bank, FSB, (erroneously sued as

26  Wells Fargo, N.A.) ("Wells Fargo") will move to dismiss each claim for relief in

27  the first amended complaint.

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

The grounds for this motion to dismiss under Fed. R. Civ. P. 8 and 12(b)(6) are listed below (and more fully explained in the memorandum of points and authorities):

First Claim:  Declaratory and Injunctive Relief

Plaintiff fails to state a claim for relief because:  (1) the claim is preempted by the Home Owners Loan Act (HOLA), 12 C.F.R. § 560.2; (2) the claim is barred by the applicable statute of limitations; (3) California courts do not authorize preemptive judicial actions to challenge the authority of a beneficiary to initiate and pursue foreclosure; (4) Wells Fargo acquired the beneficial interest in plaintiff's loans through a name change and merger; (5) to the extent the claim challenges the terms of a Pick-A-Payment loan, plaintiff has released the claim; (6) to the extent the claim challenges the terms of a Pick-A-Payment loan, res judicata bars the claim; (7) the request for injunctive relief cannot stand because plaintiff has not alleged a tender of the indebtedness.

Second Claim:  Intentional Misrepresentation

Plaintiff fails to state a claim for relief because:  (1) the claim is preempted by the Home Owners Loan Act (HOLA), 12 C.F.R. § 560.2; (2) the claim is barred by the applicable statute of limitations; (3) to the extent the claim challenges the terms of a Pick-A-Payment loan, plaintiff has released the claim; (4) to the extent the claim challenges the terms of a Pick-A-Payment loan, res judicata bars the claim; and (5) plaintiff has not pled a duty to disclose.

Third Claim:  Cancellation of Instruments

Plaintiff fails to state a claim for relief because:  (1) the claim is preempted by the Home Owners Loan Act (HOLA), 12 C.F.R. § 560.2; (2) California courts do not authorize preemptive judicial actions to challenge the authority of a beneficiary to initiate and pursue foreclosure; (3) Wells Fargo acquired the beneficial interest in plaintiff's loans through a name change and merger; (4) plaintiff has not stated a claim under Civil Code § 3412 because he has not pled

1 noncompliance with Civil Code § 2924f; and (5) plaintiff has not stated a claim

2 under Civil Code § 3412 because he cannot plead reasonable apprehension of

3 injury.

4    <u>Fourth Claim:  Violation of Civil Code §2924</u>

5    Plaintiff fails to state a claim for relief because:  (1) the claim is preempted

6 by the Home Owners Loan Act (HOLA), 12 C.F.R. § 560.2; (2) California courts

7 do not authorize preemptive judicial actions to challenge the authority of a

8 beneficiary to initiate and pursue foreclosure; (3) Wells Fargo acquired the

9 beneficial interest in plaintiff's loans through a name change and merger; and

10 (4) plaintiff has not alleged facts establishing the violation of the statute nor

11 resulting injury.

12    <u>Fifth Claim:  Slander of Title</u>

13    Plaintiff fails to state a claim for relief because:  (1) the claim is preempted

14 by the Home Owners Loan Act (HOLA), 12 C.F.R. § 560.2; (2) California courts

15 do not authorize preemptive judicial actions to challenge the authority of a

16 beneficiary to initiate and pursue foreclosure; (3) Wells Fargo acquired the

17 beneficial interest in plaintiff's loans through a name change and merger;

18 (4) plaintiff has not stated a claim under Civil Code § 3412 because he has not pled

19 noncompliance with Civil Code § 2924f; and (5) plaintiff has not pled a false

20 statement that was made without privilege or justification, nor pecuniary loss, nor

21 malice.

22    <u>Sixth Claim:  Breach of Contract/Estoppel</u>

23    Plaintiff fails to state a claim for relief because:  (1) the claim is preempted

24 by the Home Owners Loan Act (HOLA), 12 C.F.R. § 560.2; (2) plaintiff has not

25 pled an actionable contractual duty, breach, causation, or damages; (3) to the extent

26 the claim is premised on the failure to disclose loan terms, it is barred by the

27 applicable statute of limitations.

28    <u>Seventh Claim:  Violation of Business and Professions Code §17200 et seq.</u>

<div style="writing-mode: vertical;">ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP</div>

1    Plaintiff fails to state a claim for relief because:  (1) the claim is preempted

2   by the Home Owners Loan Act (HOLA), 12 C.F.R. § 560.2; (2) plaintiff has failed

3   to plead facts to establish an unfair business practice; (3) to the extent the claim is

4   based on failure to disclose loan terms, it is barred by the statute of limitations; and

5   (4) plaintiff has not pled an injury in fact to establish his standing to assert a claim

6   under the UCL.

7        Eighth Claim:  Violation of Homeowners Bill Of Rights

8    Plaintiff fails to state a claim for relief because:  (1) the claim is preempted

9   by the Home Owners Loan Act (HOLA), 12 C.F.R. § 560.2; (2) Wells Fargo

10  corrected and remedied any violation premised on failure to communicate with

11  plaintiff regarding foreclosure avoidance alternatives; (3) plaintiff has not alleged a

12  violation based on information concerning a denial decision; (4) plaintiff has not

13  alleged a violation of Civil Code § 2923.6(g); (5) plaintiff has not alleged material

14  violations.

15       Ninth Claim:  Breach Of Implied Covenant of Good Faith And Fair Dealing.

16   Plaintiff fails to state a claim for relief because:  (1) the claim is preempted

17  by the Home Owners Loan Act (HOLA), 12 C.F.R. § 560.2; (2) plaintiff has not

18  tethered the alleged breaches to any term of the contracts; and (3) plaintiff has not

19  alleged causation or damages.

20   The motion is based on this notice, the memorandum of points and

21  authorities, the complaint, the request for judicial notice, and on Wells Fargo's

22  argument at the hearing on the motion.

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    This motion is made in compliance with Local Rule 7-3 after a telephonic

2  conference of counsel that occurred on June 4, 2019.

3

4

5  Dated:  June 13, 2019          Respectfully submitted,

6                                 ANGLIN, FLEWELLING, RASMUSSEN,
                                     CAMPBELL & TRYTTEN LLP
7
                                 By: _____
8                                            */s/ Leigh O. Curran*
                                     Attorneys for Defendant WELLS FARGO
9                                    BANK, N.A., successor by merger with Wells
                                     Fargo Bank Southwest, N.A., f/k/a Wachovia
10                                   Mortgage, FSB, f/k/a World Savings Bank,
                                     FSB) (erroneously sued as Wells Fargo, N.A.)
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES..........................................1

1.  INTRODUCTION.................................................................................1

2.  SUMMARY OF FIRST AMENDED COMPLAINT AND
    JUDICIALLY NOTICEABLE FACTS........................................................1

    A.  The 5871 Loan. .................................................................................1

    B.  The 4849 Loan. .................................................................................3

    C.  World Was Renamed Wachovia Mortgage, FSB, Which
        Became Wells Fargo Through A Merger. ...............................................4

    D.  Plaintiff Defaults On Both Loans. ........................................................4

3.  THE FIRST CLAIM (DECLARATORY AND INJUNCTIVE
    RELIEF) SHOULD BE DISMISSED. .......................................................4

    A.  Wells Fargo Acquired The Beneficial Interest In The Loans
        Originated By World And Wachovia. ....................................................5

    B.  Plaintiff Cannot State A Claim Challenging The Pick-A-
        Payment Feature Or The Deferred Interest Provisions Of His
        Loans. ..............................................................................................5

        i.   A Claim Based On The Terms Of The Notes Is Time-
             Barred. .....................................................................................5

        ii.  The Class Action Settlement Bars Plaintiff's Claims
             Arising Out Of The Pick-A-Payment Provisions. .......................6

    C.  HOLA PREEMPTS THE ENTIRE FIRST CLAIM FOR
        RELIEF. ............................................................................................8

        i.   Legal Standards For Preemption Under HOLA. .......................8

        ii.  HOLA Preempts The Claims Asserting Lack Of Standing
             To Foreclose. ..........................................................................10

        iii. HOLA Preempts The Claims Asserting The Loans Were
             Deceptive Or Predatory. .........................................................10

    D.  Plaintiff Is Not Entitled To Injunctive Relief Because He Has
        Not Tendered The Indebtedness. .........................................................11

4.  THE SECOND CLAIM (INTENTIONAL MISREPRESENTATION
    BY OMISSION OF FACTS) SHOULD BE DISMISSED. ........................11

5.  THE THIRD, FOURTH, AND FIFTH CLAIMS (CANCELLATION
    OF INSTRUMENTS, VIOLATION OF § 2924, AND SLANDER OF
    TITLE) SHOULD BE DISMISSED. ........................................................12

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

|   |    | | |
|---|----|---|---|
| A. | To The Extent The Claims Rely On Plaintiff's Allegation That Wells Fargo Acquired No Beneficial Interest In The Deeds Of Trust, The Claims Must Be Dismissed. | 12 |
| B. | Plaintiff Fails To State A Claim For Slander Of Title. | 12 |
| C. | Plaintiff Fails To State A Claim For Cancellation Of The Notice Of Sale For Unit 2405. | 13 |
| 6. | THE SIXTH CLAIM (BREACH OF CONTRACT) SHOULD BE DISMISSED. | 15 |
| 7. | THE SEVENTH CLAIM (UCL) SHOULD BE DISMISSED. | 17 |
| A. | Plaintiff Has Not Stated A UCL Claim Based On Failure To Disclose The Terms Of The PAP Loans. | 17 |
| B. | Plaintiff Has Not Stated A Claim Based On Alleged Concealment Of The "Creditor" That Owned The Loans. | 18 |
| C. | Plaintiff Cannot Rely On The Attorney General Settlement. | 19 |
| D. | Plaintiff Has Not Stated A Claim Based On A False Representation That Wells Fargo Is The Beneficiary Under The Deeds Of Trust. | 19 |
| E. | Plaintiff Has Not Stated A Claim Based On RESPA. | 19 |
| 8. | THE EIGHTH CLAIM (HBOR) SHOULD BE DISMISSED. | 21 |
| A. | HOLA Preempts The Claim For Violation Of HBOR. | 22 |
| B. | Wells Fargo Corrected And Remedied Any Failure Communicate With Plaintiff Regarding Foreclosure Prevention Alternatives. | 22 |
| C. | Plaintiff Has Not Alleged A Claim Based On The Sufficiency Of Wells Fargo's Denial Decision. | 23 |
| D. | Wells Fargo Did Not Violate HBOR By Postponing, Rather Than Cancelling The Scheduled Sale. | 23 |
| E. | The Purported Violations Were Not "Material." | 24 |
| 9. | THE NINTH CLAIM (BREACH OF IMPLIED COVENANT) SHOULD BE DISMISSED. | 24 |

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

# TABLE OF AUTHORITIES

2

3

**Page(s)**

4

**FEDERAL CASES**

5

*Bhones v. Wells Fargo Bank, N.A.*,
2017 U.S. Dist. LEXIS 152607 (C.D. Cal. Sep. 13, 2017) (Selna, J.)...............38

6

*Birdsong v. Apple, Inc.*,
590 F.3d 955 (9th Cir. 2009)....................................................................33

7

8

*Buschman v. Anesthesia Bus. Consult. LLC*,
2014 U.S. Dist. LEXIS 121643 (N.D. Cal. Aug. 29, 2014)...............................31

9

10

*Cantwell v. Wells Fargo Bank, N.A.*,
2014 U.S. Dist. LEXIS 194247 (C.D. Cal. Dec. 15, 2014) (Selna, J.) ........40, 41

11

12

*Carbajal v. Wells Fargo Bank, N.A.*,
697 F. App'x 555 (9th Cir. 2017)...............................................................21

13

*Cooper v. Federal Res. Bk.*,
467 U.S. 867 (1984) ...............................................................................24

14

15

*Coppes v. Wachovia Mortg. Corp.*,
2010 U.S. Dist. LEXIS 115865 (E.D. Cal. Oct. 29, 2010) ...............................27

16

17

*Cross v. Downey Sav. & Loan Ass'n*,
2009 U.S. Dist. LEXIS 17946 (C.D. Cal. Feb. 23, 2009)...............................30

18

19

*Curcio v. Wachovia Mortg. Corp.*,
2009 U.S. Dist. LEXIS 96155 (S.D. Cal. Oct. 14, 2009)...............................26

20

21

*Deal v. Countrywide Home Loans, Inc.*,
2013 U.S. Dist. LEXIS 87090 (N.D. Cal. June 20, 2013) ...............................36

22

23

*DeLeon v. Wells Fargo Bank, N.A.*,
2011 U.S. Dist. LEXIS 8296 (N.D. Cal. 2011)...............................................35

24

25

*Galvez v. Wells Fargo Bank, N.A.*,
2018 U.S. Dist. LEXIS 172087 (N.D. Cal. Oct. 4, 2018)...............................40

26

27

*Gualberto v. Wells Fargo Bank*,
2019 U.S. Dist. LEXIS 35244 (N.D. Cal. Mar. 5, 2019)...............................26

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Haggarty v. Wells Fargo Bank, N.A.,*
  2012 U.S. Dist. LEXIS 143405 (N.D. Cal. Oct. 3, 2012) ................................ 33

*Heflebower v. JPMorgan Chase Bank, NA,*
  2013 U.S. Dist. LEXIS 141278 (E.D. Cal. Sept. 27, 2013) .............................. 36

*Howard v. America Online, Inc.,*
  208 F.3d 741 (9th Cir. 2000) .......................................................................... 23

*Kahenjoo v. GMAC Home Servs.,*
  2011 U.S. Dist. LEXIS 164057 (C.D. Cal. May 23, 2011) (Selna, J.) ............. 27

*Land O' Lakes v. Gonsalves,*
  2012 U.S. Dist. LEXIS 32853 (E.D. Cal. Mar. 9, 2012) ................................... 41

*Lindsey v. Meridias Capital, Inc.,*
  2012 U.S. Dist. LEXIS 18212 (D. Haw. Feb. 13, 2012) ................................... 36

*Naulty v. GreenPoint Mortg. Funding, Inc.,*
  2009 U.S. Dist. LEXIS 79250 (N.D. Cal. Sept. 3, 2009) .................................. 26

*Nava v. VirtualBank,*
  2008 U.S. Dist. LEXIS 72819 (E.D. Cal. July 16, 2008) .................................. 27

*Neufeld v. Wells Fargo Home Mortg., Inc.,*
  2011 U.S. Dist. LEXIS 63238 (C.D. Cal. June 13, 2011) (Selna, J.) ............... 21

*Owens v. Kaiser Fdn. Health Plan, Inc.,*
  244 F.3d 708 (9th Cir. 2001) .......................................................................... 24

*Pratap v. Wells Fargo Bank, N.A.,*
  63 F. Supp. 3d 1101 (N.D. Cal. 2014). Civil ................................................... 28

*Shaterian v. Wells Fargo Bk.,*
  2011 U.S. Dist. LEXIS 62165 (N.D. Cal. June 10, 2011) ................................ 23

*Silvas v. E*Trade Mortg. Corp.,*
  514 F.3d 1001 (9th Cir. 2008) .................................................................... 24, 25

*Simmonds v. Wells Fargo Bank, N.A.,*
  2018 U.S. Dist. LEXIS 190933 (C.D. Cal. Nov. 5, 2018) (Selna, J.) ............... 26

*Simmonds v. Wells Fargo Bank, N.A.,*
  2019 U.S. Dist. LEXIS 40619 (C.D. Cal. Jan. 22, 2019) (Selna, J.) ................ 21

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Tamburri v. Suntrust Mortg., Inc.*,
2011 U.S. Dist. LEXIS 144442 (N.D. Cal. Dec. 15, 2011) ............................. 36

*Tamburri v. Suntrust Mortg., Inc.*,
2013 U.S. Dist. LEXIS 121220 (N.D. Cal. Aug. 26, 2013) ............................. 35

*Torres v. Wells Fargo Home Mortg., Inc.*,
2011 U.S. Dist. LEXIS 319 (N.D. Cal. Jan. 4, 2011) ....................................... 36

*Vargas v. Wells Fargo Bank, N.A.*,
2015 U.S. Dist. LEXIS 113283 (C.D. Cal. Aug. 17, 2015) (Selna, J.) .............. 26

*Villafana v. Wells Fargo Bank, N.A.*,
2017 U.S. Dist. LEXIS 222545 (C.D. Cal. Mar. 17, 2017) ............................. 38

*In re Wachovia Corp. "Pick-A-Payment" Mortg. Mktg. & Sales Prac. Litig.*,
2011 U.S. Dist. LEXIS 55351 (N.D. Cal. May 17, 2011) .......................... 22, 23

*Williams v. Wells Fargo Bk., NA*,
2014 U.S. Dist. LEXIS 17215 (C.D. Cal. Jan. 27, 2014) (Selna, J.) ..... 24, 25, 26

*Yau v. Deutsche Bank Nat'l Tr. Co. Ams.*,
2011 U.S. Dist. LEXIS 138584 (C.D. Cal. Nov. 8, 2011) (Selna, J.),
525 F. App'x 606 (9th Cir. 2013) ...................................................................... 32

*Yau v. Deutsche Bank Nat'l Tr. Co. Ams.*,
525 F. App'x 606 (9th Cir. 2013) ...................................................................... 41

*Yijin Lu v. Hong Deng*,
2017 U.S. Dist. LEXIS 86837 (C.D. Cal. June 5, 2017) .................................... 31

STATE CASES

*Californians for Disability Rights v. Mervyn's, LLC*,
39 Cal. 4th 223 (2006) ...................................................................................... 34

*Cel-Tech Comms, Inc. v. Los Angeles Cell. Tel. Co.*,
20 Cal.4th 163 (1999) ........................................................................................ 34

*Constantian v. Mercedes-Benz Co.*,
5 Cal. 2d 631 (1936) .......................................................................................... 22

*DeRoche v. Commodore Cruise Line, Ltd.*,
31 Cal. App. 4th 802 (1994) .............................................................................. 31

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Durell v. Sharp Healthcare*,
183 Cal. App. 4th 1350 (2010) ................................................................... 34, 41

*Kachlon v. Markowitz*,
168 Cal. App. 4th 316 (2008) ........................................................................ 29

*Kaldenbach v. Mutual of Omaha Life Ins. Co.*,
178 Cal. App. 4th 830 (2009) ........................................................................ 28

*Knapp v. Doherty*,
123 Cal. App. 4th 76 (2004) .......................................................................... 30

*Korea Supply Co. v. Lockheed Martin Corp.*,
29 Cal. 4th 1134 (2003) ................................................................................ 33

*Kovich v. Paseo Del Mar Homeowners' Assn.*,
41 Cal. App. 4th 863 (1996) .......................................................................... 28

*Kwikset Corp. v. Superior Court*,
51 Cal. 4th 310 (2011) .................................................................................. 34

*Livingston Rock & Gravel Co. v. De Salvo*,
136 Cal. App. 2d 156 (1955) ......................................................................... 32

*Meetz v. Mohr*,
141 Cal. 667 (1904) ...................................................................................... 27

*Norgart v. Upjohn Co.*,
21 Cal. 4th 383 (1999) .................................................................................. 22

*Perlas v. GMAC Mortg., LLC*,
187 Cal. App. 4th 429 (2010) ........................................................................ 28

*Robinson v. Countrywide Home Loans, Inc.*,
199 Cal. App. 4th 42 (2011) .......................................................................... 21

*Sipe v. McKenna*,
88 Cal. App. 2d 1001 (1948) ......................................................................... 27

*Sun 'n Sand, Inc. v. United Calif. Bk.*,
21 Cal. 3d 671 (1978) ................................................................................... 22

**FEDERAL STATUTES**

12 U.S.C. § 1461, *et. seq.* ...................................................................... *passim*

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

12 U.S.C. § 2605(i)(3) ................................................................................ 36

12 U.S.C. § 2605(e)(2) ............................................................................... 36

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200, *et. seq.* ............................... 20, 33, 34, 37

Cal. Bus. & Prof. Code § 17204 ............................................................... 34

Cal. Bus. & Prof. Code § 17208 ............................................................... 34

Cal. Civ. Code § 337 ................................................................................. 32

Cal. Civ. Code § 338(d) ............................................................................ 21

Cal. Civ. Code § 2923.6 ...................................................................... 17, 38

Cal. Civ. Code § 2923.6(c) ................................................................. 39, 40

Cal. Civ. Code § 2923.6(f) ........................................................................ 39

Cal. Civ. Code § 2923.7 ............................................................................ 38

Cal. Civ. Code § 2923.55 .......................................................................... 38

Cal. Civ. Code § 2923.55(f) ...................................................................... 38

Cal. Civ. Code § 2924 ................................................................... 20, 28, 30

Cal. Civ. Code § 2924(d) .......................................................................... 29

Cal. Civ. Code § 2924f ............................................................................. 30

Cal. Civ. Code § 2924f(b)(5) .................................................................... 29

Cal. Civ. Code § 2924.10 .......................................................................... 38

Cal. Civ. Code § 2924.12 (a)(1) ............................................................... 40

Cal. Civ. Code § 2924.12 (a)(2) ............................................................... 38

Cal. Civ. Code § 2924.55(B) ............................................................... 38, 39

Cal. Civ. Code § 2943(b) .......................................................................... 31

Cal. Civ. Code § 3412 ......................................................................... 29, 31

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

**REGULATIONS**

2

12 C.F.R. § 560.2 ..................................................................................... 25

3

12 C.F.R. § 560.2(b) .......................................................................... 25, 26

4

12 C.F.R. § 560.2(b)(4) ...................................................................... 27, 33

5

12 C.F.R. § 560.2(b)(9) ................................................................ 27, 33, 34

6

7

12 C.F.R. § 560.2(b)(10) ................................................. 26, 27, 33, 34, 38

8

12 C.F.R. § 560.2(c) ............................................................................... 25

9

12 C.F.R. § 560.12(b)(10) ....................................................................... 38

10

**OTHER AUTHORITIES**

11

12

18 James Wm. Moore's et al. *Moore's Fed. Prac.* § 131.40[3] [e][iii]
      (Matthew Bender 3d ed.) .................................................................. 24

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1.   INTRODUCTION.

Plaintiff is a sophisticated real estate investor who owns a portfolio of income properties.  In late 2007, plaintiff purchased two properties using "Pick-A-Payment" loans from World Savings Bank, FSB ("World") and Wachovia Mortgage, FSB ("Wachovia").  Wells Fargo succeeded to World's and Wachovia's interests in the loans.   In early 2018, plaintiff ceased making payments.

Plaintiff now seeks to stop foreclosure, relying on theories that have been discredited by many courts.  He contends Wells Fargo obtained no interest in his loans.  He contends that, despite making payments for a decade, the loans were fraudulently marketed to him.  Even though he lives in England, he claims that one of the one of the properties is his "primary US residence," and Wells Fargo violated the California Homeowners Bill of Rights (HBOR).

Well-settled case law establishes that Wells Fargo obtained the beneficial interest in loans originated by World and Wachovia.  Similarly well-settled case law holds that plaintiff's claims are preempted by the Home Owner's Loan Act (HOLA) because, as applied, the claims would impose state law requirements on the mortgage loan operations of federal savings banks.  The claims challenging the Pick-A-Payment terms of the loans are long since time-barred, and further, are barred by the settlement of a class action.  Plaintiff has not pled any viable claims, and his first amended complaint should be dismissed with prejudice.

## 2.   SUMMARY OF FIRST AMENDED COMPLAINT AND JUDICIALLY NOTICEABLE FACTS.

## A.   The 5871 Loan.

On November 20, 2007, World made a loan to plaintiff in the original principal amount of $308,000 ("5871 Loan").  FAC, ¶ 22 ; Ex. 2.  The loan was memorialized in promissory note ("5871 Note") secured by a deed of trust recorded against property located at 12668 Chapman Avenue, Unit 2305, Garden

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Grove, California ("Unit 2305").  RJN, Ex. A (deed of trust).

The 5871 Loan was a Pick-A-Payment ("PAP") loan—a type of mortgage loan that borrowers could customize to meet their needs.  Borrowers could customize a loan by selecting the amount of the initial monthly payment from a range of options.  This amount could be [i] the amount of principal and interest (*i.e.,* the amount needed to pay off the loan in 30 years); [ii] a lower, interest-only payment (*i.e.,* the amount needed to pay all accrued interest during the payment period); or [iii] or an even lower minimum payment.  For example, the minimum payment might be attractive to a borrower who planned to "flip" an investment property and desired to invest as little cash as possible before selling.

PAP borrowers agreed that, if they made a monthly payment in an amount that was less than an interest-only payment, the shortfall between their payment and an interest-only payment (called "deferred interest") would be added to the principal balance of their loan up to a maximum of 125% of the amount they borrowed.  This is known as "negative amortization."  Borrowers were not required to select an initial payment amount that resulted in deferred interest, and even if they did, they were still free to make payment in a higher amount to prevent deferred interest from accumulating.

These terms appeared in the 5871 Note.  The opening paragraph warned him that the loan provided a "PRINCIPAL BALANCE INCREASE."  FAC, Ex. 2 at 1.

Plaintiff agreed to an annual interest rate of 8.250%.  *Id.* at 2, § 2.  As for his monthly payment amount, plaintiff agreed:

> Each of my initial monthly payments will be in the amount of US $1,357.40.  My initial monthly payment amount was ***selected by me*** from a range of initial payment amounts approved by Lender and ***may not be sufficient to pay the entire amount of interest accruing on the unpaid Principal balance***."

*Id.*, § 3(B) (emphasis added).

In § 3(C), plaintiff acknowledged that "deferred interest" would cause his

monthly payment to change.  *Id.*  "Deferred Interest" was explained in § 3(E):

> From time to time, my monthly payments may be insufficient to pay the total amount of monthly interest that is due. ***If this occurs, the amount of interest that is not paid each month, called "Deferred Interest," will be added to my Principal and will accrue interest at the same rate as the Principal.***

In § 3(D), plaintiff agreed that his monthly payment could be changed to "an amount sufficient to pay the unpaid principal balance together with interest, including any deferred interest described in Section (E) . . . ."  *Id.* at 2.  In § 3(F), plaintiff acknowledged that deferred interest could cause his principal balance to rise to 125% of the amount he originally borrowed.  *Id.* at 3.

The deed of trust also warned him that the loan contained "CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY . . . PRINCIPAL BALANCE (INCLUDING . . . DEFERRED INTEREST)," and that the "MAXIMUM AGGREGATE PRINCIPAL BALANCE SECURED BY THIS DEED OF TRUST IS $385,000,00 WHICH IS 125% OF THE ORIGINAL PRINCIPAL NOTE AMOUNT."  RJN, Ex. A.

**B.    The 4849 Loan.**

On December 21, 2007, plaintiff entered into another PAP loan ("4849 Loan"), this time with Wachovia. The original principal amount was $282,750. FAC, Ex. 4.  The loan was memorialized in promissory note ("4849 Note") secured by a deed of trust recorded against the property located at 12668 Chapman Avenue, Unit 2405, Garden Grove ("Unit 2405").  RJN, Ex. B (deed of trust).

The terms in the 4849 Note governing the initial monthly payment amount, deferred interest, and principal balance cap of 125% were the same as the 5871 Note.  *See* FAC, Ex. 4 at 1 (opening paragraph); *id.*, § 3(B) (initial monthly payment selected by plaintiff); *id.* at 3, § 3(E) (Deferred Interest will be added to principal and accrue interest at the same rate); *id.*, § 3(F) (Deferred Interest could cause principal balance to rise to 125% of amount borrowed).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**C.**     **World Was Renamed Wachovia Mortgage, FSB, Which Became Wells Fargo Through A Merger.**

World was a federal savings bank.  RJN, Ex. C (Certificate of Corporate Existence issued by the Office of Thrift Supervision, Department of the Treasury ("OTS") dated 4/21/06.  World was renamed Wachovia Mortgage, FSB on December 31, 2007.  The OTS confirmed this name change in a letter dated November 19, 2007.  RJN, Ex. D.  Effective November 1, 2009, Wachovia was converted to a national bank with the name Wells Fargo Bank Southwest, N.A., and that entity merged with and into Wells Fargo Bank, N.A.  RJN, Ex. E (Official Certification of the Comptroller of the Currency).

**D.**     **Plaintiff Defaults On Both Loans.**

5871 Loan.  Plaintiff failed to make payments, beginning with the payment that came due on April 1, 2018.  FAC, Ex. 3 ("Due Date").  On August 17, 2018, a notice of default was recorded.  RJN, Ex. F.  A substitution of trustee was recorded on August 17, 2018, substituting Clear Recon Corporation as trustee.  RJN, Ex. G.  A notice of trustee's sale was recorded on December 21, 2018.  RJN, Ex. H.

4849 Loan.  Plaintiff failed to make payments beginning with the payment due on March 15, 2018.  FAC, Ex. 5 ("Due Date").  On August 1, 2018, a notice of default was recorded.  RJN, Ex. I.  A substitution of trustee was recorded on July 25, 2018, substituting Quality Loan Service Corporation as trustee.  RJN, Ex. J.  A notice of trustee's sale was recorded on December 12, 2018.  RJN, Ex. K.

**3.**     **THE FIRST CLAIM (DECLARATORY AND INJUNCTIVE RELIEF) SHOULD BE DISMISSED.**

Plaintiff alleges that Wells Fargo acquired no beneficial interest in the deeds of trust and had no authority to foreclose or to substitute the trustees. [1]  He seeks a

---

[1]     This theory is carried forward into his claims for cancellation of instruments, violation of Civil Code § 2924, slander of title, and violation of the Unfair Competition Law, Bus. & Prof. Code § 17200, *et seq.* ("UCL").  FAC, ¶¶ 86-93; 109-110; 117, 125-127; 149-150.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

declaration as to the "true parties" of the notes and deeds of trust.  FAC, ¶¶ 86-93;

97(a).  He contends that the deferred interest terms of the loans were not disclosed

to him, and he wants the Court to rewrite the loan terms and reduce the amounts he

owes.  *Id.*, ¶ 97(b).

## A.   Wells Fargo Acquired The Beneficial Interest In The Loans Originated By World And Wachovia.

California courts do not authorize preemptive judicial actions to challenge

the authority of a beneficiary to initiate and pursue foreclosure.  *Robinson v.
Countrywide Home Loans, Inc*., 199 Cal. App. 4th 42, 45 (2011) (demurrer

sustained to claim alleging "the entity which initiated foreclosure proceedings had

no legal authority to do so").

Even if such a claim were allowed, many courts, including this Court, have

found that Wells Fargo acquired the beneficial interest in deeds of trust securing

loans originated by World and Wachovia.  RJN, Exs. C-E.  *See Carbajal v. Wells
Fargo Bank, N.A*., 697 F. App'x 555, 556 (9th Cir. 2017) ("the district court

properly relied on judicially noticed documents to find Wells Fargo obtained

beneficial interest of the loan as a successor of World Savings Bank."); *see also,
Simmonds v. Wells Fargo Bank, N.A*., 2019 U.S. Dist. LEXIS 40619, *1 (C.D. Cal.
Jan. 22, 2019) (Selna, J.)* ("Wells Fargo is successor by merger with" World);
*Neufeld v. Wells Fargo Home Mortg., Inc*., 2011 U.S. Dist. LEXIS 63238, *1, n.1
(C.D. Cal. June 13, 2011) (Selna, J.)* (Wells Fargo "is a successor by merger of

Wachovia").  Thus, plaintiff cannot challenge Wells Fargo's status as the

beneficiary of his deeds of trust.

## B.   Plaintiff Cannot State A Claim Challenging The Pick-A-Payment Feature Or The Deferred Interest Provisions Of His Loans.

### i.   A Claim Based On The Terms Of The Notes Is Time-Barred.

The three-year limitations period for a fraud claim (Civ. Code § 338(d))

commences to run "when the aggrieved party could have discovered the

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

fraud . . . . through the exercise of reasonable diligence." *Sun 'n Sand, Inc. v. United Calif. Bk.*, 21 Cal. 3d 671, 701 (1978). "A plaintiff discovers the cause of action when he at least suspects a factual basis, as opposed to a legal theory, for its elements, even if he lacks knowledge thereof--when, simply put, he at least 'suspects . . . that someone has done something wrong' to him, 'wrong' being used, not in any technical sense, but rather in accordance with its 'lay understanding.'" *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 397 (1999). (citation omitted).

Plaintiff signed the notes in 2007. Reasonable people are presumed to read the documents they sign. *Constantian v. Mercedes-Benz Co.*, 5 Cal. 2d 631, 634 (1936). The first paragraph of each note warned plaintiff of a "PRINCIPAL BALANCE INCREASE." FAC, Ex. 2 at 1. He acknowledged that *he* selected the initial monthly payment, and his selection "m[ight] not be sufficient to pay the entire amount of interest accruing on the unpaid Principal balance." *Id.*, § 3(B). He acknowledged what would happen if his monthly payments were insufficient to pay the total amount of monthly interest due: "the amount of interest that is not paid each month, called 'Deferred Interest,' will be added to my Principal and will accrue interest at the same rate as the Principal." *Id.*, § 3(E). He agreed that deferred interest could cause the principal balance to rise to 125% of the amount he originally borrowed. *Id.*, § 3(F). Plaintiff had reason to suspect the bases of his claim in 2007, and therefore, his claim was barred in 2010.

### ii. The Class Action Settlement Bars Plaintiff's Claims Arising Out Of The Pick-A-Payment Provisions.

Plaintiff's claims challenging his PAP loans were resolved in the settlement of a class action ("Class Action"). *See In re Wachovia Corp. "Pick-A-Payment" Mortg. Mktg. & Sales Prac. Litig.*, 2011 U.S. Dist. LEXIS 55351, *6 (N.D. Cal. May 17, 2011) (final approval of settlement); RJN, Ex. L (Class Action Settlement Agreement). The "Alleged Claims" in the Class Action generally challenged the manner in which PAP loans were originated, including information regarding the

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   interest rate, repayment, and the effect of negative amortization.  RJN Ex. M

2   (Corrected Second Amended Class Action Complaint).

3         The Class Action Settlement classes comprised individuals who entered into

4   PAP loans "between August 1, 2003 and December 31, 2008." *In re Wachovia,*

5   *2011 U.S. Dist. LEXIS 55351 at \*6. U*nder the settlement, Wells Fargo paid $50

6   million and implemented a loan modification program.  *Id.* at \*7-8.  Plaintiffs

7   released the "Alleged Claims" and claims arising from: "the origination of the

8   Settlement Class Member's Pick-a-Payment mortgage loan, the manner in which

9   the Defendants applied the Settlement Class Member's payments to principal and

10  interest, negative amortization, the Pick-a-Payment mortgage loan's potential for

11  negative amortization, the disclosure of the Pick-a-Payment mortgage loan's

12  potential for negative amortization, and the disclosure of the manner in which

13  payments would be applied to principal and interest."  RJN, Ex. L at 31-32.

14        Borrowers with PAP loans as of December 16, 2010 were given notice of

15  the settlement and were required to "exclude themselves from the

16  Settlement . . .  [or] be bound by all determinations and judgments . . .  including

17  the release provided for under the Settlement Agreement."  RJN Ex. N (prelim.

18  approval order at 7:5-9, ¶ 11).  Mr. Asare-Antwi's name does not appear on the list

19  of class members who excluded themselves from the settlement.  RJN, Ex. O (class

20  counsel's declaration attaching affidavit of settlement administrator and Exclusion

21  List [Ex. C]).  The settlement became final following the dismissal of appeals in

22  September 2011. RJN, Exs. P, Q (judgment and dismissal).

23              **(a)   Plaintiff Is Bound By The Settlement's Release.**

24        A party who falls within a class action settlement and fails to opt out is

25  deemed to have participated in the settlement.  *Howard v. America Online, Inc.,*

26  *208 F.3d 741 (9th Cir. 2000).*  Thus, PAP borrowers who did not opt out of the

27  Class Action Settlement are bound by the release provision.  *See Shaterian v. Wells*

28  *Fargo Bk.,* 2011 U.S. Dist. LEXIS 62165 (N.D. Cal. June 10, 2011).  Here,

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

plaintiff was a settlement class member, and he did not opt out.  His present claims fall within the scope of the release in the Class Action Settlement.

**(b)   Res Judicata Bars Plaintiff's Claims.**

Res judicata bars subsequent litigation "whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Owens v. Kaiser Fdn. Health Plan, Inc*., 244 F.3d 708, 713 (9th Cir. 2001) (internal quotations omitted).  A "judgment in a properly entertained class action is binding on class members in any subsequent litigation." *Cooper v. Federal Res. Bk.,* 467 U.S. 867, 874 (1984); 18 Moore's Fed. Prac. § 131.40[3] [e][iii] (Matthew Bender 3d ed.) ("All class members will be bound, under both issue preclusion and claim preclusion, by a final judgment in a class action, including a judgment following settlement, assuming the action met the necessary procedural due process prerequisites.").

Plaintiff, a class member, did not opt out of the Class Action Settlement, and the Class Action was dismissed with prejudice.  RJN, Exs. N-Q.  His present claims are identical to the claims at issue in the Class Action, as they challenge the sufficiency of the disclosure of the deferred interest provisions.  *See* FAC, ¶¶ 1, 78, 92, 97(b), 101, 134(a), 143-144.  Res judicata bars plaintiff's present claims.

**C.   HOLA PREEMPTS THE ENTIRE FIRST CLAIM FOR RELIEF.**

**i.   Legal Standards For Preemption Under HOLA.**

World and Wachovia were federal savings banks ("FSBs") organized under HOLA, and the OTS was their primary regulator.  In *Silvas v. E*Trade Mortg. Corp.,* 514 F.3d 1001 (9th Cir. 2008), the Ninth Circuit addressed whether HOLA and OTS regulations preempt state laws governing the mortgage lending activities of FSBs. *See Williams v. Wells Fargo Bk., NA,* 2014 U.S. Dist. LEXIS 17215 *31 (C.D. Cal. Jan. 27, 2014) (Selna, J.).  Under HOLA, OTS has "broad authority to issue regulations governing thrifts." *Silvas*, 514 F.3d at 1005.  These regulations

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    have the same preemptive effect as federal statutes. *Id.* OTS regulations occupy

2    the entire field of lending regulation for federal savings associations. *Id.* (*citing* 12

3    C.F.R. § 560.2(a)).

4       "Subsection (b) of § 560.2 provides a list of 'illustrative examples of the

5    types of state laws that are preempted' by HOLA." 12 C.F.R. § 560.2(b).

6    *Williams,* 2014 U.S. Dist. LEXIS 17215 at *31. "In contrast, subsection (c) sets

7    forth a list of the types of state laws that are not preempted." "The *Silvas* court

8    approved of the following procedure in determining whether a state law is

9    preempted under § 560.2." *Id.*

10      "When analyzing the status of state laws under § 560.2, the first step will be

11    to determine whether the type of law in question is listed in paragraph (b). If so,

12    the analysis will end there; the law is preempted." *Silvas*, 514 F.3d at 1005 (*citing*

13    OTS, Final Rule, 61 Fed.Reg. 50951, 50966-67 (Sept. 30, 1996)). "If the law is

14    not covered by paragraph (b), the next question is whether the law affects lending."

15    *Id.* "If it does, then, in accordance with paragraph (a), the presumption arises that

16    the law is preempted." *Id.* "This presumption can be reversed only if the law can

17    clearly be shown to fit within the confines of paragraph (c)." *Id.* "For these

18    purposes, paragraph (c) is intended to be interpreted narrowly. Any doubt should

19    be resolved in favor of preemption." *Id.*

20      Subdivision (b) of § 560.2 preempts state laws that would impose

21    requirements on FSBs with respect to:

22  
23      "The terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due . . . ." (12 C.F.R. § 560.2(b)(4))

24  
25  
26      "Disclosure and advertising, including laws requiring specific statements, information, or other content to be included in . . . credit contracts, or other credit-related documents . . . ." (12 C.F.R. § 560.2(b)(9))

27  
28      "Processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages . . . ." (12 C.F.R. § 560.2(b)(10))

In deciding whether a claim falls under § 560.2(b), courts focus on the "functional effect upon lending operations of maintaining the cause of action," rather than the label a plaintiff attaches to the claim. *Naulty v. GreenPoint Mortg. Funding, Inc.*, 2009 U.S. Dist. LEXIS 79250, *12 (N.D. Cal. Sept. 3, 2009). The issue is not whether the claim for relief usually or always falls within § 560.2(b), but whether it does so *as applied* in the case at hand. *See Curcio v. Wachovia Mortg. Corp.*, 2009 U.S. Dist. LEXIS 96155, *15-16 (S.D. Cal. Oct. 14, 2009).

Although Wells Fargo is a national association, it is entitled to assert HOLA preemption to the same extent as its predecessor FSBs. *Simmonds v. Wells Fargo Bank, N.A.,* 2018 U.S. Dist. LEXIS 190933, *11-12 (C.D. Cal. Nov. 5, 2018) (Selna, J.). "[T]he majority of cases have concluded that HOLA preemption continues to apply to conduct related to loans originated by a federally-chartered savings association even after those banks are merged into national banking associations." *Vargas v. Wells Fargo Bank, N.A.*, 2015 U.S. Dist. LEXIS 113283, *5 (C.D. Cal. Aug. 17, 2015) (Selna, J.).

### ii.     HOLA Preempts The Claims Asserting Lack Of Standing To Foreclose.

Numerous courts have held that HOLA preempted claims challenging Wells Fargo's ownership of loans originated by World, as such claims fell within § 560.2(b)(10) and "deal with the '[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages.'" *Gualberto v. Wells Fargo Bank,* N.A., 2019 U.S. Dist. LEXIS 35244, *13-16 (N.D. Cal. Mar. 5, 2019) (citing cases). Thus, HOLA preempts plaintiff's claims alleging Wells Fargo was not the beneficiary of his deeds of trust and lacked authority to foreclose.

### iii.     HOLA Preempts The Claims Asserting The Loans Were Deceptive Or Predatory.

Plaintiff seeks to have the loans rewritten to avoid the deferred interest provisions. FAC, ¶ 97(b). Courts have found that similar claims are preempted by

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

HOLA, as such claims would impose requirements on the "terms of credit" offered by a FSB, and the "disclosures" that a FSB must give to borrowers.  *See Coppes v. Wachovia Mortg. Corp., 2010 U.S. Dist. LEXIS 115865, \*22 (E.D. Cal. Oct. 29, 2010)* (claim based on non-disclosure of interest rate fell within 12 C.F.R. § 560.2(b)(4), (9), and (10)); *Nava v. VirtualBank, 2008 U.S. Dist. LEXIS 72819, 14-15 (E.D. Cal. July 16, 2008)* (failure to disclose negative amortization).

**D.**     **Plaintiff Is Not Entitled To Injunctive Relief Because He Has Not Tendered The Indebtedness.**

Plaintiff seeks an injunction preventing foreclosure because the loans are "predatory" and because the "true party entitled to payments is unidentified." FAC, ¶ 94.  A "valid and viable tender offer of payment of the indebtedness" is required when a plaintiff seeks to avoid an impending foreclosure sale.  *Kahenjoo v. GMAC Home Servs., 2011 U.S. Dist. LEXIS 164057, at \*6-8 (C.D. Cal. May 23, 2011) (Selna, J.)* (*citing Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177, 1183 (2009)* (dismissing, for lack of a tender, "Plaintiff's complaint in its entirety to the extent a claim seeks to forestall foreclosure"); *Meetz v. Mohr, 141 Cal. 667, 673 (1904); Sipe v. McKenna, 88 Cal. App. 2d 1001, 1006 (1948).*

Here, plaintiff has not alleged a valid tender of the amounts owing on either of his loans.  The request for injunctive relief should be dismissed.

**4.**     **THE SECOND CLAIM (INTENTIONAL MISREPRESENTATION BY OMISSION OF FACTS) SHOULD BE DISMISSED.**

Plaintiff alleges Wells Fargo's predecessors failed to disclose "the term 'pick a pay' describing the pick a payment options with the legal and financial impact,'" he relied on the non-disclosure, and has been injured by "inflated principal balances that included 'deferred interest.'"  FAC, ¶¶ 101, 104.  As briefed above, this claim is time-barred (§ 3.B.i), is barred by the Class Action Settlement (§ 3.B.ii), and is preempted by HOLA (§ 3.C.iii).

Plaintiff also has not pled an essential element of a fraudulent concealment

claim: "the defendant must have been under a duty to disclose the fact to the plaintiff . . . ." *Kaldenbach v. Mutual of Omaha Life Ins. Co.*, 178 Cal. App. 4th 830, 850 (2009).  "[E]ven if material facts are known to one party and not the other, failure to disclose those facts is not actionable fraud unless there is some fiduciary or confidential relationship giving rise to a duty to disclose." *Kovich v. Paseo Del Mar Homeowners' Assn.*, 41 Cal. App. 4th 863, 866 (1996).  "[A]bsent special circumstances . . . a loan transaction is at arm's length and there is no fiduciary relationship between the borrower and lender." *Perlas v. GMAC Mortg., LLC*, 187 Cal. App. 4th 429, 436 (2010).  Plaintiff alleges nothing to suggest his relationship with World and Wachovia was something other than garden-variety lender-borrower relationships, and thus, no duty to disclose arose.  Even if a duty existed, the promissory notes disclosed in plain terms that the payment amount plaintiff selected might result in deferred interest, and it explained that deferred interest would be added to the principal balance and accrue interest.

**5.**    **THE THIRD, FOURTH, AND FIFTH CLAIMS (CANCELLATION OF INSTRUMENTS, VIOLATION OF § 2924, AND SLANDER OF TITLE) SHOULD BE DISMISSED.**

**A.**    **To The Extent The Claims Rely On Plaintiff's Allegation That Wells Fargo Acquired No Beneficial Interest In The Deeds Of Trust, The Claims Must Be Dismissed.**

Plaintiff alleges that the notices of default, notices of trustee's sales, and substitution of trustee are invalid or false because Wells Fargo was not the beneficiary of the deeds of trust.  As briefed above, these claims fail as a matter of law, as Wells Fargo acquired its predecessors' interests (§ 3.A), and the claims are preempted by HOLA (§ 3.C.ii).

**B.**    **Plaintiff Fails To State A Claim For Slander Of Title.**

Slander of title requires (1) a publication; (2) which is false; (3) which is without privilege or justification, and (4) which causes direct and immediate pecuniary loss.  *Pratap v. Wells Fargo Bank, N.A.*, 63 F. Supp. 3d 1101, 1108

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   (N.D. Cal. 2014).  Civil Code § 2924(d) provides that recording a notice of default,

2   notice of sale or trustee is a privileged act unless a plaintiff shows malice.  *Kachlon*

3   *v. Markowitz*, 168 Cal. App. 4th 316, 333-336 (2008).  "Malice" means actual

4   malice, that is, "'the publication was motivated by hatred or ill will towards the

5   plaintiff or by a showing that . . . [defendant] acted in reckless disregard of the

6   plaintiff's rights.' (Citation)." *Id.*

7          Plaintiff fails to plead elements (2), (3), and (4) and has pled no facts

8   establishing malice.  There was no false statement in the notice of default, notice of

9   sale, or substitutions because Wells Fargo acquired the beneficial interest in the

10  deeds of trust.  Plaintiff admits entering into the loans and does not dispute that he

11  ceased making the payments due.  Recording the foreclosure notices and

12  substitutions, under these circumstances, was authorized by the deeds of trust and

13  caused plaintiff no pecuniary loss.

14  **C.**   **Plaintiff Fails To State A Claim For Cancellation Of The Notice Of Sale**

15          **For Unit 2405.**

16          Plaintiff asserts the notice of trustee's sale for Unit 2405 (FAC, Ex. 6)

17  should be cancelled because it supposedly "fails to identify the unit."  Cancellation

18  of instruments are governed by Civil Code § 3412, which provides:

19          A written instrument, in respect to which there is a reasonable
        apprehension that if left outstanding it may cause serious injury to a
20      person against whom it is void or voidable, may, upon his application, be
        so adjudged, and ordered to be delivered up or canceled.
21

22  Plaintiff cannot establish that the notice is "void or voidable," or that, "if left

23  outstanding," the notice may cause "serious injury."

24          Civil Code § 2924f(b)(5) states:  "In addition to any other description of the

25  property, the notice shall describe the property by giving its street address, if any,

26  or other common designation, if any, and a county assessor's parcel number . . . ."

27  Here, the notice of sale provides the Assessor's Parcel No. (936-192-11).  FAC,

28  Ex. 6 at 1.  Page 1 describes the property address as 12668 Chapman Avenue,

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Garden Grove, California 92840-4021, and page 3 (sixth full paragraph), sets forth the unit number: "RESIDENTIAL UNIT NO. 2405 . . . ."  Moreover, the notice describes the defaulted deed of trust by date and instrument number, leaving no doubt that the notice concerns the property described in the deed of trust, namely "12668 CHAPMAN AVE # 2405, GARDEN GROVE, CA 92840-4021."  RJN, Ex. B, § III.1.  The requirements of § 2924f are therefore satisfied.

Plaintiff will undoubtedly cite to cases that generally state that "strict compliance" was required, and § 2924f required the unit number to be stated as part of the street address.  However, both California and federal courts have held that the absence of "strict compliance" does not invalidate a trustee's sale when the alleged defect caused no injury to the borrower.  *See Knapp v. Doherty*, 123 Cal. App. 4th 76, 93-94 (2004) ("does the need for 'strict compliance' with foreclosure notice requirements recited in various cases mean that a trustee's sale must be invalidated no matter how trivial the procedural defect? We answer this question in the negative;" declining to invalidate sale where failure to serve notice of sale in compliance with statute caused no injury to borrowers);  *Cross v. Downey Sav. & Loan Ass'n*, 2009 U.S. Dist. LEXIS 17946, at *18-20 (C.D. Cal. Feb. 23, 2009) (dismissing claim to rescind trustee's sale due to servicer's failure to comply with § 2924f's posting requirement because plaintiff received actual notice of the sale) (*citing Crummer v. Whitehead*, 230 Cal. App. 2d 264, 267-268 (1964).

Here, plaintiff cannot establish he was harmed by the manner in which the unit number was disclosed in the notice of sale.  The notice provided him with enough information to understand that Unit 2405 was going to be sold, and that he needed to protect his rights by reinstating the loan, attending the sale and bidding up the price, or seek a legal remedy.  His knowledge is apparent from the fact that plaintiff's counsel sent a "cease and desist" letter (FAC, Ex. 7) and obtained a TRO specifically to stop the sale of Unit 2405.  Plaintiff's *actual knowledge* that Unit 2405 was the subject of the notice eviscerates any suggestion that he suffered

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   injury from how the unit was identified in the notice, and thus, prevents him from

2   establishing Civil Code § 3412's requirement that he has a reasonable

3   apprehension of "serious injury," as required by Civil Code § 3412.

**6.   THE SIXTH CLAIM (BREACH OF CONTRACT) SHOULD BE
      DISMISSED.**

6       To state the obvious, a breach of contract claim requires the violation of

7   some "contractual duty." *See DeRoche v. Commodore Cruise Line, Ltd*., 31 Cal.

8   App. 4th 802, 810-811 (1994) (demurrer sustained where plaintiff did not allege

9   defendant promised to provide care for certain injuries; "[i]t follows that

10  [plaintiff's] complaint did not set forth facts supporting liability on the grounds of

11  breach of some contractual duty.").

12      Plaintiff asserts Wells Fargo breached the terms of his deeds of trust in five

13  ways.  First, Wells Fargo's predecessors did not disclose the "pick a pay" feature

14  of the loans.  FAC, ¶ 134(a).  Second, Wells Fargo did not give him notice that it

15  had purchased his loans.  *Id.*, ¶ 134(b).  Third, Wells Fargo refused to modify the

16  loans.  *Id.*, ¶ 134(c).  Fourth, Wells Fargo did not provide him with a "beneficiary

17  statement" required by Civil Code § 2943(b).  *Id.*, ¶ 134(d).  Fifth, Wells Fargo

18  "violated RESPA by failing to provide the accounting details and specifics" he

19  requested.  *Id.*, ¶ 134(e).

20      The first theory fails to plead a duty or breach because any non-disclosure of

21  the PAP terms occurred *before* plaintiff executed the notes and deeds of trust.  A

22  contract cannot be breached before the contract exists.  *Buschman v. Anesthesia*

23  *Bus. Consult. LLC*, 2014 U.S. Dist. LEXIS 121643, *27 (N.D. Cal. Aug. 29, 2014);

24  *Yijin Lu v. Hong Deng*, 2017 U.S. Dist. LEXIS 86837, *41 (C.D. Cal. June 5,

25  2017).  Further, this claim is barred by the Class Action Settlement (§ 3.B.ii), it is

26  preempted by HOLA (§ 3.C.iii), and is barred by the four-year statute of

27  limitations.  Civ. Code § 337.

28      The other theories are untethered to any contractual duty.  He conspicuously

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

avoids citing any term of the note or deed of trust.  Failure to identify a term of an agreement that gives rise to defendant's breach is grounds for dismissal.  *See Yau v. Deutsche Bank Nat'l Tr. Co. Ams.*, 2011 U.S. Dist. LEXIS 138584, at *30-31 (C.D. Cal. Nov. 8, 2011) (Selna, J.), *aff'd in part,* 525 F. App'x 606, 608 (9th Cir. 2013) (breach of contract claim was properly dismissed "where the mortgagors failed to identify a single term in the deeds that [the servicer] breached").

Plaintiff unsuccessfully tries to manufacture various duties from the "Governing Law" section of the deeds of trust, § 15.[2]  He appears to assert that § 15 transforms any violation of state or federal law into a breach of contract.  The problem for plaintiff is that § 15 merely describes the governing law, and it does not contain a promise by anyone to do or forbear from some act.  "The canon of construction which teaches that the function of a court in construing a written instrument is to ascertain -- neither to add nor to subtract, neither to delete nor to distort -- applies." *Livingston Rock & Gravel Co. v. De Salvo,* 136 Cal. App. 2d 156, 164 (1955).  To find a duty, the Court would have to add to or distort § 15, which is unambiguous.

Plaintiff has not pled causation or damages.  Wells Fargo acquired its predecessors' interests in the loans, and plaintiff does not explain how he was injured by the absence of a notice of this fact.  Likewise, he does not allege that missing accounting information would have changed his default status.

Finally, the claim is preempted.  HOLA does not create a blanket exemption for contract law claims.  Rather, breach of contract claims may be preempted when they "gloss or add a contract term and establish a breach or violation in the first place . . . ." *Haggarty v. Wells Fargo Bank, N.A.,* 2012 U.S. Dist. LEXIS 143405,

---

[2]      The note and deed of trust "shall be governed by and construed under federal law and federal rules and regulations, including those for federally chartered savings institutions ("Federal Law") and, to the extent Federal Law does not apply, by the law of the jurisdiction in which the Property is located. . . . ."

1   *11-12 (N.D. Cal. Oct. 3, 2012). Here, plaintiff is attempting to add contract terms

2   that do not appear within the four corners of the deeds of trust. The claims would

3   impose requirements on how a loan originated by a federal savings bank "defer[s]

4   and capitaliz[es] interest and adjustments to the interest rate, balance, [and]

5   payments due . . . ." (12 C.F.R. § 560.2(b)(4)), on loan-related "[d]isclosure[s]" (§

6   560.2(b)(9), and on the "servicing, sale or purchase of, or investment or

7   participation in, mortgages . . . ." (§ 560.2(b)(10)).

8   **7.   THE SEVENTH CLAIM (UCL) SHOULD BE DISMISSED.**

9       A claim under the UCL requires the pleading of some business practice that

10  is forbidden by law, with particular facts showing ongoing unlawful, unfair, and

11  fraudulent business acts. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th

12  1134, 1143 (2003). "Each prong of the UCL is a separate and distinct theory of

13  liability." *Birdsong v. Apple, Inc.*, 590 F.3d 955, 959 (9th Cir. 2009).

14      Plaintiff alleges five categories of "unfair" practices. First, Wells Fargo's

15  predecessors unfairly marketed a PAP loan to him without disclosing critical terms

16  (*i.e.*, deferred interest). FAC, ¶¶ 140-144. Second, Wells Fargo concealed it was a

17  new "creditor" that purchased the loans. *Id.*, ¶ 145. Third, Wells Fargo failed to

18  modify his loan in violation of a settlement agreement with the California Attorney

19  General. *Id.*, ¶¶ 146-148. Fourth, the foreclosure notices and substitutions falsely

20  stated that Wells Fargo was the beneficiary of the deeds of trust. *Id.*, ¶¶ 149-151.

21  Fifth, Wells Fargo failed to respond to RESPA requests and failed to provide a

22  beneficiary statement. *Id.*, ¶ 152.

23  **A.   Plaintiff Has Not Stated A UCL Claim Based On Failure To Disclose**
        **The Terms Of The PAP Loans.**

25      A UCL claim challenging the terms of the PAP loans is barred by the Class

26  Action Settlement (§ 3.B.ii), it is preempted by HOLA (§ 3.C.iii), and is barred by

27  the four-year statute of limitations. Bus. & Prof. Code § 17208.

28      The alleged failure to disclose loan terms also does not meet the definition of

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

"unfair" conduct within the meaning of the UCL.  Conduct is "unfair" when it "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech Comms, Inc. v. Los Angeles Cell. Tel. Co*., 20 Cal.4th 163, 187 (1999). Thus, any "unfair" practice must be "tethered to an[] underlying constitutional, statutory or regulatory provision" or must "threaten[] an incipient violation of an antitrust law, or violates the policy or spirit of an antitrust law." *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1366 (2010) (sustaining demurrer to claim alleging that  conduct "violates public policy, and is 'immoral, unethical, oppressive, and unscrupulous;'" this allegation was "a vague test of unfairness this court rejects.").  Here, plaintiff has not tethered the alleged non-disclosure of terms to any law, and thus, has not pled an "unfair" practice.

## B.   Plaintiff Has Not Stated A Claim Based On Alleged Concealment Of The "Creditor" That Owned The Loans.

HOLA preempts this claim because it would impose requirements on the "disclosures" a FSB must make, how such loans must be "servic[ed]," and the purchase and sale of such loans. 12 C.F.R. § 560.2(b)(9), (10).

Plaintiff also fails to plead an injury in fact that resulted from the failure to furnish a "beneficiary statement."  "[T]o state a claim under the UCL, a plaintiff must establish standing by demonstrating 'injury in fact' and the loss of 'money or property as a result of the unfair competition." Bus. & Prof. Code § 17204; *Californians for Disability Rights v. Mervyn's, LLC,* 39 Cal. 4th 223, 227 (2006). The standing requirement includes a causation element, as the plaintiff must "show that that economic injury was the result of, i.e., caused by, the unfair business practice . . . that is the gravamen of the claim." *Kwikset Corp. v. Superior Cour*t, 51 Cal. 4th 310, 322 (2011); *Tamburri v. Suntrust Mortg., Inc*., 2013 U.S. Dist. LEXIS 121220, *27 (N.D. Cal. Aug. 26, 2013) ("Plaintiff cannot assert that her

alleged economic injury was 'caused by' Defendants' acts, because the asserted wrongful actions occurred after Plaintiff's default on her loan"); *DeLeon v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 8296 *19-22 (N.D. Cal. 2011) ("Without some factual basis suggesting that Plaintiffs could have cured the default in the fall of 2009, the Court cannot reasonably infer that Wells Fargo's alleged misrepresentations resulted in the loss of Plaintiffs' home.").

Here, plaintiff faces loss of the security properties and damage to his credit because he ceased making payments in early 2018, not because Wells Fargo failed to identify itself as a creditor. He has not alleged any pre-default wrongdoing, and thus, has not pled an injury-in-fact that resulted from an "unfair" practice.

## C. **Plaintiff Cannot Rely On The Attorney General Settlement.**

Plaintiff asserts that Wells Fargo was obligated to restructure his loan pursuant to an Assurance Agreement with the California Attorney General. FAC, ¶ 147; *see* RJN, Ex. R (Assurance Agreement). First, that agreement conferred no rights on any person as a third party beneficiary, and "is not intended to create a private right of action" for anyone except the Attorney General and Wells Fargo. *Id.,* § XII.G, § IV.B (only Attorney General may enforce remedies). Furthermore, the agreement had a Termination Date of June 30, 2013. *Id.* at 8, § 3. If plaintiff ever had any rights, they expired six years ago.

## D. **Plaintiff Has Not Stated A Claim Based On A False Representation That Wells Fargo Is The Beneficiary Under The Deeds Of Trust.**

As briefed in § 3.A, Wells Fargo is the beneficiary of the deeds of trust. The notices and substitutions of trustee correctly reflected this fact. This claim is also preempted by HOLA. § 3.C.ii, *supra.*

## E. **Plaintiff Has Not Stated A Claim Based On RESPA.**

Plaintiff alleges that Wells Fargo engaged in an "unfair" practice by failing to properly respond to a Qualified Written Request ("QWR") under RESPA. Under 12 U.S.C. § 2605(e)(2), a servicer may be liable for failing to timely

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  respond to a valid QWR.  *Tamburri v. Suntrust Mortg., Inc.*, 2011 U.S. Dist.

2  LEXIS 144442, *10 (N.D. Cal. Dec. 15, 2011).  A valid QWR may seek

3  information "relating to the servicing of a loan," which RESPA defines as

4  "receiving any scheduled periodic payments from a borrower pursuant to the terms

5  of any loan." 12 U.S.C. § 2605(i)(3).  If the complaint establishes a valid QWR, a

6  violation of § 2605(e)(2) occurs only if a loan servicer fails to "either provide the

7  information to the borrower or explain why such information is unavailable." 12

8  U.S.C. § 2605(e)(2); *Lindsey v. Meridias Capital, Inc.,* 2012 U.S. Dist. LEXIS

9  18212, at *17-18 (D. Haw. Feb. 13, 2012).

10       If those elements are satisfied, the plaintiff must allege *actual pecuniary*

11  damages *caused by* the RESPA violation.  *Tamburri, 2011 U.S. Dist. LEXIS*

12  144442, at *20-21; *Heflebower v. JPMorgan Chase Bank, NA*, 2013 U.S. Dist.

13  LEXIS 141278, *39 (E.D. Cal. Sept. 27, 2013) (requirement of pecuniary loss).

14  He must plead facts to establish a "causal relationship between the alleged

15  damages and the RESPA violation." *Torres v. Wells Fargo Home Mortg., Inc.*,

16  2011 U.S. Dist. LEXIS 319, *8 (N.D. Cal. Jan. 4, 2011).  Under this standard, "[a]

17  plaintiff is only entitled to recover for the loss that relates to the RESPA violation,

18  not for all losses related to foreclosure activity." *Deal v. Countrywide Home*

19  *Loans, Inc*., 2013 U.S. Dist. LEXIS 87090, at *9 (N.D. Cal. June 20, 2013).

20       Plaintiff alleges he sent a QWR (FAC, Ex. 1) to Wells Fargo.  FAC, ¶ 31.

21  He received a response, (FAC, Exs. 3. 5), but he complains that Wells Fargo did

22  not provide evidence of an assignment of the notes (*id.*, ¶ 35), did not provide

23  proof that the loan was purchased (*id.*, ¶ 37), and did not provide details of charges,

24  fees, payments, and arrears (*id.*, ¶¶ 38-41).  Even if the Court were to assume that

25  the alleged QWR was valid, and that Wells Fargo did not provide the requested

26  information requested, plaintiff still has not alleged any pecuniary loss that

27  *resulted from* the RESPA violation.

28       Wells Fargo became the owner of both loans (through a name change and

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   merger, not an assignment), and plaintiff does not explain how lack of notice of
2   that event resulted in a pecuniary loss.

3        Likewise, he fails to explain how missing details of charges, fees, payments,
4   and arrears resulted in any pecuniary loss.  As shown in Wells Fargo's response to
5   the purported QWR, plaintiff had not made a payment on the 5871 Loan since
6   before April 1, 2018, nor on the 4849 Loan since before March 15, 2018.  FAC,
7   Ex. 3 ("Due Date" for 5871 Loan "04/01/2018"), Ex. 5 ("Due Date" for 4849 Loan
8   "03/15/2018").  Plaintiff does not contend he made payments after those dates.
9   Thus, it was not missing account information that caused plaintiff to risk losing his
10  properties and damage to his credit—it was his own chronic refusal to pay.

11       Plaintiff complains that he was not furnished with information concerning
12  "other charges" and fees, but he does not explain how the absence of such
13  information resulted in a pecuniary loss.  He complains about $3,631.49 and fees
14  of $93 and $98 assessed to the 5871 Loan.  FAC, ¶¶ 38, 39.  However, by the time
15  Wells Fargo responded to the purported QWR, the past due principal and interest
16  alone exceeded ***$36,000***.  *See* FAC, Ex. 3 (11 missed payments x $3,336.89).  Even
17  if those charges had been improper, reversing the charges would not have been
18  sufficient to bring the loan out of default.  Likewise, he complains about $3,687.98
19  in "other charges" and attorneys' fees of "$1,644.25" assessed to the 4849 Loan.
20  FAC, ¶¶ 66, 67.  But the past due principal and interest alone on that loan exceeded
21  ***$37,000***.  FAC, Ex. 5 (12 missed payments x $3,086.89).  If those charges had
22  been reversed, the loan still would have been in default.  Because plaintiff has not
23  pled a claim for violation of RESPA, he has not stated a claim under the UCL.

24  **8.    THE EIGHTH CLAIM (HBOR) SHOULD BE DISMISSED.**

25       Plaintiff alleges several violations of HBOR.  First, Wells Fargo violated a
26  duty to "ensure that Plaintiff had been contacted to explore alternatives to
27  foreclosure prior to recording the [notice of default]."  FAC, ¶¶ 170-171.  Second,
28  Wells Fargo violated a duty under "Civil Code § 2924.55(B)" to notify him of his

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  right to receive a copy of the note, assignments, and accounting.  FAC, ¶ 172.

2  Third, Wells Fargo reviewed his request for a modification, but after issuing its

3  denial decision, refused to furnish additional information about its decision.  FAC,

4  ¶ 174.  Fourth, Wells Fargo postponed, rather than cancelled, a scheduled trustee's

5  sale while his modification was under review.

6  **A.   HOLA Preempts The Claim For Violation Of HBOR.**

7       This Court has found that HOLA, 12 C.F.R. § 560.12(b)(10), preempted

8  HBOR claims.  *Bhones v. Wells Fargo Bank, N.A.,* 2017 U.S. Dist. LEXIS 152607,

9  *at \*4 (C.D. Cal. Sep. 13, 2017) (Selna, J.)* (claims under "California's Homeowner

10  Bill of Rights, Cal. Civ Code §§ 2923.55, 2923.6, and 2923.7, 2924.10 are

11  preempted because these sections seek to regulate the lender's loan servicing and

12  modification activities. 12 C.F.R. § 560.2(b)(10).").

13  **B.   Wells Fargo Corrected And Remedied Any Failure Communicate With**

14  **Plaintiff Regarding Foreclosure Prevention Alternatives.**

15       Under Civil Code § 2923.55, a loan servicer must, before recording a notice

16  of default, communicate with the borrower to assess his financial situation, explore

17  options for avoiding foreclosure, and provide additional information, or it must

18  satisfy certain due diligence requirements.  *Villafana v. Wells Fargo Bank, N.A.,*

19  *2017 U.S. Dist. LEXIS 222545, \*8 (C.D. Cal. Mar. 17, 2017).*  However, "[c]ourts

20  routinely dismiss claims under Section 2923.55(f) where a borrower concedes that

21  he discussed foreclosure alternatives with the lender or fails to provide non-

22  conclusory allegations that contradict the declaration of due diligence compliance."

23  *Id.* (citing cases).  And, Civil Code § 2924.12(a)(2) authorizes injunctive relief

24  only until the servicer "has corrected and remedied the violation or violations

25  giving rise to the action for injunctive relief."  *Id.* at \*12-13 (dismissing § 2923.55

26  claim where "the pleadings support Defendant's claim that it has remedied or

27  corrected its alleged violation by virtue of taking Plaintiff's loan modification

28  application under review.").

1        Here, plaintiff admits he received a full review for a loan modification.

2   FAC, ¶¶ 43-46, 174.  If Wells Fargo prematurely filed the notice of default without

3   discussing foreclosure alternatives with plaintiff, it "remedied or corrected" that

4   violation when it conducted a loan modification review.

5   **C.**    **Plaintiff Has Not Alleged A Claim Based On The Sufficiency Of Wells**

6         **Fargo's Denial Decision.**

7        The statutory cited by plaintiff, Civil Code § 2924.55(B) does not exist.  If

8   plaintiff is relying on Civil Code § 2923.6(f), he has still failed to state a claim.

9   Subdivision (f) lists the information that a servicer must include in a written notice

10  of denial of a loan modification.  The notice must include "the reasons for denial,"

11  information on how the borrower can appeal, and other foreclosure prevention

12  alternatives for which the borrower may be eligible.  Subdivision (f) also requires

13  the servicer to provide certain information if the denial was based on investor

14  disallowance, negative net present value, or default on a prior modification.

15       Plaintiff alleges that, after receiving the denial letter, he complained that

16  incorrect income information was used in the review, but Wells Fargo provided no

17  further response.  FAC, ¶ 174.  However, § 2923.6(f)  does not require a further

18  response.  Thus, he has not pled a violation of Civil Code § 2923.6(f).

19  **D.**    **Wells Fargo Did Not Violate HBOR By Postponing, Rather Than**

20        **Cancelling The Scheduled Sale.**

21       Dual tracking under Civil Code § 2923.6(c) occurs if, while a "complete

22  loan modification application" is under review, the servicer records a notice of

23  default or notice of sale, or if it "conduct a trustee's sale . . . ."  Plaintiff does not

24  allege Wells Fargo did any of these things.  Rather, he complains that Wells Fargo

25  postponed a trustee's sale, rather than "suspend[ing]" it.  FAC, ¶ 174.  The statute,

26  however, merely prohibits a sale from being conducted.  It says nothing about

27  postponement versus suspension or cancellation.  Wells Fargo did not conduct a

28  sale, and thus, did not violate § 2923.6(c).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

**E.      The Purported Violations Were Not "Material."**

2

Civil Code § 2924.12 (a)(1) allows a pre-sale injunction to "enjoin a

3

**material violation** of" HBOR.  "[A] violation is 'material' if it is plausible that the

4

violation caused the plaintiff to suffer harm."  *Galvez v. Wells Fargo Bank, N.A.,*

5

*2018 U.S. Dist. LEXIS 172087, *12 (N.D. Cal. Oct. 4, 2018)* (*citing* *Cardenas v.*

6

*Caliber Home Loans, Inc., 281 F. Supp. 3d 862, 869-71 (N.D. Cal. 2017)*

7

("material violation" affects loan obligations or the modification process).  Here,

8

plaintiff admits he received a full modification review, and he does not assert that

9

any HBOR violation changed that outcome or made it impossible for him to bring

10

his loan current.  Thus, plaintiff has not alleged material violations.

11

**9.      THE NINTH CLAIM (BREACH OF IMPLIED COVENANT)**

12

**SHOULD BE DISMISSED.**

13

Plaintiff's ninth claim repackages his prior allegations.  He alleges that

14

Wells Fargo breached the covenant of good faith and fair dealing by omitting

15

material terms of the note (FAC, ¶ 180), increasing the principal balance and

16

failing to provide an accounting (¶ 181), adding unauthorized charges (¶ 182),

17

concealing the "new creditor" (¶ 183), refusing to consider a loan modification in

18

good faith (¶ 184), claiming to cancel a trustee's sale when it was actually

19

postponed (¶ 185), and refusing to comply with RESPA (¶ 186).

20

The elements of a claim for  breach of the implied covenant are:  "'(1) the

21

parties entered into a contract; (2) the plaintiff fulfilled his obligations under the

22

contract; (3) any conditions precedent to the defendant's performance occurred; (4)

23

the defendant unfairly interfered with the plaintiff's rights to receive the benefits of

24

the contract; and (5) the plaintiff was harmed by the defendant's conduct."

25

*Cantwell v. Wells Fargo Bank, N.A., 2014 U.S. Dist. LEXIS 194247, *5 (C.D. Cal.*

26

*Dec. 15, 2014) (Selna, J.)* (citation omitted).  Critically, the implied covenant "rests

27

upon the existence of some specific contractual obligation." *Id.*  It "cannot impose

28

substantive duties or limits on the contracting parties beyond those incorporated in

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

the specific terms of their agreement." *Durell*, 183 Cal. App. 4th at 1369-1370.

In *Cantwell*, this Court dismissed a claim alleging that Wells Fargo breached the implied covenant by (1) denying a loan modification; (2) violating HBOR; (3) failing to properly credit payments; and (4) failing to give notice of interest rate changes. "The first two bases lack a relation to a specific contractual provision; thus, they may not form the basis of a bad faith claim." *Id.* at *6. The third basis was deficiently pleaded because plaintiff failed to allege when he made the payments. The fourth basis was deficient because plaintiff failed to plead "allegations regarding damages incurred as a result of his lack of knowledge." *Id.* at *7; *see Yau v. Deutsche Bank Nat'l Tr. Co. Ams.*, 525 F. App'x 606, 608 (9th Cir. 2013) ("[t]he mortgagors point to nothing in the deeds of trust . . . that would foist on [the servicer] any duties whatsoever related to a loan modification, and "[a]ttaching such duties to the deeds would augment or contradict their express terms—an outcome forbidden by California law.").

Plaintiff's first theory (omission of material terms) is a non-starter because an implied covenant claim cannot be premised on wrongs occurring **before a contract came into existence.** *Land O' Lakes v. Gonsalves*, 2012 U.S. Dist. LEXIS 32853, *24-25 (E.D. Cal. Mar. 9, 2012). This theory is also time-barred, preempted by HOLA, and barred by the Class Action Settlement. The remaining bases are deficient because plaintiff has not pointed to specific terms of the note and deed of trust that were frustrated, nor alleged how he has been damaged.

Dated:  June 13, 2019             ANGLIN, FLEWELLING, RASMUSSEN,
                                   CAMPBELL & TRYTTEN LLP


                          By: _____*/s/ Leigh O. Curran*_____
                                   Attorneys for Defendant WELLS FARGO
                                   BANK, N.A., successor by merger with Wells
                                   Fargo Bank Southwest, N.A., f/k/a Wachovia
                                   Mortgage, FSB, f/k/a World Savings Bank, FSB)
                                   (erroneously sued as Wells Fargo, N.A.)

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Ronald H. Freshman, Esq. (SBN 225136)
**LAW OFFICES OF RONALD H. FRESHMAN**
222 West 6th Street, Suite 400
San Pedro, CA 90731
Telephone: (858) 756-8288
Facsimile: (858) 964-1728

Attorney for Plaintiff Kwadwo Hwenso Asare-Antwi

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF ORANGE**

| | |
|---|---|
| KWADWO HWENSO ASARE-ANTWI, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO, N.A.; QUALITY LOAN SERVICE CORPORATION; CLEAR RECON CORP; DOES 1 through 5 inclusive herein, <br><br> Defendants. | **Case No.:** 30-2019-01064444-CU-OR-CJC <br> **Assigned:** Hon. Judge Robert Moss <br><br> **VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES** <br><br> 1) Declaratory Judgment <br> 2) Intentional Misrepresentation <br> 3) Cancellation of Instruments <br> 4) Violation of Civil Code § 2924 <br> 5) Slander of Title <br> 6) Breach of Contract/Estoppel <br> 7) Violation of Bus. & Prof. Code § 17200 et. seq. <br> 8) Violation of Homeowner Bill of Rights <br> 9) Breach of Covenant of Good Faith and Fair Dealing |

Plaintiff, KWADWO HWENSO ASARE-ANTWI (hereinafter "Plaintiff"), hereby complains, alleges, and affirms in his Verified First Amended Complaint for Damages the following:

## I. STATEMENT OF CASE

1. This is a pre foreclosure matter in which the party threatening foreclosure is the servicer, Wells Fargo, N.A. ("Wells Fargo"), who has practiced unfair and deceptive business practices in first, collecting on a negative amortization loans that omitted material terms as to the

-1-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

**Law Offices of Ronald H. Freshman**
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

true nature of the loans, falsely alleging it is the beneficiary when in fact it is not, and by breaching the deed of trust by failing to comply with federal and state laws.

2.  Plaintiff currently holds three different loans in which Wells Fargo is the servicer. Two of the properties are investment, income producing properties, one is located in Orange County and one in Riverside; the 3rd is Plaintiff's United States primary residence in Orange County, in the State of California.  This complaint is specific to the two Orange County properties (1 primary and 1 investment).

3.  The two loans, herein referenced as # 2305 with a loan identification ("id") ending in 5871, and #2405 with a loan id ending in 4849, were originated by World Savings, FSB, and Wachovia Mortgage, FSB, respectively.

4.  Among the issues are improper fees and charges, negative amortization of what was sold to Plaintiff as a "fixed rate" mortgage but is in fact a loan in which the borrower defers interest, increasing the principal balance up to 125% of the original principal balance, and improper application of the principal and interest payments.

5.  Wells Fargo filed a notice of default without exploring alternatives to foreclosure and included a declaration to each of the Notices of Default, falsely alleging it had attempted to explore alternatives with Plaintiff prior to filing the Notice of Default but was unsuccessful in reaching Plaintiff. Further, the NOD's allege Wells Fargo is the beneficiary, which Plaintiff disputes. Plaintiff seeks a rescission of each Notice of Default.

6.  Wells Fargo has used incorrect income amounts in evaluating Plaintiff for a modification; Plaintiff sent a letter stating he wanted to appeal the denial of the modification, pointing out the incorrect income amounts and requesting an explanation. In response, Wells Fargo denied the appeal stating it did not have to revise the incorrect income or explain its errors.

7.  Plaintiff herein seeks injunctive relief from Wells Fargo, Clear Recon and Quality Loan Services from continuing with the foreclosures until such time this Court can consider and evaluate the deceptive manner in which Wells Fargo has managed the loans.

8.  Plaintiff is prepared to pay adequate protection payments to protect his interest pending the outcome of this litigation.

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

9.    Of note the original complaint was filed with a second complaint in Riverside, as to the property in Riverside. There was an internal miscommunication as to the primary residence which was misidentified as the Riverside when in fact, it is Unit # 2305 in Orange County. Therefore, this complaint has been revised to properly identify the correct primary residence of Plaintiff.

## II. JURISDICTION

10.    This court has subject matter jurisdiction over all matters alleged herein.

11.    This action is properly filed as an unlimited civil action seeking damages in excess of $25,000.

12.    The court has jurisdiction over Plaintiffs and all named Defendants as corporations doing business in the State of California or have potential interest in a real property located in the City Murrieta, County of Orange in the State of California.

## III. VENUE

13.    Venue in the Superior Court of Orange County is proper because the subject real properties and all actions material to this complaint occurred and are occurring in Orange County.

## IV. SUBJECT PROPERTY

14.    The first Subject property is commonly known as 12668 CHAPMAN AVE UNIT 2305, GARDEN GROVE, CA 92840-4021. (Hereinafter "2305" or "Primary Residence.")

15.    The second Subject Property is commonly known as 12668 CHAPMAN AVE UNIT 2405, GARDEN GROVE, CA 92840-4021 (Hereinafter "2405")

## V. PARTIES

16.    Plaintiff KWADWO HWENSO ASARE-ANTWI ("Plaintiff"), is an individual who resides in England, with his United States primary residence in Orange County, identified as Unite 2305, who at all times relevant herein is the true and rightful owner of the real properties at issue in this litigation.  These are Plaintiff's primary US residence and an investment property which produces rental income and both are part of Plaintiff's retirement assets.

17.    Wells Fargo, N.A. is a national bank which Plaintiff is informed and believes is headquartered in San Francisco, California.

-3-
**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

**Law Offices of Ronald H. Freshman**
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

18.     Quality Loan Services is a California Corporation.

19.     Clear Recon is a California Corporation.

20.     Plaintiff does not know the true names and capacities of the defendants sued herein as DOES 1 through 5 ("DOE Defendants"), inclusive, and therefore sues said DOE Defendants by fictitious names. Upon information and belief Plaintiff avers that each of the DOE Defendants is contractually, strictly, negligently, intentionally, vicariously liable or otherwise legally responsible in some manner for the acts and omissions described herein. Plaintiff will amend this complaint to set forth the true names and capacities of each DOE Defendant when same are ascertained.

21.     Plaintiff is informed and believes that Defendants and DOE Defendants 1 through 5, inclusive, and each of them, are and at all material times have been, the agents, servants or employees of each other, purporting to act within the scope of said agency, service or employment in performing the acts and omitting to act as averred herein.   Defendants and Doe Defendants inclusive, are hereinafter collectively referred to as the "Defendants."

## STATEMENT OF FACTS and GENERAL ALLEGATIONS

**A.     LOAN for # 2305 identified as Loan Ending in 5871**

22.     The #2305 loan is titled "Fixed Rate Mortgage Note– Pick-A-Payment Loan." The original principal balance, on November 20, 2007 was $310,000 with an interest rate of 8.250%.

23.     The original lender identified on the Note and Deed of Trust ("DOT") is World Savings, FSB; the trustee is identified as Golden West Savings Association Service Co., a California Corporation ("Golden West".)

24.     The initial monthly payment was $1,357.40 and called for a payment change starting on the 1st day of January 2009.

25.     The payment change includes payment of the interest due, a portion of the unpaid principal, and any "deferred interest" which would be added to the principal balance of the loan for "underpayments" made when the Plaintiff selected the minimum payment.

-4-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

26. The Note allows for any "unpaid interest" to be added to the principal balance and will accrue interest at the same rate as the principal.

27. The Note omits any terms describing any "pick a pay" option(s) or the legal and financial effect of such pick a pay options.

28. The DOT states the payments will be applied first to any "prepayment charges", second, to advances made by the servicer; third, amounts due under paragraph # 2 (escrow); fourth, interest due; fifth to deferred interest, and sixth, to principal due.

29. The DOT omits any terms describing any "pick a pay" option(s) or the legal and financial effect of such pick a pay options.

30. At no time has Plaintiff been notified by any entity that his loan was purchased and that entity was and is his new creditor.

31. On February 22, 2019 Plaintiff sent Wells Fargo a Qualified Written Request, and specifically requested that Wells Fargo provide a copy of the Note with any modifications made thereon, pursuant to Civil Code § 2943(b)(1). (A true and correct copy of the QWR is attached herein as Exhibit 1)

32. In response, Wells Fargo sent a copy of the Note. (A true and correct copy of the Note is attached herein as Exhibit 2)

33. This Note specifically identifies payment to World Savings, FSB and there are no indorsements or allonges to the Note.

34. Wells Fargo's "Loan Information" states that Wells Fargo acquired the loan on October 1, 2015. (A true and correct copy of the Loan Information is attached herein as Exhibit 3)

35. Wells Fargo stated it is the "assignee" of the Note, but provided no evidence of this assignment.

36. Plaintiff specifically requested the Beneficiary Statement, under § 2942(b)(1), which Wells Fargo was and remains, non-responsive.

///

///

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

-5-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

**Law Offices of Ronald H. Freshman**
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

37.     Plaintiff specifically requested that Wells Fargo provide evidence of notification to Plaintiff that his loan had been purchased with the identity of the new creditor, as required under 15 U.S.C. § 1641(g).   No evidence of this notice was provided.

38.     Plaintiff specifically sought details of "other charges" with the date of its assessment and basis of the assessment. Nothing was provided. Plaintiff has been charged $3,631.49 in "other charges" on the loan.

39.     Plaintiff specifically sought evidence, and the basis of, attorney fees being assessed against the loan in the amount of $1,991.23 (this amount is subject to change.)  These fees include "recording fees" of $93.00 and $98.00 respectively. Wells Fargo was non responsive.

40.     Plaintiff specifically sought an accounting of each payment that had been added to the principal balance, which has risen from $308,000 to $321,927.64.   Wells Fargo was non-responsive. It provided an accounting of fees and charges for the time period of January 2014 to current date as requested, but ignored the request specific to the increase in the principal balance.

41.     Plaintiff specifically requested a breakdown of the arrears as alleged in the Notice of Default. Wells Fargo was non responsive.

42.     On August 14, 2018 Wells Fargo had its agent, Clear Recon, record a Notice of Default. This Notice of Default states it is being signed on behalf of the trustee, Clear Recon, but the trustee identified in the deed of trust is Golden West.

43.     Plaintiff disputes this declaration in that Wells Fargo made no such attempts by telephone or letter, Wells Fargo recorded the Notice of Default with a declaration that contains deceptive statements and Wells Fargo failed to comply with the California Homeowner Bill of Rights ("HBOR") as detailed below

44.     Plaintiff did reach out to Wells Fargo to apply for a modification. Plaintiff's monthly income is $27,000.00 per month to which he has four mortgages- 3 that Wells Fargo services, and one that is serviced by a different servicer.

45.     Inexplicably, in evaluating and denying the modification of the predatory loan, Wells Fargo used an incorrect income amount of $17,142.00.

///

-6-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

**Law Offices of Ronald H. Freshman**
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

46.     Plaintiff appealed, stating that Wells Fargo had misstated his monthly income, requesting that Wells Fargo explain the discrepancy and consider the correct amount. Wells Fargo refused to explain why it was only considering $17,000 of the $27,000 income claimed and in so doing, has unfairly denied Plaintiff's modification of the loan based on incorrect NPVs.

47.     During this time, while his modification was completed and being reviewed, Wells Fargo representatives assured Plaintiff any trustee sale was being cancelled or suspended, but in fact, they were postponed and continued to the following month. Plaintiff alleges the terms "cancelled" and "suspended" indicate no further acts towards selling the property would occur but in fact, the postponement of the sales indicates the trustee was moving forward with selling the property on the new date and that Wells Fargo was in fact dual tracking Plaintiff while continuing with a trustee sale while his modification application was under review.

48.     Plaintiff alleges a substitution of trustee was recorded, but this substitution improperly and falsely alleges Wells Fargo is the party with authority to substitute the trustee.

49.     Wells Fargo had noticed the property for sale for April 23, 2019.   There is a temporary restraining order in place and the sale is being postponed until July 2019.

50.     Plaintiff disputes that Wells Fargo is the valid, legal creditor and absence any indorsement on the Note, herein identifies Doe 1 as the actual creditor which has, in violation of state, federal and ¶ 15 of the deed of trust, concealed itself.

**B.      LOAN for # 2405 identified as Loan Ending in 4849**

51.     The #2405 loan is titled "Fixed Rate Mortgage Note– Pick-A-Payment Loan." The original principal balance, on December 21, 2007 was $282,750 with an interest rate of 8.2550%.

52.     The original lender identified on the Note and Deed of Trust ("DOT") is Wachovia Mortgage, FSB.

53.     The initial monthly payment was $1,285.51 and called for a payment change starting the 15th day of February 2009.

///

///

-7-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

54.     The payment change would include payment of the interest due, a portion of the unpaid principal, and any "deferred interest" which would be added to the principal balance of the loan.

55.     The Note allows for any "unpaid interest" to be added to the principal balance and will accrue interest at the same rate as the principal.

56.     The Note omits any terms describing any "pick a pay" option(s) or the legal effect of such pick a pay options.

57.     The DOT states the payments will be applied first to any "prepayment charges", second, to advances made by the servicer; third, amounts due under paragraph # 2 (escrow); fourth, interest due; fifth to deferred interest, and sixth, to principal due.

58.     The DOT omits any terms describing any "pick a pay" option(s) or the legal effect of such pick a pay options.

59.     At no time has Plaintiff been notified by any entity that his loan was purchased and that entity was and is his new creditor.

60.     On February 22, 2019 Plaintiff sent Wells Fargo a Qualified Written Request, and specifically requested that Wells Fargo provide a copy of the Note with any modifications made thereon, and pursuant to Civil Code § § 2943(b)(1).  (Exhibit 1)

61.     In response, Wells Fargo sent a copy of the Note. (A true and correct copy of the Note is attached herein as Exhibit 4)

62.     This Note specifically identifies payment to Wachovia Mortgage, FSB and there are no indorsements or allonges to the Note.

63.     Wells Fargo's "Loan Information" for the loan ending in 4849, states that Wells Fargo acquired the loan on October 1, 2015. (A true and correct copy of the Loan Information is attached herein as Exhibit 5)

64.     Wells Fargo stated it is the "assignee" of the Note, and provided a letter to the OCC stating it (Wells Fargo) was applying for an application to convert Wachovia Mortgage, FSB, North Las Vegas, Nevada with and into Wells Fargo Bank, National Association.  This letter is dated November 1, 2009.

-8-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

65.     Plaintiff specifically requested that Wells Fargo provide evidence of notification to Plaintiff that his loan had been purchased with the identity of the new creditor, as required under 15 U.S.C. § 1641(g).   No evidence of this notice was provided, as required under federal law.

66.     Plaintiff specifically sought details of "other charges" with the date of its assessment and basis of the assessment. Nothing was provided. Plaintiff has been charged $3,687.98 in "other charges" on the loan.

67.     Plaintiff specifically sought evidence, and the basis of, attorney fees being assessed against the loan in the amount of $1,644.25.  Wells Fargo was non responsive.

68.     Plaintiff specifically sought an accounting of each payment that had been added to the principal balance, which has risen from $282,750.00 to $302,413.19 as of January 1, 2019. Wells Fargo was non responsive.

69.     Plaintiff specifically requested a breakdown of the arrears as alleged in the Notice of Default. Wells Fargo was non responsive.

70.     On August 14, 2018 Wells Fargo had its agent, Quality Loan Service Corporation, record a Notice of Default. This Notice of Default has a declaration which declare that Wells Fargo attempted to contact Plaintiff, prior to recording the notice of default, to discuss alternatives, but was unsuccessful.

71.     Plaintiff disputes this declaration in that Wells Fargo made no such attempts by telephone or letter, and that Wells Fargo recorded the Notice of Default with a declaration that contains false and deceptive statements.

72.     Plaintiff did reach out to Wells Fargo to apply for a modification. Plaintiff's monthly income is $27,000.00 per month.

73.     Inexplicably, in evaluating and denying the modification of the predatory loan, Wells Fargo used an incorrect income amount of $19,500.00.

74.     Plaintiff appealed, stating that Wells Fargo had misstated his monthly income, requesting that Wells Fargo explain the discrepancy and consider the correct amount. Wells Fargo

-9-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

**Law Offices of Ronald H. Freshman**
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

1  refused to explain why it was only considering $19,500 of the $27,000 claimed as income and in

2  so doing, as unfairly denied Plaintiff modification of the loan.

3       75.    Wells Fargo has noticed the property for sale for April 22, 2019.  Of note, the

4  Notice of Trustee Sale fails to identify the property in that it states the address but fails to identify

5  the unit number. Civil Code § 2924f(b)(1) requires a true and correct identification of the

6  property; this notice is subject to being adjudicated as void. (A true and correct copy of the

7  original Notice of Trustee Sale, which was continued, is attached herein as Exhibit 6)

8       76.    On April 15, 2019 Plaintiff sent Quality Loan Services noticing them of this error

9  with the Notice of Trustee sale and requesting they cease and desist from going forward with the

10  sale based on the defective Notice of Trustee Sale.  Quality Loan Servicing remains

11  nonresponsive. (A true and correct copy of the Cease and Desist Letter is attached herein as

12  Exhibit 7.)

13       77.    As of the filing of this complaint, Quality Loan Services has remained non

14  responsive.

15       78.    As a result of the deceptive nature of the loan, and omissions made in the loans,

16  Plaintiff was not aware of the "negative amortization" features, which were buried in the "fine

17  print" of the Note.

18       79.    Plaintiff, based on the statements made by Wells Fargo, and absence of any

19  indorsement on the Note, disputes that Wells Fargo is the actual creditor and herein identifies Doe

20  1 as an entity that has concealed itself in violation of federal and state laws and ¶ 15 of the deed

21  of trust which requires that the deed of trust be administered and governed by state and federal

22  law.

23       80.    Plaintiff alleges that in review of the responses to the QWR, Wells Fargo has

24  improperly inflated the principal balance of each loan in excess of $20,000 per loan, including

25  but not limited to unauthorized other charges, overcharges for force placed insurance, and

26  improper deferment of interest payments.

27  ///

28  ///

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

**FIRST CAUSE OF ACTION: DECLARATORY JUDGMENT/INJUNCTIVE RELIEF**

(ALL DEFENDANTS)

81.     Plaintiff incorporates herein the allegations made in the preceding paragraphs, inclusive, as though fully set forth herein.

82.     Plaintiff brings this claim under Code of Civil Proc., § 1060 in which Plaintiff seeks a declaration of his rights and the rights of defendants.

83.     As detailed above, a controversy has arisen between Plaintiff and defendants, each of them.

84.     A controversy exists between Plaintiff and all defendants, as to true ownership of the loan and the rights of defendants to be demanding a payment, or conducting a trustee sale.

85.     Specifically, Wells Fargo alleges it acquired each loan on October 1, 2015 but it never notified Plaintiff it had purchased the loan in violation of 15 U.S.C. §1641(g).

86.     It is generally known, but not evidenced, that Worlds Savings was *acquired* by Wachovia, and in turn, Wachovia was *acquired* by Wells Fargo.

87.     Plaintiff alleges that any purchase of the Subject Loans was by acquisition and not by "merger" such that the identity of the Noteholder in due course with rights to enforce the Note is a Doe Defendant and remains unknown to Plaintiff.

88.     Plaintiff disputes that Wells Fargo acquired the loans and as such, is the beneficiary under California law, or under either DOT with rights to exercise the power of sale by declaration a default and election to sell. Plaintiff disputes that Wells Fargo is the beneficiary under DOT or represents the beneficiary under the deed of trust, such that Wells Fargo and its agents operating with a power of attorney, held no authority to substitute the trustees on the deeds of trust.

89.     The Notes are specifically paid to order Notes, and the purported copies as provided under Civil Code § 2943(b)(1), show no modification such as an indorsement.

90.     There is no record in the public land records showing an assignment of the DOT and Note and even if there was, the assignment would be disputed by the fact that the Note has not be transferred as evidenced by the Notes as presented to Plaintiff under § 2943(b)(1).

-11-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

91.     Plaintiff seeks a declaratory judgment as to the actual, true lender (creditor) of each respective loan.  Plaintiff seeks actual proof including but not limited to actual sale of the debt, and transfer of the Note.

92.     Plaintiff seeks resolution of the deceptive terms of the Note which states "Fixed Rate Mortgage Note – Pick a pay Loan" but omits the actual terms of the any such pick a pay options, their legal effect or the financial impact on the principal balance of the loan.

93.     Wherefore Plaintiff prays for Injunctive Relief from Wells Fargo, Doe 1, and their agents, and each of them, who have wrongfully and unlawfully threatened to sell the property through a nonjudicial foreclosure.

94.     Defendants' threatened conduct, unless and until enjoined and restrained by this Court will cause great and irreparable injury to Plaintiff in that (1) he will be deprived of the quiet use and enjoyment of his real property; (2) Plaintiff will be deprived of ownership and title to his real property based on a predatory loan in which the true party entitled to payments is unidentified; (3) as a result of obfuscation of ownership, Plaintiff is being deprived of restructuring out of the predatory loans, and (4) Wells Fargo is not in privity to the contract and therefore has not contractual basis for the foreclosure.

95.     If an injunction does not issue restraining and enjoining Defendants, and each of them, from disrupting Plaintiff's quiet enjoyment and ownership of his properties, Plaintiff will be irreparably harmed by loss of the unique real property and the income each property produces.

96.     Plaintiff has no adequate remedy at law for the injuries that will result from the current and threatened conduct of Defendants, and each of them, in that it will be impossible for Plaintiff to calculate the precise amount of damages he will suffer if Defendants' conduct is not enjoined and restrained.

97.     Plaintiff seeks a Declaratory Judgment as to:

a.      Declaration of the true parties as to each respective Note and deed of trust;

b.      Declaration of the terms of the Note in which the terms for a "pick a pay" option have been omitted to the detriment and harm of Plaintiff and in fact, any negative amortization

-12-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

1  should be removed as deceptive.  Further, any interest rolled into the principal should be removed

2  from the principal and no interest on interest should be allowed.

3      98.    WHEREFORE Plaintiff prays for judgment as set forth below.

4  **SECOND CAUSE OF ACTION: INTENTIONAL MISREPRESENTATION BY**

5  **OMISSION OF FACTS**

6  (DOE DEFENDANTS AND WELLS FARGO)

7      99.    Plaintiff incorporates herein the allegations made in the preceding paragraphs,

8  inclusive, as though fully set forth herein.

9      100.    Plaintiff alleges World Savings and Wachovia, respectively, each made the

10  representation to Plaintiff the loan was a "Fixed Rate Mortgage Note" and stated the loan was a

11  "pick a pay loan."

12      101.    Plaintiff alleges that neither World Savings or Wachovia disclosed verbally, in any

13  good faith estimate, or in the Note or Deed of Trust the term "pick a pay" describing the pick a

14  pay options with the legal and financial impact.

15      102.    Plaintiff alleges this omission of fact was critical and material to Plaintiff's

16  decision to enter each respective loan, and that had either World Savings or Wachovia disclosed

17  these facts, Plaintiff would not have engaged in the loan.

18      103.    Plaintiff alleges that Wells Fargo knows about the predatory nature of the loan and

19  deceptive nature of the terms of the Note and Deed of Trust as it has settled with the State Attorney

20  General agreeing (without admission of guilt or liability) to modify pick a pay loans originated

21  by World Savings and Wachovia.

22      104.    Plaintiff alleges his injury and harm became apparent when the Notice of Defaults

23  were recorded, and when Wells Fargo refused to modify the loans based on the inflated principal

24  balances that included "deferred interest."

25      105.    WHEREFORE Plaintiff prays for judgment as set forth below

26  ///

27  ///

28  ///

-13-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

### THIRD CAUSE OF ACTION: CANCELLATION OF INSTRUMENTS

### (ALL DEFENDANTS)

106.    Plaintiff incorporates herein the allegations made in the preceding paragraphs, inclusive, as though fully set forth herein.

107.    Civil Code § 3412 provides, "A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be... canceled."

108.    An instrument which contains hearsay statements that mispresent material facts is subject to be adjudged as void and cancelled.

109.    Plaintiff alleges that each Notice of Default filed on each respective property are fatally defective as the state the "beneficiary" is Well Fargo, which Plaintiff disputes as false.

110.    Plaintiff alleges that each Substitution of Trustee is void for reason that the Substitutions were done by agents of Wells Fargo, who is not the lender or beneficiary, entitled to substitute the trustee.

111.    As result of these defective instruments, Quality Loan Services and Clear Recon are threatening Plaintiff with taking title to his property for payment to Wells Fargo, who is not entitled to said payments and is without authority to foreclose on Plaintiff.

112.    Plaintiff has been, and is being, harmed and prejudiced in that Defendants have initiated a foreclosure that each defendant knows, or should know, has no contractual basis upon which any defendant may foreclose as they are not parties to or agents of any party to the Note or deeds of trust.

113.    Plaintiff has been placed into a position of undue influence and economic duress by parties with no legal right to seek collection or foreclose and have in fact, seeking collection and plan to wrongfully foreclosed on his properties based on these false, and deceptive instruments.

114.    Plaintiff seeks an adjudication the Notices of Default, Substitutions of Trustee, and Notices of Trustee Sale are void, or voidable by this court.

-14-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

**Law Offices of Ronald H. Freshman**
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

115.   WHEREFORE, Plaintiff prays for judgment as detailed below.

### FOURTH CAUSE OF ACTION: VIOLATION OF CIVIL CODE § 2924

### (ALL DEFENDANTS)

116.   Plaintiff incorporates herein the allegations made in the preceding paragraphs, inclusive, as though fully set forth herein.

117.   Plaintiff alleges Wells Fargo is not the beneficiary of the Note, entitled to the payments thereof nor is Wells Fargo the agent of the true beneficiary, Doe Defendant 1, and therefore, Wells Fargo holds no legal right to exercise the power of sale by declaring a default and election to sale.

118.   Plaintiff alleges that Clear Recon and Quality Loan Services are entities who provide trustee services that have a legal duty all parties of the deed of trust, including Plaintiff, to exercise common sense and good judgment. But that instead, both trustees have failed to establish the authority of Wells Fargo to exercise the power of sale or substitute either entity as the trustee.

119.   As a result of these acts, the Notice of Default for each property is defective in that it fails to state the actual breach known to the actual, true beneficiary of the loan(s).

120.   As a result of these acts, the Notices of Trustee Sale are defective as they are issued by entities that are not valid, legal trustees.

121.   The NOTS for Subject Property # 2405 fails to identify the unit and therefore, Plaintiff alleges is fatally defective. (Exhibit 6)

122.   WHEREFORE Plaintiff prays for judgment as detailed below.

### FIFTH CAUSE OF ACTION: SLANDER OF TITLE

### (ALL DEFENDANTS)

123.   Plaintiff incorporates herein the allegations made in the preceding paragraphs, inclusive, as though fully set forth herein.

124.   Slander of Title is the publishing of a false statement about a party's property.

125.   As detailed above, the Substitutions of Trustee falsely identify Wells Fargo as the lender, or beneficiary, when in fact, Wells Fargo is not the lender or the successor in interest to the original lenders.

-15-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

126.   Plaintiff alleges, as detailed above, these substitutions of trustee affect interest in real property as they transfer title to be held by the entities that are not the valid trustees of each respective assignment.

127.   Plaintiff alleges that each and every one of these instruments contain false statements which Defendants notarized the Substitutions of Trustee to give the appearance of authority and validity.

128.   Plaintiff alleges the recording of a notarized document in the official land records is a violation of Penal Codes §§ 115, 115.5

129.   Plaintiff alleges the instruments have caused a cloud on title by representing that parties, with no legal right or authority, have an interest which is false.

130.   Plaintiff alleges he has been harmed with vendibility of his property and force to incur legal fees to defend his rights and seek a removal of this cloud.

131.   WHEREFORE, Plaintiff prays for judgment as detailed below.

**SIXTH CAUSE OF ACTION: BREACH OF CONTRACT AND ESTOPPEL**

(DOE DEFENDANT 1-5, WELLS FARGO)

132.   Plaintiff incorporates herein the allegations made in the preceding paragraphs, inclusive, as though fully set forth herein.

133.   Plaintiff alleges the deed of trust, under ¶ 15 states the deed of trust will be governed by federal and state law.

134.   Plaintiff alleges Doe Defendants 1-5 and Wells Fargo violated ¶ 15 by taking acts, or failing to take acts, as required by federal or state law, and defendant's breaches were material. Because defendants breached the contract first   Plaintiff was excused from performance until defendants cured the breach of the deed of trust (and Note).   Defendants violations were specifically:

    a.   Defendants omitted a material fact as to the true terms of the loan by failing to specify the "pick a pay" options with the legal and financial impact of each option in the Note or deed of trust, to the determinant and harm of Plaintiff.

    b.   Doe Defendant 1-5, and purportedly Wells Fargo, failed to provide notice to

-16-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

Plaintiff that either entity had purchased his loan and is now his "creditor."

c.   Wells Fargo has engaged in deceptive and unfair business practice in accepting Plaintiff's modification applications but failing to consider his entire income in considering Plaintiff for a modification. As a result of this unfair business practice, Wells Fargo improperly denied the modifications based on improper principal balances and inaccurate income sources in which Wells Fargo has refused to consider 10,000 in monthly income.

d.   Wells Fargo violated Civil Code  § 2943(b)(1) by failing to provide a beneficiary statement as requested under Civil Code.

e.   Wells Fargo violated RESPA by failing to provide the accounting details and specifics as requested by Plaintiff.

135.   Plaintiff alleges that Doe Defendant 1-5 and Wells Fargo breached the contract first by failing to ensure all terms of the loan were properly disclosed; Plaintiff became aware of and suffered injury of this omission when he was unable to afford the escalating mortgage payments, and then was refused a modification out of the deceptive loan.

136.   Plaintiff alleges defendants and each of their agents, are estopped from taking any acts, including threat of foreclosure, until the material breach of the contract is cured.

137.   WHEREFORE, Plaintiff prays for judgment as detailed below.

**SEVENTH CAUSE OF ACTION: VIOLATION OF BUS. & PROF. CODE § 17200**

(ALL DEFENDANTS)

138.   Plaintiff incorporates herein the allegations made in the preceding paragraphs, inclusive, as though fully set forth herein.

139.   Plaintiff alleges Defendants all engage in the unfair and deceptive business practices which result in unlawful acts that violate California laws.   Specifically:

140.   As detailed above, Plaintiff alleges Wachovia Mortgage, FSB and World Savings, FSB engaged in the deceptive and unfair lending practices in marketing to Plaintiff a loan in which each entity, individually, omitted critical terms that impacted the long term viability of sustaining loan payments.

**Law Offices of Ronald H. Freshman**
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

-17-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

**Law Offices of Ronald H. Freshman**
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

141.   As a result of relying on Wachovia and World Savings representations, Plaintiff engaged in a loan that he would not have otherwise accepted.

142.   Plaintiff's injury and harm became apparent when he was unable to sustain the escalating mortgage payments, and started missing his mortgage payments.

143.   The "pick a pay options" increase the principal balance of the loan, and allow that the missed interest being included into the principal balance be assessed additional interest so that the Plaintiff is being charged interest on interest.

144.   As a result of this unfair and deceptive business practice, Plaintiff has been prejudiced in refinancing or modifying the loan because the loan balances have increased by over $20,000 a piece and the continues to increase based on the deceptive pick a pay options.

145.   As detailed above, Plaintiff alleges Doe Defendants 1-5, and Wells Fargo practice an unfair and deceptive business practice by concealing any new "creditor" who purportedly purchased the loan, in violation of both state and federal laws.

146.   As detailed above, Wells Fargo's practice of refusing to account for all of a borrower's income has prejudiced and harmed Plaintiff in restructuring his loan which he should in fact, qualify for. Plaintiff alleges Wells Fargo has intentionally refused to consider all of the income in order to intentionally foreclose on the predatory loans.

147.   This is particularly egregious because Wells Fargo entered into an agreement with the State Attorney General in which it agreed to restructure these predatory loans if they were on a principal residence of the borrower; Wells Fargo has refused to consider the borrowers loan in violation of the agreement with the State Attorney General, which Plaintiff herein alleges he is an intended 3rd party beneficiary of that settlement agreement.

148.   Plaintiff further alleges it is an unfair and deceptive business practice of Wells Fargo, which acknowledges these types of negative amortization loans are deceptive and financially destructive, to refuse to restructure them.

149.   As detailed above, Wells Fargo, Quality Loan Services and Clear Recon engage in the deceptive and unfair business practice of alleging a party that is not the beneficiary, is the beneficiary in their Notices of Default and Substitutions of Trustee.

-18-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

150.    As a result of this unfair and deceptive business practice, Plaintiff has made mistaken payments to the wrong party and has been subjected to the threats and acts of these false beneficiaries.

151.    Plaintiff alleges the recording of the Substitutions of Trustee, when defendants know, or should know, contain false statements, notarized and then file the instrument is an unlawful business practice in violation of Penal Codes §§ 115 and 115.5.

152.    Plaintiff alleges that Wells Fargo engages in the unfair, deceptive and unlawful business practice of failing to respond properly to RESPA requests, to requests under Civil Code § § 2943(b)(1) including failing to provide the beneficiary statement, and failing to deal with borrowers in pick a pay predatory loans in good faith.

153.    Plaintiff alleges that Wells Fargo engages in the unfair and deceptive business practice of failing to provide borrowers with meaningful opportunity to restructure a debt to avoid foreclosure by claiming it is the owner or beneficial holder, when in fact it is not.

154.    This misrepresentation deprives borrowers from seeking other alternatives to foreclosure which is significant if the loan is in fact, held by a private entity or by a government entity, which may or may not entitled Plaintiff to other alternatives.  The obfuscation prevents Plaintiff from seeing all true avenues of resolution.

155.    Plaintiff alleges Quality Loan Services and Clear Recon engage in the unfair and deceptive business practice of failing to act with commons seen or good judgment in ensuring any party requesting it be substituted as trustee has the authority to make such a request, or request a Notice of Default by ensuring the party requesting is the true beneficiary with the rights to exercise the power of sale.

156.    Plaintiff alleges Defendants, and each of them, take these acts with a reckless disregard and rights of the borrowers.

157.    Plaintiff alleges that the Defendants' misconduct, as alleged herein, gave, and has given, Defendants, and each of them, an unfair competitive advantage over their competitors.

///

///

-19-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

158.     The scheme implemented by Defendants, in collusion with one another, is specifically designed to defraud California consumers and enrich Defendants at the expense of consumers in this State.

159.     Plaintiff alleges the unfair and deceptive business practices result in violations of California law and said acts are not independent acts of Defendants but are in fact, a pattern and unfair and deceptive business practice of Defendants.

160.     By reason of the foregoing, Defendants should be enjoined from continuing such practices pursuant to California Business & Professions Code §§17203 and 17204. Plaintiff has suffered injury in fact, including but not limited to being subjected to the false representations of Defendants.

161.     Plaintiff has paid interests and charges on the loans and therefore, has standing to bring forth these UCL claims. *See Kwikset Corp. v. Superior Court (Benson)*(Jan. 27, 2011, S171845) ___ Cal.4th

162.     Plaintiff is being threatened with loss of title to his properties and all income thereof, including   improvements made to the property, and made principal and interest payments on the loan. Plaintiff has been assessed increased costs and fees associated with the wrongful foreclosure activities. Furthermore, Plaintiff is unable to modify the terms of loan because none of the Defendants have the legal authority to engage in loan modification negotiations.

163.     Plaintiff has incurred the burden to pay the costs of retaining at attorney to investigate the activities of the defendant. Moreover, because Plaintiff has been unable to modify the onerous terms of the loan, Plaintiffs' creditworthiness is ruined. Undoubtedly, other members of the public, similarly have fallen victim to Defendants' deceptive schemes, are likely to be injured as well.

164.     The harm to Plaintiff and to members of the general public outweighs the utility (if any) of Defendants' policies and practices. Consequently, their policies and practices constitute unlawful   business acts or practices within the meaning of Business & Professions Code§ 17200 et. seq. Moreover, the foregoing conduct promotes an incipient violation of a consumer law, or violates the policy or spirit of such law or otherwise significantly threatens or harms competition.

-20-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

165.   Plaintiffs are therefore entitled to injunctive relief and attorney's fees as available under Business & Professions Code§ 17200 et seq. and related sections.

166.   The acts and practices described in the preceding paragraphs are unfair and violate the Business & Professions Code because they constitute violations of all the statutes as detailed herein.

167.   WHEREFORE, Plaintiff prays for judgment as detailed below.

## EIGHTH CAUSE OF ACTION: VIOLATION HBOR

### (WELLS FARGO, CLEAR RECON)

168.   Plaintiff incorporates herein the allegations made in the preceding paragraphs, inclusive, as though fully set forth herein.

169.   Plaintiff alleges Unit # 2305 is his primary US residence and therefore, is covered by the California Homeowner Bill of Rights for his primary residence.

170.   Plaintiff alleges that Wells Fargo, as the servicer, and Clear Recon, as the trustee, had a legal duty to ensure that Plaintiff had been contacted to explore alternatives to foreclosure prior to recording the NOD.

171.   Plaintiff alleges that Wells Fargo made no telephone call or sent a letter to discuss alternatives and the declaration as attached to the NOD is false, in that it states contact was attempted.

172.   Plaintiff alleges at the time of the NOD, Wells Fargo also had a duty to notify Plaintiff of his right to receive a copy of the Note, assignments and accounting, prior to recording the NOD but failed to provide this notice in violation of Civil Code § 2924.55(B).

173.   Plaintiff alleges that Wells Fargo and Clear Recon are required to rely upon competent and reliable evidence before recording any instruments in the land records, but that in violation of Civil Code § 2924.17, have failed to do so.

174.   Plaintiff alleges that Wells Fargo, as the servicer, was required to identify the specific reasons for the denial, and if in fact, discrepancies were identified, correct those discrepancies.  On February 22, 2019 Plaintiff notified Wells Fargo ithad the wrong income amount for the modification and requested verification and explanation of why it was refusing to

-21-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

consider over $10,000 in Plaintiffs income. Wells Fargo told Plaintiff it didn't have to explain its errors, change the errors, or provide any further details as to the underwriting analysis and determination of denying the loan modification.  This attitude and denial by Wells Fargo is in violation of the spirit of the law, and HBOR in which it is in fact, required to provide the NPV values but has refused to provide the pertinent details to Plaintiff.

175.   Plaintiff alleges that during the time that the application was completed Wells Fargo had a duty to suspend the trustee sale but instead simply postponed it, continuing to threaten Plaintiff with a foreclosure while his modification application was being reviewed. This is dual tracking and in violation of HBOR. Further, Wells Fargo acts were deceptive in that the representatives told Plaintiff the sale was being cancelled and/or suspended; which was untrue. The sale was postponed and continued to the following month.

176.   Plaintiff alleges these are material breaches of the HBOR and that he is entitled to injunctive relief, as well as attorney fees and legal costs for having to bring these claims against Wells Fargo and Clear Recon.

177.   WHEREFORE, Plaintiff prays for judgment as detailed below.

## NINTH CAUSE OF ACTION: GOOD FAITH AND FAIR DEALING
### (DOE DEFENDANTS, WELLS FARGO)

178.   Plaintiff incorporates herein the allegations made in the preceding paragraphs, inclusive, as though fully set forth herein.

179.     Plaintiff alleges Wells Fargo as the agent, and Doe Defendants, have breached the covenant of good faith and fair dealing with Plaintiff by refusing to deal with Plaintiff honestly, fairly or in good faith.

180.   Omission of material terms of the Note;

181.   Increase of the principal balance and refusal to provide an accounting of the increase;

182.   Adding unauthorized and unsubstantiated charges to increase the amounts due;

183.   Violating the deed of trust by obfuscating and concealing the new creditor;

184.   Refusing to consider the modification in good faith by considering all of Plaintiffs

-22-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

income and refusing to state why his full income is not being considered;

185.    Claiming to cancel and suspend the trustee sale when in fact, it was simply postponed for 30 days.

186.    Refusing to comply with RESPA in providing accurate and proper responses as required so that Plaintiff could have a fair and accurate understanding of the charges made on the loan.

187.    As a result of these acts, Plaintiff has been deprived of fully understanding his rights and the financial status of the loan in order to seek other alternatives to restructuring the loan.

188.    As a result of these acts, Plaintiff has been experienced additional stress in trying to resolve the loan issues while being threatened with the foreclosure.

189.    WHEREFORE Plaintiff prays for judgement as detailed below.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against the Defendants and each of them, jointly and severally, as follows:

1)    For a declaration of the rights and duties of the parties as set forth above;

2)    A credit of any interest charged on interest which was included in the principal balance and that said interest put into the principal be removed from the principal, and no further interest charges on that interest.

3)    For an order cancelling the Substitutions of Trustee, Notices of Default and Notices of Trustee Sale;

4)    For an order the business practices of Defendants are unfair and deceptive, enjoining Defendants from continuing with the business practices;

5)    For a declaration that Defendants are estopped from continuing any further acts with the intent to deprive Plaintiff of possession of the property.

6)    For an order demanding Defendants rescind the Notice of Default and an order enjoining Defendants from recording any other Notice of Default until such time that Defendants cure all material violations of the contract as detailed above;

-23-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

7)    For Injunctive Relief that enjoins Defendants from any further acts until all material violations are cured and all improper fees are removed from Plaintiff's account;

8)  For attorney fees and legal costs for compelling Plaintiff to seek judicial assistance in compelling Defendants to comply with the law;

9)    For statutory, special, general and punitive damages;

10)    For treble damages or statutory damages of $50,000;

11)    Injunctive Relief pursuant to Cal. Bus. & Prof. Code §17200, Cal Civil Code § 3396 and Civ. Code of Proc. § 526, Civ. Code § 2924.12

12)    Attorney fees and costs, including those allowed by 2924.12, 2605 (f) and Cal Civ. Code §§1788.17 and 1788.30 and any other provisions of law.

13)    Such other further and different relief as the Court deems just and equitable, including interest at the legal rate.

LAW OFFICE OF RONALD H. FRESHMAN

Dated: May 2, 2019

By:    _____
Ronald H. Freshman, Esq.
Attorney for Plaintiff,
KWADWO HWENSO ASARE-ANTWI

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

-24-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

**VERIFICATION**

I am the attorney for KWADWO HWENSO ASARE-ANTWI, Plaintiff in the above-captioned matter.  Such party is absent from the county of where such attorney has his offices, and I make this verification for and on behalf of Plaintiff for that reason. I am informed and believe and, on that ground, allege that the matters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on May 2, 2019 at San Diego, California.

RONALD H. FRESHMAN

**Law Offices of Ronald H. Freshman**
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

-25-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

Law Office
**Ronald H. Freshman, Esq.**

222 West 6th Street, Suite 400
San Pedro, California 90731
Office 858.756.8288
Fax 858.964.1728
rhf@freshmanlaw.com

February 22, 2019

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306-0335

RE:
Kwadwo Asare-Antwi- QUALIFIED WRITTEN REQUEST

| | | |
|---|---|---|
| WF Loan # 0484755871; Property: | 12668 Chapman Ave., # 2305 Garden Grove, Ca. 92840 | |
| WF Loan 0484580675; Property: | 25463 Chipman Hill Crt., Moreno Valley, Ca. 92555 | |
| WF Loan 0484774849; Property: | 12668 Chapman Avenue, #2405 Garden Grove, Ca. 92840 | |

To Whom It May Concern,

This is a Qualified Written Request pursuant to RESPA, 12 U.S.C. § 2605 et. seq., in which my client has both questions about the balances as stated on the above loans, and fees/charges that are unsubstantiated or authorized. My authorization to inquiry on behalf of my client, Mr. Asare-Antwi ("Client") is attached herein.

For **Loan ending in 4849**, please provide the following information on the loan from the time period of January 1, 2014 to CURRENT DATE:

1. A complete accounting of each payment that was an underpayment on the loan for principal and/or interest, resulting in a balance being transferred to the principal balance of the loan. Please provide the balance of the loan as of December 31, 2018 and as of the current date.

2. The interest rate assessed for each monthly payment. Include the date of the rate change.

1

Law Office
**Ronald H. Freshman, Esq.**

222 West 6ᵗʰ Street, Suite 400
San Pedro, California 90731
Office 858.756.8288
Fax 858.964.1728
rhf@freshmanlaw.com

3.  Please provide each date the borrower was noticed of the rate change.

4.  The order in which each payment amount was credited to the monies due. Specifically, identify  the order in which the payment is credited to interest, principal, taxes, insurance or other fees and/or charges.  Identify each amount credited per category, per payment.

5.  Identify the identity of the owner of the loan, the address of the owner, and provide the date on which this owner became the owner.

6.  Provide evidence of notice to the borrower of the purchase of his debt by the entity identified in # 4.

7.  On the mortgage statement please provide evidence of each of the following charges as assessed pursuant to YOUR statements.

    a.  Identify each late payment assessed, the amount of the late payment assessed and for which payment the late payment was assessed.

    b.  Identify with specificity each "other charge", the date of its assessment, and a clear description of what the charge is for. If the charge is the result of a 3ʳᵈ party invoice, provide evidence of that invoice.

    c.  On August 20, 2018 the statement states advances are being made for attorney fees and costs. State the vendor to whom these fees or costs were paid, provide evidence of the invoice upon which you incurred the costs, and provide the authorization for YOU to assess attorney fees or costs. Please be advised that if you are relying upon the deed of trust, identify the specific clause that allows your right to assess these fees and costs, without a court order.  The total amount stated on this statement is $1,644.25.  Please note the borrower disputes the right of you to assess these fees.

2

Law Office
**Ronald H. Freshman, Esq.**

222 West 6th Street, Suite 400
San Pedro, California 90731
Office 858.756.8288
Fax 858.964.1728
rhf@freshmanlaw.com

d.  On January 30, 2019 the statement states advances are being made for attorney fees and costs. State the vendor to whom these fees or costs were paid, provide evidence of the invoice upon which you incurred the costs, and provide the authorization for YOU to assess attorney fees or costs. Please be advised that if you are relying upon the deed of trust, identify the specific clause that allows your right to assess these fees and costs, without a court order. The total amount stated on this statement is $2,043.23. Please note the borrower disputes the right of you to assess these fees.

e.  Provide a complete accounting of the escrow for this loan.

f.  Provide evidence of any and all insurance premiums you have assessed against the loan. Include the identification of the insurance company, policy number, and evidence of the invoice for each insurance charge you have assessed.

g.  Provide an accounting of all deferred interest, the date incurred, the interest rate charge assessed, the increase in principal balance and demonstrate that future interest payments did or did not assess interest on the deferred interest.

h.  On 9/15/2016 you assessed a $25.00 "return fee". Provide evidence of that fee and the basis of that fee.

i.  You filed a Notice of Default, stating that as of August 17, 2018 borrower was in default of $16,684.45. Provide a complete accounting of all fees and charges which comprise the amount stated in the Notice of Default. Borrower disputes he was in arrears by this amount and herein

3

Law Office
**Ronald H. Freshman, Esq.**

---

222 West 6th Street, Suite 400
San Pedro, California 90731
Office 858.756.8288
Fax 858.964.1728
rhf@freshmanlaw.com

j.   states that this amount appears to include improper fees of at least $1,644.50, improper late fees, improper telephone fees.

k.   Please identify where in the Note, or deed of trust, the payment options YOU offer on the statements, is reflected in the contracts and agreed upon by borrower.   Borrower disputes the payment option terms are identified or agreed upon and therefor, disputes said options were done in properly.

l.   On March 28, 2016, April 11 and 13, 2016, May 1, 2016, May 13, 2016, June 2, 2016, June 6, 2016, July 29, 2016 YOU assessed telephone fees in the amount of $12.00 to $20.00.    Demonstrate where in the statement or in any notice, of Borrower's consent to be charged any fee for payment by phone. Further, please identify all telephone payment fees assessed against the loan, identify each payment made by this telephone payment and the date it was credited to the account.

m.   On June 6, 2016 you "reversed" two payments with different amounts for principal, interest, and escrow; further, you state there is an unapplied amount of $2,746.13.   Explain this discrepancy and when and how the "unapplied amount" was applied to the account, and manner in which it was applied.

4

Law Office
**Ronald H. Freshman, Esq.**

_____

222 West 6th Street, Suite 400
San Pedro, California 90731
Office 858.756.8288
Fax 858.964.1728
rhf@freshmanlaw.com

For **Loan ending in 0675**, please provide the following information on the loan from the time period of January 1, 2014 to CURRENT DATE:

1. A complete accounting of each payment that was an underpayment on the loan for principal and/or interest, resulting in a balance being transferred to the principal balance of the loan. Please provide the balance of the loan as of December 31, 2018 and as of the current date.

2. The interest rate assessed for each monthly payment. Include the date of the rate change.

3. Please provide each date the borrower was noticed of the rate change.

4. The order in which each payment amount was credited to the monies due. Specifically, identify the order in which the payment is credited to interest, principal, taxes, insurance or other fees and/or charges. Identify each amount credited per category, per payment.

5. Identify the identity of the owner of the loan, the address of the owner, and provide the date on which this owner became the owner.

6. Provide evidence of notice to the borrower of the purchase of his debt by the entity identified in # 4.

7. On the mortgage statement please provide evidence of each of the following charges as assessed pursuant to YOUR statements.

   a. Identify each late payment assessed, the amount of the late payment assessed and for which payment the late payment was assessed.

   b. Identify with specificity each "other charge", the date of its assessment, and a clear description of what the charge is for. If the charge is the result of a 3rd party invoice, provide evidence of that invoice.

   c. The September and October 2018 statements state advances are being made for attorney fees and costs. State the vendor to whom these fees or

5

Law Office
**Ronald H. Freshman, Esq.**

_____

222 West 6th Street, Suite 400
San Pedro, California 90731
Office 858.756.8288
Fax 858.964.1728
rhf@freshmanlaw.com

costs were paid, provide evidence of the invoice upon which you incurred the costs, and provide the authorization for YOU to assess attorney fees or costs. Please be advised that if you are relying upon the deed of trust, identify the specific clause that allows your right to assess these fees and costs, without a court order. The total amount stated on this statement is $1,281.75 and $37.40, respectfully. Please note the borrower disputes the right of you to assess these fees and demands the right to validate the amounts being assessed.

d.   Provide a complete accounting of the escrow for this loan.

e.   Provide evidence of any and all insurance premiums you have assessed against the loan. Include the identification of the insurance company, policy number, and evidence of the invoice for each insurance charge you have assessed. Specifically, the statements shows an amount of $2,734.09 being assess, with the name "FARMERS" in the side. Provide the basis of purchasing "hazard" insurance.

f.   Provide an accounting of all deferred interest, the date incurred, the interest rate charge assessed, the increase in principal balance and demonstrate that future interest payments did or did not assess interest on the deferred interest.

g.   You filed a Notice of Default, stating that as of July 24, 2018 borrower was in default of $25,402.81. Provide a complete accounting of all fees and charges which comprise the amount stated in the Notice of Default. Borrower disputes he was in arrears by this amount and herein states that this amount appears to include improper late fees and charges, inflated insurance fees.

6

Law Office
**Ronald H. Freshman, Esq.**

222 West 6th Street, Suite 400
San Pedro, California 90731
Office 858.756.8288
Fax 858.964.1728
rhf@freshmanlaw.com

h. Please identify where in the Note, or deed of trust, the payment options YOU offer on the statements, is reflected in the contracts and agreed upon by borrower.  Borrower disputes the payment option terms are identified or agreed upon and therefor, disputes said options were done properly.

i. Please provide all statements YOU sent to borrower for the time period from inception of the loan to current date. Electronic delivery is fine, and preferred. (See below).

j. Please identify all telephone payment fees assessed against the loan. Identify the payment made by telephone and the date it was applied to the account.

For **Loan ending in 5871**, please provide the following information on the loan from the time period of January 1, 2014 to CURRENT DATE:

1. A complete accounting of each payment that was an underpayment on the loan for principal and/or interest, resulting in a balance being transferred to the principal balance of the loan.  Please provide the balance of the loan as of December 31, 2018 and as of the current date.

2. The interest rate assessed for each monthly payment. Include the date of the rate change.

3. Please provide each date the borrower was noticed of the rate change.

4. The order in which each payment amount was credited to the monies due. Specifically, identify  the order in which the payment is credited to interest,

7

Law Office
**Ronald H. Freshman, Esq.**

222 West 6th Street, Suite 400
San Pedro, California 90731
Office 858.756.8288
Fax 858.964.1728
rhf@freshmanlaw.com

principal, taxes, insurance or other fees and/or charges.  Identify each amount credited per category, per payment.

5. Identify the identity of the owner of the loan, the address of the owner, and provide the date on which this owner became the owner.

6. Provide evidence of notice to the borrower of the purchase of his debt by the entity identified in # 4.

7. On the mortgage statement please provide evidence of each of the following charges as assessed pursuant to YOUR statements.

   a. Identify each late payment assessed, the amount of the late payment assessed and for which payment the late payment was assessed.

   b. Identify with specificity each "other charge", the date of its assessment, and a clear description of what the charge is for. If the charge is the result of a 3rd party invoice, provide evidence of that invoice.

   c. On the August, 2019, September 2018, and January 2019 the statement states advances are being made for attorney fees and costs. State the vendor to whom these fees or costs were paid, provide evidence of the invoice upon which you incurred the costs, and provide the authorization for YOU to assess attorney fees or costs. Please be advised that if you are relying upon the deed of trust, identify the specific clause that allows your right to assess these fees and costs, without a court order.  The total amount stated on the statements are $625.00, $1,119.61, and $147.02. Please note the borrower disputes the right of you to assess these fees.

   d. Provide a complete accounting of the escrow for this loan.

8

Law Office
**Ronald H. Freshman, Esq.**

222 West 6th Street, Suite 400
San Pedro, California 90731
Office 858.756.8288
Fax 858.964.1728
rhf@freshmanlaw.com

e.  Provide evidence of any and all insurance premiums you have assessed against the loan. Include the identification of the insurance company, policy number, and evidence of the invoice for each insurance charge you have assessed.

f.  Provide an accounting of all deferred interest, the date incurred, the interest rate charge assessed, the increase in principal balance and demonstrate that future interest payments did or did not assess interest on the deferred interest.

g.  You apparently assessed and then waived a return fee of $125.00. Please identify the basis of that fee, and why it is for $125.00

h.  You filed a Notice of Default, stating that as of July 30,2018 borrower was in default of $19,472.82. Provide a complete accounting of all fees and charges which comprise the amount stated in the Notice of Default.

i.  Please identify where in the Note, or deed of trust, the payment options YOU offer on the statements, is reflected in the contracts and agreed upon by borrower.  Borrower disputes the payment option terms are identified or agreed upon and therefor, disputes said options were done properly.

j.  Demonstrate where in the statement or in any notice, of Borrower's consent to be charged any fee for payment by phone. Further, please identify all telephone payment fees assessed against the loan.  Please identify which payment was made by the telephone and the date the payment was credited to the account.

9

Law Office
**Ronald H. Freshman, Esq.**

222 West 6th Street, Suite 400
San Pedro, California 90731
Office 858.756.8288
Fax 858.964.1728
rhf@freshmanlaw.com

k.  On June 6, 2016 you "reversed" two payments with different amounts for principal, interest, and escrow; further, you state there is an unapplied amount of $2,746.13. Explain this discrepancy and when and how the "unapplied amount" was applied to the account, and manner in which it was applied.

Please provide a Beneficiary Statement with payoff amount for each of the above identified loans. Further, please provide a correct and true copy of each NOTE in its current state, and with any assignments or transfers of the loan or deed of trust. Please note under California Civil Code § 2943(b)(1) you are required to produce this Note, with any modifications made to the Note, within 21 days of this demand, along with the beneficiary statement.

Please direct all questions to my Sr. Paralegal, Kimberly Cromwell at ksc@freshmanlaw.com, or she may be reached at 510.290.8928; additionally, I can be reached at rhf@freshmanlaw.com or at 858.756.8288. My mailing address is identified in the above header.

Regards,

Ronald H. Freshman,
Attorney for Kwadwo Asare-Antwi

Encl. Authorization
CC: Kwadwo Asare-Antwi

10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT 2

**WORLD SAVINGS BANK, FSB**

# FIXED RATE MORTGAGE NOTE

## PICK-A-PAYMENT<sup>sm</sup> LOAN

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY MONTHLY PAYMENT AND MY UNPAID PRINCIPAL BALANCE. MY MONTHLY PAYMENT INCREASES AND MY PRINCIPAL BALANCE INCREASES ARE LIMITED. THIS NOTE IS SECURED BY A SECURITY INSTRUMENT OF THE SAME DATE.

LOAN NUMBER **0047714688**                    DATE **November 20, 2007**

BORROWER(S) **KWADWO HWENSO ASARE-ANTWI, AN UNMARRIED MAN**  sometimes called "Borrower" and sometimes simply called "I" or "me "

PROPERTY ADDRESS **12668 CHAPMAN AVE UNIT 2305, GARDEN GROVE, CA  92840-4021**

**1.  BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S  **$308,000.00** , called "Principal," plus interest, and any other charges incurred during the course of the loan, to the order of the Lender  The Lender is **WORLD SAVINGS BANK, FSB, a FEDERAL SAVINGS BANK, ITS SUCCESSORS AND/OR ASSIGNEES**, or anyone to whom this Note is transferred

**2.  INTEREST**

Interest will be charged on unpaid Principal until the full amount of Principal has been paid  I will pay interest at the yearly rate of **8.250%**  Interest will be charged on the basis of a twelve month year and a thirty day month

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 7(B) of this Note

CERTIFIED TO BE A TRUE AND EXACT COPY OF THE ORIGINAL
CHICAGO TITLE COMPANY
By _____
KYM WEAVER

0047714698

3. PAYMENTS

(A)   Time and Place of Payments

I will pay Principal and interest by making payments every month

I will make my monthly payments on the **1st** day of each month beginning on **January 1, 2008**. I will make these payments every month until I have paid (i) all the Principal and interest, and (ii) any other charges described below that I may owe under this Note, and (iii) any charges that may be due under the Security Instrument If, on **December 1, 2037**, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date "

I will make my monthly payments at **1901 HARRISON STREET, OAKLAND, CALIFORNIA 94612** or at a different place if required by notice from the Lender

(B)   Amount of My Initial Monthly Payments

Each of my initial monthly payments will be in the amount of U S **$ 1,357.40** This amount will change as described in Sections 3(C) and 3(D) below  My initial  monthly payment amount was selected by me from a range of initial payment amounts approved by Lender and may not be sufficient to pay the entire amount of interest accruing on the unpaid Principal balance

(C)   Payment Change Dates

My monthly payment will change as required by Section 3(D) below beginning on the **1st** day of **January, 2009** and on that day every **12th** month thereafter until the **121st** month, which will be the final payment change  Each of these dates is called a "Payment Change Date " My monthly payment will also change at any time Section 3(F) or 3(G) below requires me to pay a different amount

I will pay the amount of my new monthly payment each month beginning on each Payment Change Date and as provided in Section 3(F) or 3(G) below

(D)   Calculation of Payment Changes

Subject to Sections 3(F) and 3(G), on the Payment Change Date my monthly payment may be changed to an amount sufficient to pay the unpaid principal balance together with interest, including any deferred interest as described in Section 3(E) below, by the Maturity Date  However, the amount by which my payment can be increased will not be more than 7-1/2% of the then existing Principal and interest payment  This 7-1/2% limitation is called the "Payment Cap "  The Lender will perform this Payment Change calculation at least 60 but not more than 90 days before the Payment Change Date

**THIS SPACE INTENTIONALLY LEFT BLANK**

0047714686

**(E)    Deferred Interest; Additions to My Unpaid Principal**

From time to time, my monthly payments may be insufficient to pay the total amount of monthly interest that is due. If this occurs, the amount of interest that is not paid each month, called "Deferred Interest," will be added to my Principal and will accrue interest at the same rate as the Principal.

**(F)    Limit on My Unpaid Principal; Increased Monthly Payment**

My unpaid principal balance can never exceed **125%** of the Principal I originally borrowed, called "Principal Balance Cap." If, as a result of the addition of deferred interest to my unpaid principal balance, the Principal Balance Cap limitation would be exceeded on the date that my monthly payment is due, I will instead pay a new monthly payment. Notwithstanding Sections 3(C) and 3(D) above, I will pay a new monthly payment which is equal to an amount that will be sufficient to repay my then unpaid principal balance in full on the Maturity Date together with interest, in substantially equal payments.

**(G)    Final Payment Change**

On the **10th** Payment Change Date my monthly payment will be calculated as described in Section 3(D) above except that the Payment Cap limitation will not apply.

**(H)    Notice of Payment Changes**

The Lender will deliver or mail to me a notice of any changes in the amount of my monthly payment, called "Payment Change Notice," before each Payment Change Date.

**4.  FAILURE TO MAKE ADJUSTMENTS**

If for any reason Lender fails to make an adjustment to the payment amount as described in this Note, regardless of any notice requirement, I agree that Lender may, upon discovery of such failure, then make the adjustments as if they had been made on time. I also agree not to hold Lender responsible for any damages to me which may result from Lender's failure to make the adjustment and to let the Lender, at its option, apply any excess monies which I may have paid to partial prepayment of unpaid Principal

**5.  BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal before it is due is called a "Prepayment". When I make a Prepayment, I will tell the Lender in writing that I am doing so. The Lender may require that any partial Prepayments be made on the date my regularly scheduled payments are due. If I make a partial Prepayment, there will be no changes in the due dates or amount of my regularly scheduled payments unless the Lender agrees to those changes in writing. I may pay deferred interest on this Note at any time without charge and such payment will not be considered a "Prepayment" of Principal. During the first 3 years of the loan term if I make one or more Prepayments that, in the aggregate, exceed $5,000 in any calendar month, I must pay a prepayment charge equal to 2% of the amount such Prepayments exceed $5,000 in that calendar month. After the first 3 years of the loan term, I may make a full or partial Prepayment without paying any prepayment charge.

**6.  MAXIMUM LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit, and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Lender may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**7.  BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A)    Late Charges for Overdue Payments**

If the Lender has not received the full amount of any monthly payment by the end of **10** calendar days after the date it is due, I will pay a late charge to the Lender. The amount of the charge will be **6.00%** of my overdue payment of Principal and interest. I will pay this late charge promptly but only once on each late payment.

0047714688

**(B)   Default**

I will be in default if (i) I do not pay the full amount of each monthly payment on the date it is due, or (ii) I fail to perform any of my promises or agreements under this Note or the Security Instrument, or (iii) any statement made in my application for this loan was materially false or misleading or if any statement in my application for this loan was materially false or misleading by reason of my omission of certain facts, or (iv) I have made any other statement to Lender in connection with this loan that is materially false or misleading

**(C)   Notice of Default**

If I am in default, the Lender may send me a written notice, called "Notice of Default," telling me that if I do not pay the overdue amount by a certain date, the Lender may require me to pay immediately the amount of Principal which has not been paid and all the interest that I owe on that amount, plus any other amounts due under the Security Instrument

**(D)   No Waiver by Lender**

Even if, at a time when I am in default, the Lender does not require me to pay immediately in full as described above, the Lender will still have the right to do so if I am in default at a later time

**(E)   Payment of Lender's Costs and Expenses**

The Lender will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law  Those expenses may include, for example, reasonable attorneys' fees and court costs

**8.   GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me or any Borrower at **25463 CHIPMAN HILL CT, MORENO VALLEY, CA  92553-7137**, or at a single alternative address if I give the Lender notice of my alternative address  I may give notice to Lender of a change in my address in writing or by calling Lender's customer service telephone number provided on my billing statement  I may designate only one mailing address at a time for notification purposes

Except as permitted above for changes of address, any notice that must be given to the Lender under this Note will be given by mailing it by first class mail to the Lender at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address

**9.   OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed  Any person who takes over these obligations is also obligated to keep all of the promises made in this Note  The Lender may enforce its rights under this Note against each person individually or against all of us together  This means that any one of us may be required to pay all of the amounts owed under this Note

**10.   WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment, notice of dishonor, notice of acceleration, and protest  "Presentment" means the right to require the Lender to demand payment of amounts due  "Notice of Dishonor" means the right to require the Lender to give notice to other persons that amounts due have not been paid.

**11.   SECURED NOTE - ACCELERATION**

In addition to the protections given to the Lender under this Note, the Security Instrument dated the same date as this Note gives the Lender security against which it may proceed if I do not keep the promises which I made in this Note  That Security Instrument describes how, and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note and includes the following Paragraph 26:

**AGREEMENTS ABOUT LENDER'S RIGHTS IF THE PROPERTY IS SOLD OR TRANSFERRED**

<u>**Acceleration of Payment of Sums Secured.**</u> Lender may, at its option, require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission  Lender also may, at its option, require immediate payment in full if Borrower is not a natural Person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission  However, Lender shall not require immediate payment in full if this is prohibited by Federal Law in effect on the date of the Security Instrument

If Lender exercises the option to require immediate payment in full, Lender will give me notice of acceleration  If I fail to pay all Sums Secured by this Security Instrument immediately, Lender may then or thereafter invoke any remedies permitted by this Security Instrument without further notice to or demand on me

0047714688

**12   GOVERNING LAW; SEVERABILITY**

This Note shall be governed by and construed under federal law and federal rules and regulations including those for federally chartered savings institutions, called "Federal Law." In the event that any of the terms or provisions of this Note are interpreted or construed by a court of competent jurisdiction to be void, invalid or unenforceable, such decision shall affect only those provisions so construed or interpreted and shall not affect the remaining provisions of this Note.

**13.   CLERICAL ERRORS**

In the event the Lender at any time discovers that this Note or the Security Instrument or any other document related to this loan, called collectively the "Loan Documents," contains an error which was caused by a clerical mistake, calculation error, computer error, printing error or similar error, I agree, upon notice from the Lender, to reexecute any Loan Documents that are necessary to correct any such error(s) and I also agree that I will not hold the Lender responsible for any damage to me which may result from any such error.

**14.   LOST, STOLEN OR MUTILATED DOCUMENTS**

If any of the Loan Documents are lost, stolen, mutilated or destroyed and the Lender delivers to me an indemnification in my favor, signed by the Lender, then I will sign and deliver to the Lender a Loan Document identical in form and content which will have the effect of the original for all purposes.

THIS SPACE INTENTIONALLY LEFT BLANK; SIGNATURE PAGE FOLLOWS

0047714699

## SIGNATURE PAGE

**NOTICE TO BORROWER(S):**

**BY SIGNING THIS NOTE YOU AGREE TO PAY A PREPAYMENT CHARGE IN CERTAIN CIRCUMSTANCES. PLEASE CAREFULLY READ THIS ENTIRE NOTE (INCLUDING THE PREPAYMENT PROVISION) BEFORE YOU SIGN IT.**

**WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED**

**(PLEASE SIGN YOUR NAME EXACTLY AS IT APPEARS BELOW)**

**BORROWER(S):**

_____ (Seal)
KWADWO HWENSO ASARE-ANTWI

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT 3

## Loan Information Report

| Loan Number: | 708-0484755871 | Created: | 02/27/2019 |
|---|---|---|---|
| Primary Borrower: | KWADWO HWENSO ASARE-ANTWI | | |

| Property Address | | Mailing Address | |
|---|---|---|---|
| 12668 CHAPMAN AVE UNIT 2305 | | PO BOX 10402 | |
| GARDEN GROVE, CA 92840-4021 | | MORENO VALLEY, CA 92552-0402 | |

### Loan Terms

| | | | |
|---|---|---|---|
| Loan Date | 11/20/2007 | Occupancy | INVESTMENT PROPERTY (NON-OWNER OCCUPIED) |
| Loan Purpose | PURCHASE | Type of Loan | CONVENTIONAL WITHOUT PMI |
| Loan Amount | $308,000.00 | Lien Type | FIRST MORTGAGE |
| Current Interest Rate | 8.25000% | Owner/Assignee | WELLS FARGO BANK NA |
| Term | 360 MONTHS | Loan Acquired | 10/01/2015 |
| Unpaid First Principal Balance | $321,927.64 | Assumption Date | N/A |
| Additional Unpaid Principal Balance | $0.00 | Military Status | N/A |
| Maturity Date | 03/01/2038 | | |
| Late Charge Amount | $137.40 | | |

### Product and Payment Information

| | | | |
|---|---|---|---|
| Due Date | 04/01/2018 | Restricted Escrow Balance | $0.00 |
| Scheduled Payment Amount | $3,336.89 | Projected Interest Due | N/A |
| Subsidy or Other Interest Credit | $0.00 | Interest Short | N/A |
| Principal and Interest | $2,748.04 | Interest Only | NO |
| Escrow | $588.85 | Prepayment Penalty | NO |
| Optional Products | $0.00 | Auto Draft | NO |
| | | Payment Frequency | MONTHLY |

### Adjustable Rate Mortgage Information

| | | | |
|---|---|---|---|
| Next Interest Rate Change | 10/28/2037 | Margin | N/A |
| Next Payment Change | 01/01/2038 | Index | N/A |
| Maximum Interest Rate | N/A | | |

### Current Home Preservation Activities

| | | | |
|---|---|---|---|
| Current Status | LOAN DENIED WORKOUT, BORROWER HAS APPEALED AND APPEAL BEING REVIEWED | Single Point of Contact (SPOC) | KARL SCHROEDER 877-458-8417 EXT 1335427246 (OFFICE) |
| Complete Loss Mitigation Package Received | YES | | |
| Loss Mitigation Option Offered | NO OPTION OFFERED | | |

### Delinquency Information

| | | | |
|---|---|---|---|
| Number of Days Past Due | 332 DAYS | Bankruptcy Filed Date | N/A |
| Foreclosure Status | N/A | Bankruptcy Type | N/A |
| Foreclosure Referred On | N/A | Bankruptcy Status | N/A |
| Sale Date Scheduled | N/A | | |

### Credit Reporting History

| DATE REPORTED | STATUS REPORTED | SPECIAL COMMENT |
|---|---|---|
| 02/12/2019 | 84-180 DAYS | |
| 01/10/2018 | 84-180 DAYS | |
| 12/07/2018 | 84-180 DAYS | |
| 11/07/2018 | 84-180 DAYS | |
| 10/09/2018 | 84-180 DAYS | |
| 09/07/2018 | 83-150 DAYS | BO-FCL STARTED |
| 08/07/2018 | 82-120 DAYS | |
| 07/09/2018 | 80-90 DAYS D | |
| 06/07/2018 | 80-90 DAYS D | |

| DATE REPORTED | STATUS REPORTED | SPECIAL COMMENT |
|---|---|---|
| 05/07/2018 | 80-90 DAYS D | |
| 04/09/2018 | 78-60 DAYS D | |
| 03/07/2018 | 71-30 DAYS D | |
| 02/07/2018 | 11-CURRENT | |
| 01/08/2018 | 78-60 DAYS D | |
| 12/07/2017 | 78-60 DAYS D | |
| 11/07/2017 | 78-60 DAYS D | |
| 10/09/2017 | 78-60 DAYS D | |
| 09/07/2017 | 80-90 DAYS D | |
| 08/07/2017 | 80-90 DAYS D | |
| 07/07/2017 | 78-60 DAYS D | |
| 06/07/2017 | 78-60 DAYS D | |
| 05/08/2017 | 71-30 DAYS D | |
| 04/07/2017 | 71-30 DAYS D | |
| 03/07/2017 | 80-90 DAYS D | |
| 02/07/2017 | 78-60 DAYS D | |
| 01/09/2017 | 71-30 DAYS D | |
| 12/07/2016 | 11-CURRENT | |
| 11/07/2016 | 80-90 DAYS D | |
| 10/07/2016 | 78-60 DAYS D | |
| 09/08/2016 | 11-CURRENT | |
| 08/08/2016 | 11-CURRENT | |
| 07/07/2016 | 11-CURRENT | |
| 06/07/2016 | 11-CURRENT | |
| 05/09/2016 | 11-CURRENT | |
| 04/07/2016 | 11-CURRENT | |
| 03/07/2016 | 11-CURRENT | |
| 02/08/2016 | 11-CURRENT | |
| 01/07/2016 | 11-CURRENT* | |
| 12/07/2015 | *NO STATUS* | |
| 11/09/2015 | *NO STATUS* | |
| 10/07/2015 | *NO STATUS* | |
| 09/08/2015 | 11-CURRENT | |
| 08/07/2015 | 71-30 DAYS D | |
| 07/07/2015 | 71-30 DAYS D | |
| 06/08/2015 | 71-30 DAYS D | |
| 05/07/2015 | 71-30 DAYS D | |
| 04/07/2015 | 71-30 DAYS D | |
| 03/09/2015 | 11-CURRENT | |
| 03/09/2015 | 11-CURRENT | |
| 02/09/2015 | 71-30 DAYS D | |
| 01/07/2015 | 71-30 DAYS D | |
| 12/08/2014 | 71-30 DAYS D | |
| 11/07/2014 | 71-30 DAYS D | |
| 10/07/2014 | 71-30 DAYS D | |
| 09/07/2014 | 71-30 DAYS D | |
| 08/07/2014 | 71-30 DAYS D | |
| 07/25/2014 | 71-30 DAYS D | |
| 06/25/2014 | 71-30 DAYS D | |
| 05/25/2014 | 71-30 DAYS D | |
| 04/25/2014 | 71-30 DAYS D | |
| 03/25/2014 | 71-30 DAYS D | |
| 02/25/2014 | 71-30 DAYS D | |
| 01/26/2014 | 71-30 DAYS D | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 4

WACHOVIA MORTGAGE, FSB



# FIXED RATE MORTGAGE NOTE

## PICK-A-PAYMENT℠ LOAN

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY MONTHLY PAYMENT AND MY UNPAID PRINCIPAL BALANCE. MY MONTHLY PAYMENT INCREASES AND MY PRINCIPAL BALANCE INCREASES ARE LIMITED. THIS NOTE IS SECURED BY A SECURITY INSTRUMENT OF THE SAME DATE.**

LOAN NUMBER **0047666207**                              DATE: **December 21, 2007**

BORROWER(S) **KWADWO H ABARE-ANTWI, A SINGLE MAN**   sometimes called "Borrower" and sometimes simply called "I" or "me."

PROPERTY ADDRESS **12666 CHAPMAN AVE # 2405, GARDEN GROVE, CA 92840-4021**

**1.  BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. **$282,750.00**, called "Principal," plus interest, and any other charges incurred during the course of the loan, to the order of the Lender. The Lender is **WACHOVIA MORTGAGE, FSB, a FEDERAL SAVINGS BANK, ITS SUCCESSORS AND/OR ASSIGNEES**, or anyone to whom this Note is transferred.

**2.  INTEREST**

Interest will be charged on unpaid Principal until the full amount of Principal has been paid. I will pay interest at the yearly rate of **8.550%**. Interest will be charged on the basis of a twelve month year and a thirty day month.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section _ of this Note.

CERTIFIED TO BE A TRUE AND CORRECT COPY OF THE ORIGINAL
CHICAGO TITLE COMPANY
By KYM WEAVER

0047866207

## 3. PAYMENTS

**(A)   Time and Place of Payments**

I will pay Principal and Interest by making payments every month

I will make my monthly payments on the 16th day of each month beginning on **February 16, 2008.** I will make these payments every month until I have paid (i) all the Principal and Interest, and (ii) any other charges described below that I may owe under this Note, and (iii) any charges that may be due under the Security Instrument if, on **January 16, 2038,** I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **P.O. Box 669548, San Antonio, TX 78265** or at a different place if required by notice from the Lender

**(B)   Amount of My Initial Monthly Payments**

Each of my initial monthly payments will be in the amount of U.S. $ **1,286.61** This amount will change as described in Sections 3(C) and 3(G) below  My initial  monthly payment amount was selected by me from a range of initial payment amounts approved by Lender and may not be sufficient to pay the entire amount of interest accruing on the unpaid Principal balance

**(C)   Payment Change Dates**

My monthly payment will change as required by Section 3(G) below beginning on the 16th day of **February, 2009** and on that day every 12th  month thereafter until the 121st month, which will be the final payment change, Each of these dates is called a "Payment Change Date." My monthly payment will also change at any time Section 3(F) or 3(G) below requires me to pay a different amount

I will pay the amount of my new monthly payment each month beginning on each Payment Change Date and as provided in Section 3(F) or 3(G) below

**(D)   Calculation of Payment Changes**

Subject to Sections 3(F) and 3(G), on the Payment Change Date my monthly payment may be changed to an amount sufficient to pay the unpaid principal balance together with interest, including any deferred interest as described in Section 3(E) below, by the Maturity Date  However, the amount by which my payment can be increased will not be more than 7-1/2% of the then existing Principal and interest payment  This 7-1/2% limitation is called the "Payment Cap."  The Lender will perform this Payment Change calculation at least 60 but not more than 90 days before the Payment Change Date

THIS SPACE INTENTIONALLY LEFT BLANK

CA

0047865207

(E) **Deferred Interest; Additions to My Unpaid Principal**

From time to time, my monthly payments may be insufficient to pay the total amount of monthly interest that is due. If this occurs, the amount of interest that is not paid each month, called "Deferred Interest," will be added to my Principal and will accrue interest at the same rate as the Principal.

(F) **Limit on My Unpaid Principal; Increased Monthly Payment**

My unpaid principal balance can never exceed 125% of the Principal I originally borrowed, called "Principal Balance Cap." If, as a result of the addition of deferred interest to my unpaid principal balance, the Principal Balance Cap would otherwise be exceeded on the date that my monthly payment is due, I will instead pay a new monthly payment. Notwithstanding Sections 3(C) and 3(D) above, I will pay a new monthly payment which is equal to an amount that will be sufficient to repay my then unpaid principal balance in full on the Maturity Date together with interest, in substantially equal payments.

(G) **Final Payment Change**

On the 10th Payment Change Date my monthly payment will be calculated as described in Section 3(F) above except that the Payment Cap limitation will not apply.

(H) **Notice of Payment Changes**

The Lender will deliver or mail to me a notice of any changes in the amount of my monthly payment, called "Payment Change Notice," before each Payment Change Date.

4. **FAILURE TO MAKE ADJUSTMENTS**

If for any reason Lender fails to make an adjustment to the payment amount as described in this Note, regardless of any notice requirement, I agree that Lender may, upon discovery of such failure, then make the adjustments as if they had been made on time. I also agree not to hold Lender responsible for any damages to me which may result from Lender's failure to make the adjustment and to let the Lender, at its option, apply any excess monies which I may have paid to partial prepayment of unpaid Principal.

5. **BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal before it is due is called a "Prepayment". When I make a Prepayment, I will tell the Lender in writing that I am doing so. The Lender may require that any partial Prepayments be made on the date my regularly scheduled payments are due. If I make a partial Prepayment, there will be no changes in the due dates or amount of my regularly scheduled payments unless the Lender agrees to those changes in writing. I may pay deferred interest on this Note at any time without charge and such payment will not be considered a "Prepayment" of Principal. During the first 3 years of the loan term if I make one or more Prepayments that, in the aggregate, exceed $5,000 in any calendar month, I must pay a prepayment charge equal to 2% of the amount such Prepayments exceed $5,000 in that calendar month. After the first 3 years of the loan term, I may make a full or partial Prepayment without paying any prepayment charge.

6. **MAXIMUM LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit, and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Lender may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

7. **BORROWER'S FAILURE TO PAY AS REQUIRED**

(A) **Late Charges for Overdue Payments**

If the Lender has not received the full amount of any monthly payment by the end of 10 calendar days after the date it is due, I will pay a late charge to the Lender. The amount of the charge will be 6.00% of my overdue payment of Principal and interest. I will pay this late charge promptly but only once on each late payment.

0047866207

**(B)   Default**

I will be in default if (i) I do not pay the full amount of each monthly payment on the date it is due, or (ii) I fail to perform any of my promises or agreements under this Note or the Security Instrument, or (iii) any statement made in my application for this loan was materially false or misleading or if any statement in my application for this loan was materially false or misleading by reason of my omission of certain facts, or (iv) I have made any other statement to Lender in connection with this loan that is materially false or misleading

**(C)   Notice of Default**

If I am in default, the Lender may send me a written notice, called "Notice of Default," telling me that if I do not pay the overdue amount by a certain date, the Lender may require me to pay immediately the amount of Principal which has not been paid and all the interest that I owe on that amount, plus any other amounts due under the Security Instrument

**(D)   No Waiver by Lender**

Even if, at a time when I am in default, the Lender does not require me to pay immediately in full as described above, the Lender will still have the right to do so if I am in default at a later time

**(E)   Payment of Lender's Costs and Expenses**

The Lender will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law  Those expenses may include, for example, reasonable attorneys' fees and court costs

**8     GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me or any Borrower at 25463 CHIPMAN HILL  CT, MORENO VALLEY, CA  92553-7137, or at a single alternative address if I give the Lender notice of my alternative address  I may give notice to Lender of a change in my address in writing or by calling Lender's customer service telephone number provided on my billing statement  I may designate only one mailing address at a time for notification purposes

Except as permitted above for changes of address, any notice that must be given to the Lender under this Note will be given by mailing it by first class mail to the Lender at Wachovia Mortgage, FSB, P O  Box 659556, San Antonio, TX  78265 or at a different address if I am given a notice of that different address

**9     OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed  Any person who takes over these obligations is also obligated to keep all of the promises made in this Note  The Lender may enforce its rights under this Note against each person individually or against all of us together  This means that any one of us may be required to pay all of the amounts owed under this Note

**10.    WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment, notice of dishonor, notice of acceleration, and protest  "Presentment" means the right to require the Lender to demand payment of amounts due  "Notice of Dishonor" means the right to require the Lender to give notice to other persons that amounts due have not been paid

**11.    SECURED NOTE - ACCELERATION**

In addition to the protections given to the Lender under this Note, the Security Instrument dated the same date as this Note gives the Lender security against losses which it may proceed if I do not keep the promises which I made in this Note  That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note and includes the following Paragraph 28;

**AGREEMENTS ABOUT LENDER'S RIGHTS IF THE PROPERTY IS SOLD OR TRANSFERRED**

Acceleration of Payment of Sums Secured. Lender may, at its option, require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission  Lender also may, at its option, require immediate payment in full if Borrower is not a natural Person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission  However, Lender shall not require immediate payment in full if this is prohibited by Federal Law in effect on the date of the Security Instrument

If Lender exercises the option to require immediate payment in full, Lender will give me notice of acceleration  If I fail to pay all Sums Secured by this Security Instrument immediately, Lender may then or thereafter invoke any remedies permitted by this Security Instrument without further notice to or demand on me

0047866207

**12.  GOVERNING LAW; SEVERABILITY**

This Note shall be governed by and construed under federal law and federal rules and regulations including those for federally chartered savings institutions, called "Federal Law." In the event that any of the terms or provisions of this Note are interpreted or construed by a court of competent jurisdiction to be void, invalid or unenforceable, such decision shall affect only those provisions so construed or interpreted and shall not affect the remaining provisions of this Note

**13.  CLERICAL ERRORS**

In the event the Lender at any time discovers that this Note or the Security Instrument or any other document related to this loan, called collectively the "Loan Documents," contains an error which was caused by a clerical mistake, calculation error, computer error, printing error or similar error, I agree, upon notice from the Lender, to reexecute any Loan Documents that are necessary to correct any such error(s) and I also agree that I will not hold the Lender responsible for any damage to me which may result from any such error

**14.  LOST, STOLEN OR MUTILATED DOCUMENTS**

If any of the Loan Documents are lost, stolen, mutilated or destroyed and the Lender delivers to me an indemnification in my favor, signed by the Lender, then I will sign and deliver to the Lender a Loan Document identical in form and content which will have the effect of the original for all purposes

**THIS SPACE INTENTIONALLY LEFT BLANK; SIGNATURE PAGE FOLLOWS**

0047866207

**SIGNATURE PAGE**

NOTICE TO BORROWER(S)·

BY SIGNING THIS NOTE YOU AGREE TO PAY A PREPAYMENT CHARGE IN CERTAIN CIRCUMSTANCES. PLEASE CAREFULLY READ THIS ENTIRE NOTE (INCLUDING THE PREPAYMENT PROVISION) BEFORE YOU SIGN IT.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

(PLEASE SIGN YOUR NAME EXACTLY AS IT APPEARS BELOW)

BORROWER(S):

_____ (Seal)

KWADWO H ASARE-ANTWI

SD253 (2004-03-1)       [WW14 (2004-03-01)]            Page 8 of 8                    CA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 5

# Loan Information Report



| Loan Number: | 708-0484774849 | Created: | 02/26/2019 |
| Primary Borrower: | KWADWO H ASARE-ANTWI | | |

| Property Address | | Mailing Address | |
| 12668 CHAPMAN AVE UNIT 2405 | | PO BOX 10402 | |
| GARDEN GROVE, CA 92840-4021 | | MORENO VALLEY, CA 92552-0402 | |

## Loan Terms

| | | | |
|---|---|---|---|
| Loan Date | 12/21/2007 | Occupancy | INVESTMENT PROPERTY (NON-OWNER OCCUPIED) |
| Loan Purpose | PURCHASE | Type of Loan | CONVENTIONAL WITHOUT PMI |
| Loan Amount | $282,750.00 | Lien Type | FIRST MORTGAGE |
| Current Interest Rate | 8.55000% | Owner/Assignee | WELLS FARGO BANK NA |
| Term | 360 MONTHS | Loan Acquired | 10/01/2015 |
| Unpaid First Principal Balance | $302,413.19 | Assumption Date | N/A |
| Additional Unpaid Principal Balance | $0.00 | Military Status | N/A |
| Maturity Date | 04/15/2038 | | |
| Late Charge Amount | $131.50 | | |

## Escrow and Payment Information

| | | | |
|---|---|---|---|
| Due Date | 03/15/2018 | Restricted Escrow Balance | $0.00 |
| Scheduled Payment Amount | $3,086.39 | Projected Interest Due | N/A |
| Subsidy or Other Interest Credit | $0.00 | Interest Short | N/A |
| Principal and Interest | $2,630.03 | Interest Only | NO |
| Escrow | $456.36 | Prepayment Penalty | NO |
| Optional Products | $0.00 | Auto Draft | NO |
| | | Payment Frequency | MONTHLY |

## Adjustable Rate Mortgage Information

| | | | |
|---|---|---|---|
| Next Interest Rate Change | 12/12/2037 | Margin | N/A |
| Next Payment Change | 02/15/2038 | Index | N/A |
| Maximum Interest Rate | N/A | | |

## Current Home Preservation Activities

| | | | |
|---|---|---|---|
| Current Status | LOAN DENIED WORKOUT, BORROWER HAS APPEALED AND APPEAL BEING REVIEWED | Single Point of Contact (SPOC): | LEONOR MILLER 877-458-8417 EXT 1335520318 (OFFICE) |
| Complete Loss Mitigation Package Received | YES | | |
| Loss Mitigation Option Offered | NO OPTION OFFERED | | |

## Delinquency Information

| | | | |
|---|---|---|---|
| Number of Days Past Due | 348 DAYS | Bankruptcy Filed Date | N/A |
| Foreclosure Status | N/A | Bankruptcy Type | N/A |
| Foreclosure Referred On | N/A | Bankruptcy Status | N/A |
| Sale Date Scheduled | N/A | | |

## Credit Reporting History

| DATE REPORTED | STATUS REPORTED | SPECIAL COMMENT |
|---|---|---|
| 02/12/2019 | 84-180 DAYS | |
| 01/10/2019 | 84-180 DAYS | |
| 12/07/2018 | 84-180 DAYS | |
| 11/08/2018 | 84-180 DAYS | |
| 10/09/2018 | 84-180 DAYS | |
| 09/07/2018 | 82-120 DAYS | |
| 08/07/2018 | 82-120 DAYS | BO-FCL STARTED |
| 07/09/2018 | 80-90 DAYS D | |
| 06/07/2018 | 78-60 DAYS D | |

Ronald H. Freshman, Esq. (SBN 225136)
**LAW OFFICES OF RONALD H. FRESHMAN**
222 West 6th Street, Suite 400
San Pedro, CA 90731
Telephone: (858) 756-8288
Facsimile: (858) 964-1728

Attorney for Plaintiff Kwadwo Hwenso Asare-Antwi

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

KWADWO HWENSO ASARE-ANTWI,

Plaintiff,

v.

WELLS FARGO, N.A.; QUALITY LOAN SERVICE CORPORATION; CLEAR RECON CORP; DOES 1 through 5 inclusive herein,

Defendants.

**Case No.:**   30-2019-01064444-CU-OR-CJC
**Assigned:**   Hon. Judge Robert Moss

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

1) Declaratory Judgment
2) Intentional Misrepresentation
3) Cancellation of Instruments
4) Violation of Civil Code § 2924
5) Slander of Title
6) Breach of Contract/Estoppel
7) Violation of Bus. & Prof. Code § 17200 et. seq.
8) Violation of Homeowner Bill of Rights
9) Breach of Covenant of Good Faith and Fair Dealing

Plaintiff, KWADWO HWENSO ASARE-ANTWI (hereinafter "Plaintiff"), hereby complains, alleges, and affirms in his Verified First Amended Complaint for Damages the following:

## I. STATEMENT OF CASE

1.    This is a pre foreclosure matter in which the party threatening foreclosure is the servicer, Wells Fargo, N.A. ("Wells Fargo"), who has practiced unfair and deceptive business practices in first, collecting on a negative amortization loans that omitted material terms as to the

-1-
**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

**Law Offices of Ronald H. Freshman**
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

1 | true nature of the loans, falsely alleging it is the beneficiary when in fact it is not, and by breaching
2 | the deed of trust by failing to comply with federal and state laws.

3 |     2.    Plaintiff currently holds three different loans in which Wells Fargo is the servicer.
4 | Two of the properties are investment, income producing properties, one is located in Orange
5 | County and one in Riverside; the 3rd is Plaintiff's United States primary residence in Orange
6 | County, in the State of California.  This complaint is specific to the two Orange County properties
7 | (1 primary and 1 investment).

8 |     3.    The two loans, herein referenced as # 2305 with a loan identification ("id") ending
9 | in 5871, and #2405 with a loan id ending in 4849, were originated by World Savings, FSB, and
10 | Wachovia Mortgage, FSB, respectively.

11 |     4.    Among the issues are improper fees and charges, negative amortization of what
12 | was sold to Plaintiff as a "fixed rate" mortgage but is in fact a loan in which the borrower defers
13 | interest, increasing the principal balance up to 125% of the original principal balance, and
14 | improper application of the principal and interest payments.

15 |     5.    Wells Fargo filed a notice of default without exploring alternatives to foreclosure
16 | and included a declaration to each of the Notices of Default, falsely alleging it had attempted to
17 | explore alternatives with Plaintiff prior to filing the Notice of Default but was unsuccessful in
18 | reaching Plaintiff. Further, the NOD's allege Wells Fargo is the beneficiary, which Plaintiff
19 | disputes. Plaintiff seeks a rescission of each Notice of Default.

20 |     6.    Wells Fargo has used incorrect income amounts in evaluating Plaintiff for a
21 | modification; Plaintiff sent a letter stating he wanted to appeal the denial of the modification,
22 | pointing out the incorrect income amounts and requesting an explanation. In response, Wells
23 | Fargo denied the appeal stating it did not have to revise the incorrect income or explain its errors.

24 |     7.    Plaintiff herein seeks injunctive relief from Wells Fargo, Clear Recon and Quality
25 | Loan Services from continuing with the foreclosures until such time this Court can consider and
26 | evaluate the deceptive manner in which Wells Fargo has managed the loans.

27 |     8.    Plaintiff is prepared to pay adequate protection payments to protect his interest
28 | pending the outcome of this litigation.

-2-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

9.    Of note the original complaint was filed with a second complaint in Riverside, as to the property in Riverside. There was an internal miscommunication as to the primary residence which was misidentified as the Riverside when in fact, it is Unit # 2305 in Orange County. Therefore, this complaint has been revised to properly identify the correct primary residence of Plaintiff.

## II. JURISDICTION

10.    This court has subject matter jurisdiction over all matters alleged herein.

11.    This action is properly filed as an unlimited civil action seeking damages in excess of $25,000.

12.    The court has jurisdiction over Plaintiffs and all named Defendants as corporations doing business in the State of California or have potential interest in a real property located in the City Murrieta, County of Orange in the State of California.

## III. VENUE

13.    Venue in the Superior Court of Orange County is proper because the subject real properties and all actions material to this complaint occurred and are occurring in Orange County.

## IV. SUBJECT PROPERTY

14.    The first Subject property is commonly known as 12668 CHAPMAN AVE UNIT 2305, GARDEN GROVE, CA 92840-4021. (Hereinafter "2305" or "Primary Residence.")

15.    The second Subject Property is commonly known as 12668 CHAPMAN AVE UNIT 2405, GARDEN GROVE, CA 92840-4021 (Hereinafter "2405")

## V. PARTIES

16.    Plaintiff KWADWO HWENSO ASARE-ANTWI ("Plaintiff"), is an individual who resides in England, with his United States primary residence in Orange County, identified as Unite 2305, who at all times relevant herein is the true and rightful owner of the real properties at issue in this litigation.  These are Plaintiff's primary US residence and an investment property which produces rental income and both are part of Plaintiff's retirement assets.

17.    Wells Fargo, N.A. is a national bank which Plaintiff is informed and believes is headquartered in San Francisco, California.

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

-3-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

18.     Quality Loan Services is a California Corporation.

19.     Clear Recon is a California Corporation.

20.     Plaintiff does not know the true names and capacities of the defendants sued herein as DOES 1 through 5 ("DOE Defendants"), inclusive, and therefore sues said DOE Defendants by fictitious names.  Upon information and belief Plaintiff avers that each of the DOE Defendants is contractually, strictly, negligently, intentionally, vicariously liable or otherwise legally responsible in some manner for the acts and omissions described herein.  Plaintiff will amend this complaint to set forth the true names and capacities of each DOE Defendant when same are ascertained.

21.     Plaintiff is informed and believes that Defendants and DOE Defendants 1 through 5, inclusive, and each of them, are and at all material times have been, the agents, servants or employees of each other, purporting to act within the scope of said agency, service or employment in performing the acts and omitting to act as averred herein.   Defendants and Doe Defendants inclusive, are hereinafter collectively referred to as the "Defendants."

### STATEMENT OF FACTS and GENERAL ALLEGATIONS

**A.     LOAN for # 2305 identified as Loan Ending in 5871**

22.     The #2305 loan is titled "Fixed Rate Mortgage Note– Pick-A-Payment Loan." The original principal balance, on November 20, 2007 was $310,000 with an interest rate of 8.250%.

23.     The original lender identified on the Note and Deed of Trust ("DOT") is World Savings, FSB; the trustee is identified as Golden West Savings Association Service Co., a California Corporation ("Golden West".)

24.     The initial monthly payment was $1,357.40 and called for a payment change starting on the 1st day of January 2009.

25.     The payment change includes payment of the interest due, a portion of the unpaid principal, and any "deferred interest" which would be added to the principal balance of the loan for "underpayments" made when the Plaintiff selected the minimum payment.

-4-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

**Law Offices of Ronald H. Freshman**
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

26.     The Note allows for any "unpaid interest" to be added to the principal balance and will accrue interest at the same rate as the principal.

27.     The Note omits any terms describing any "pick a pay" option(s) or the legal and financial effect of such pick a pay options.

28.     The DOT states the payments will be applied first to any "prepayment charges", second, to advances made by the servicer; third, amounts due under paragraph # 2 (escrow); fourth, interest due; fifth to deferred interest, and sixth, to principal due.

29.     The DOT omits any terms describing any "pick a pay" option(s) or the legal and financial effect of such pick a pay options.

30.     At no time has Plaintiff been notified by any entity that his loan was purchased and that entity was and is his new creditor.

31.     On February 22, 2019 Plaintiff sent Wells Fargo a Qualified Written Request, and specifically requested that Wells Fargo provide a copy of the Note with any modifications made thereon, pursuant to Civil Code § 2943(b)(1).  (A true and correct copy of the QWR is attached herein as Exhibit 1)

32.     In response, Wells Fargo sent a copy of the Note. (A true and correct copy of the Note is attached herein as Exhibit 2)

33.     This Note specifically identifies payment to World Savings, FSB and there are no indorsements or allonges to the Note.

34.     Wells Fargo's "Loan Information" states that Wells Fargo acquired the loan on October 1, 2015. (A true and correct copy of the Loan Information is attached herein as Exhibit 3)

35.     Wells Fargo stated it is the "assignee" of the Note, but provided no evidence of this assignment.

36.     Plaintiff specifically requested the Beneficiary Statement, under § 2942(b)(1), which Wells Fargo was and remains, non-responsive.

///

///

-5-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

**Law Offices of Ronald H. Freshman**
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

37.    Plaintiff specifically requested that Wells Fargo provide evidence of notification to Plaintiff that his loan had been purchased with the identity of the new creditor, as required under 15 U.S.C. § 1641(g).   No evidence of this notice was provided.

38.    Plaintiff specifically sought details of "other charges" with the date of its assessment and basis of the assessment. Nothing was provided. Plaintiff has been charged $3,631.49 in "other charges" on the loan.

39.    Plaintiff specifically sought evidence, and the basis of, attorney fees being assessed against the loan in the amount of $1,991.23 (this amount is subject to change.)   These fees include "recording fees" of $93.00 and $98.00 respectively. Wells Fargo was non responsive.

40.    Plaintiff specifically sought an accounting of each payment that had been added to the principal balance, which has risen from $308,000 to $321,927.64.   Wells Fargo was non-responsive. It provided an accounting of fees and charges for the time period of January 2014 to current date as requested, but ignored the request specific to the increase in the principal balance.

41.    Plaintiff specifically requested a breakdown of the arrears as alleged in the Notice of Default. Wells Fargo was non responsive.

42.    On August 14, 2018 Wells Fargo had its agent, Clear Recon, record a Notice of Default. This Notice of Default states it is being signed on behalf of the trustee, Clear Recon, but the trustee identified in the deed of trust is Golden West.

43.    Plaintiff disputes this declaration in that Wells Fargo made no such attempts by telephone or letter, Wells Fargo recorded the Notice of Default with a declaration that contains deceptive statements and Wells Fargo failed to comply with the California Homeowner Bill of Rights ("HBOR") as detailed below

44.    Plaintiff did reach out to Wells Fargo to apply for a modification. Plaintiff's monthly income is $27,000.00 per month to which he has four mortgages- 3 that Wells Fargo services, and one that is serviced by a different servicer.

45.    Inexplicably, in evaluating and denying the modification of the predatory loan, Wells Fargo used an incorrect income amount of $17,142.00.

///

-6-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

46.     Plaintiff appealed, stating that Wells Fargo had misstated his monthly income, requesting that Wells Fargo explain the discrepancy and consider the correct amount. Wells Fargo refused to explain why it was only considering $17,000 of the $27,000 income claimed and in so doing, has unfairly denied Plaintiff's modification of the loan based on incorrect NPVs.

47.     During this time, while his modification was completed and being reviewed, Wells Fargo representatives assured Plaintiff any trustee sale was being cancelled or suspended, but in fact, they were postponed and continued to the following month. Plaintiff alleges the terms "cancelled" and "suspended" indicate no further acts towards selling the property would occur but in fact, the postponement of the sales indicates the trustee was moving forward with selling the property on the new date and that Wells Fargo was in fact dual tracking Plaintiff while continuing with a trustee sale while his modification application was under review.

48.     Plaintiff alleges a substitution of trustee was recorded, but this substitution improperly and falsely alleges Wells Fargo is the party with authority to substitute the trustee.

49.     Wells Fargo had noticed the property for sale for April 23, 2019.   There is a temporary restraining order in place and the sale is being postponed until July 2019.

50.     Plaintiff disputes that Wells Fargo is the valid, legal creditor and absence any indorsement on the Note, herein identifies Doe 1 as the actual creditor which has, in violation of state, federal and ¶ 15 of the deed of trust, concealed itself.

**B.     LOAN for # 2405 identified as Loan Ending in 4849**

51.     The #2405 loan is titled "Fixed Rate Mortgage Note– Pick-A-Payment Loan." The original principal balance, on December 21, 2007 was $282,750 with an interest rate of 8.2550%.

52.     The original lender identified on the Note and Deed of Trust ("DOT") is Wachovia Mortgage, FSB.

53.     The initial monthly payment was $1,285.51 and called for a payment change starting the 15th day of February 2009.

///

///

-7-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

54.     The payment change would include payment of the interest due, a portion of the unpaid principal, and any "deferred interest" which would be added to the principal balance of the loan.

55.     The Note allows for any "unpaid interest" to be added to the principal balance and will accrue interest at the same rate as the principal.

56.     The Note omits any terms describing any "pick a pay" option(s) or the legal effect of such pick a pay options.

57.     The DOT states the payments will be applied first to any "prepayment charges", second, to advances made by the servicer; third, amounts due under paragraph # 2 (escrow); fourth, interest due; fifth to deferred interest, and sixth, to principal due.

58.     The DOT omits any terms describing any "pick a pay" option(s) or the legal effect of such pick a pay options.

59.     At no time has Plaintiff been notified by any entity that his loan was purchased and that entity was and is his new creditor.

60.     On February 22, 2019 Plaintiff sent Wells Fargo a Qualified Written Request, and specifically requested that Wells Fargo provide a copy of the Note with any modifications made thereon, and pursuant to Civil Code § § 2943(b)(1). (Exhibit 1)

61.     In response, Wells Fargo sent a copy of the Note. (A true and correct copy of the Note is attached herein as Exhibit 4)

62.     This Note specifically identifies payment to Wachovia Mortgage, FSB and there are no indorsements or allonges to the Note.

63.     Wells Fargo's "Loan Information" for the loan ending in 4849, states that Wells Fargo acquired the loan on October 1, 2015. (A true and correct copy of the Loan Information is attached herein as Exhibit 5)

64.     Wells Fargo stated it is the "assignee" of the Note, and provided a letter to the OCC stating it (Wells Fargo) was applying for an application to convert Wachovia Mortgage, FSB, North Las Vegas, Nevada with and into Wells Fargo Bank, National Association. This letter is dated November 1, 2009.

-8-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

65.     Plaintiff specifically requested that Wells Fargo provide evidence of notification to Plaintiff that his loan had been purchased with the identity of the new creditor, as required under 15 U.S.C. § 1641(g).   No evidence of this notice was provided, as required under federal law.

66.     Plaintiff specifically sought details of "other charges" with the date of its assessment and basis of the assessment. Nothing was provided. Plaintiff has been charged $3,687.98 in "other charges" on the loan.

67.     Plaintiff specifically sought evidence, and the basis of, attorney fees being assessed against the loan in the amount of $1,644.25.  Wells Fargo was non responsive.

68.     Plaintiff specifically sought an accounting of each payment that had been added to the principal balance, which has risen from $282,750.00 to $302,413.19 as of January 1, 2019. Wells Fargo was non responsive.

69.     Plaintiff specifically requested a breakdown of the arrears as alleged in the Notice of Default. Wells Fargo was non responsive.

70.     On August 14, 2018 Wells Fargo had its agent, Quality Loan Service Corporation, record a Notice of Default. This Notice of Default has a declaration which declare that Wells Fargo attempted to contact Plaintiff, prior to recording the notice of default, to discuss alternatives, but was unsuccessful.

71.     Plaintiff disputes this declaration in that Wells Fargo made no such attempts by telephone or letter, and that Wells Fargo recorded the Notice of Default with a declaration that contains false and deceptive statements.

72.     Plaintiff did reach out to Wells Fargo to apply for a modification. Plaintiff's monthly income is $27,000.00 per month.

73.     Inexplicably, in evaluating and denying the modification of the predatory loan, Wells Fargo used an incorrect income amount of $19,500.00.

74.     Plaintiff appealed, stating that Wells Fargo had misstated his monthly income, requesting that Wells Fargo explain the discrepancy and consider the correct amount. Wells Fargo

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

-9-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

1   refused to explain why it was only considering $19,500 of the $27,000 claimed as income and in
2   so doing, as unfairly denied Plaintiff modification of the loan.

3        75.    Wells Fargo has noticed the property for sale for April 22, 2019.  Of note, the
4   Notice of Trustee Sale fails to identify the property in that it states the address but fails to identify
5   the unit number. Civil Code § 2924f(b)(1) requires a true and correct identification of the
6   property; this notice is subject to being adjudicated as void. (A true and correct copy of the
7   original Notice of Trustee Sale, which was continued, is attached herein as Exhibit 6)

8        76.    On April 15, 2019 Plaintiff sent Quality Loan Services noticing them of this error
9   with the Notice of Trustee sale and requesting they cease and desist from going forward with the
10  sale based on the defective Notice of Trustee Sale.   Quality Loan Servicing remains
11  nonresponsive. (A true and correct copy of the Cease and Desist Letter is attached herein as
12  Exhibit 7.)

13       77.    As of the filing of this complaint, Quality Loan Services has remained non
14  responsive.

15       78.    As a result of the deceptive nature of the loan, and omissions made in the loans,
16  Plaintiff was not aware of the "negative amortization" features, which were buried in the "fine
17  print" of the Note.

18       79.    Plaintiff, based on the statements made by Wells Fargo, and absence of any
19  indorsement on the Note, disputes that Wells Fargo is the actual creditor and herein identifies Doe
20  1 as an entity that has concealed itself in violation of federal and state laws and ¶ 15 of the deed
21  of trust which requires that the deed of trust be administered and governed by state and federal
22  law.

23       80.    Plaintiff alleges that in review of the responses to the QWR, Wells Fargo has
24  improperly inflated the principal balance of each loan in excess of $20,000 per loan, including
25  but not limited to unauthorized other charges, overcharges for force placed insurance, and
26  improper deferment of interest payments.

27  ///

28  ///

-10-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

**FIRST CAUSE OF ACTION: DECLARATORY JUDGMENT/INJUNCTIVE RELIEF**

(ALL DEFENDANTS)

81.     Plaintiff incorporates herein the allegations made in the preceding paragraphs, inclusive, as though fully set forth herein.

82.     Plaintiff brings this claim under Code of Civil Proc., § 1060 in which Plaintiff seeks a declaration of his rights and the rights of defendants.

83.     As detailed above, a controversy has arisen between Plaintiff and defendants, each of them.

84.     A controversy exists between Plaintiff and all defendants, as to true ownership of the loan and the rights of defendants to be demanding a payment, or conducting a trustee sale.

85.     Specifically, Wells Fargo alleges it acquired each loan on October 1, 2015 but it never notified Plaintiff it had purchased the loan in violation of 15 U.S.C. §1641(g).

86.     It is generally known, but not evidenced, that Worlds Savings was *acquired* by Wachovia, and in turn, Wachovia was *acquired* by Wells Fargo.

87.     Plaintiff alleges that any purchase of the Subject Loans was by acquisition and not by "merger" such that the identity of the Noteholder in due course with rights to enforce the Note is a Doe Defendant and remains unknown to Plaintiff.

88.     Plaintiff disputes that Wells Fargo acquired the loans and as such, is the beneficiary under California law, or under either DOT with rights to exercise the power of sale by declaration a default and election to sell. Plaintiff disputes that Wells Fargo is the beneficiary under DOT or represents the beneficiary under the deed of trust, such that Wells Fargo and its agents operating with a power of attorney, held no authority to substitute the trustees on the deeds of trust.

89.     The Notes are specifically paid to order Notes, and the purported copies as provided under Civil Code § 2943(b)(1), show no modification such as an indorsement.

90.     There is no record in the public land records showing an assignment of the DOT and Note and even if there was, the assignment would be disputed by the fact that the Note has not be transferred as evidenced by the Notes as presented to Plaintiff under § 2943(b)(1).

-11-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

91.     Plaintiff seeks a declaratory judgment as to the actual, true lender (creditor) of each respective loan.  Plaintiff seeks actual proof including but not limited to actual sale of the debt, and transfer of the Note.

92.     Plaintiff seeks resolution of the deceptive terms of the Note which states "Fixed Rate Mortgage Note – Pick a pay Loan" but omits the actual terms of the any such pick a pay options, their legal effect or the financial impact on the principal balance of the loan.

93.     Wherefore Plaintiff prays for Injunctive Relief from Wells Fargo, Doe 1, and their agents, and each of them, who have wrongfully and unlawfully threatened to sell the property through a nonjudicial foreclosure.

94.     Defendants' threatened conduct, unless and until enjoined and restrained by this Court will cause great and irreparable injury to Plaintiff in that (1) he will be deprived of the quiet use and enjoyment of his real property; (2) Plaintiff will be deprived of ownership and title to his real property based on a predatory loan in which the true party entitled to payments is unidentified; (3) as a result of obfuscation of ownership, Plaintiff is being deprived of restructuring out of the predatory loans, and (4) Wells Fargo is not in privity to the contract and therefore has not contractual basis for the foreclosure.

95.     If an injunction does not issue restraining and enjoining Defendants, and each of them, from disrupting Plaintiff's quiet enjoyment and ownership of his properties, Plaintiff will be irreparably harmed by loss of the unique real property and the income each property produces.

96.     Plaintiff has no adequate remedy at law for the injuries that will result from the current and threatened conduct of Defendants, and each of them, in that it will be impossible for Plaintiff to calculate the precise amount of damages he will suffer if Defendants' conduct is not enjoined and restrained.

97.     Plaintiff seeks a Declaratory Judgment as to:

a.     Declaration of the true parties as to each respective Note and deed of trust;

b.     Declaration of the terms of the Note in which the terms for a "pick a pay" option have been omitted to the detriment and harm of Plaintiff and in fact, any negative amortization

-12-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

1   should be removed as deceptive.  Further, any interest rolled into the principal should be removed

2   from the principal and no interest on interest should be allowed.

3          98.        WHEREFORE Plaintiff prays for judgment as set forth below.

4   **SECOND CAUSE OF ACTION: INTENTIONAL MISREPRESENTATION BY**

5   **OMISSION OF FACTS**

6   (DOE DEFENDANTS AND WELLS FARGO)

7          99.        Plaintiff incorporates herein the allegations made in the preceding paragraphs,

8   inclusive, as though fully set forth herein.

9          100.       Plaintiff alleges World Savings and Wachovia, respectively, each made the

10  representation to Plaintiff the loan was a "Fixed Rate Mortgage Note" and stated the loan was a

11  "pick a pay loan."

12         101.       Plaintiff alleges that neither World Savings or Wachovia disclosed verbally, in any

13  good faith estimate, or in the Note or Deed of Trust the term "pick a pay" describing the pick a

14  pay options with the legal and financial impact.

15         102.       Plaintiff alleges this omission of fact was critical and material to Plaintiff's

16  decision to enter each respective loan, and that had either World Savings or Wachovia disclosed

17  these facts, Plaintiff would not have engaged in the loan.

18         103.       Plaintiff alleges that Wells Fargo knows about the predatory nature of the loan and

19  deceptive nature of the terms of the Note and Deed of Trust as it has settled with the State Attorney

20  General agreeing (without admission of guilt or liability) to modify pick a pay loans originated

21  by World Savings and Wachovia.

22         104.       Plaintiff alleges his injury and harm became apparent when the Notice of Defaults

23  were recorded, and when Wells Fargo refused to modify the loans based on the inflated principal

24  balances that included "deferred interest."

25         105.       WHEREFORE Plaintiff prays for judgment as set forth below

26  ///

27  ///

28  ///

**Law Offices of Ronald H. Freshman**
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

-13-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

**THIRD CAUSE OF ACTION: CANCELLATION OF INSTRUMENTS**

(ALL DEFENDANTS)

106.   Plaintiff incorporates herein the allegations made in the preceding paragraphs, inclusive, as though fully set forth herein.

107.   Civil Code § 3412 provides, "A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be… canceled."

108.   An instrument which contains hearsay statements that mispresent material facts is subject to be adjudged as void and cancelled.

109.   Plaintiff alleges that each Notice of Default filed on each respective property are fatally defective as the state the "beneficiary" is Well Fargo, which Plaintiff disputes as false.

110.   Plaintiff alleges that each Substitution of Trustee is void for reason that the Substitutions were done by agents of Wells Fargo, who is not the lender or beneficiary, entitled to substitute the trustee.

111.   As result of these defective instruments, Quality Loan Services and Clear Recon are threatening Plaintiff with taking title to his property for payment to Wells Fargo, who is not entitled to said payments and is without authority to foreclose on Plaintiff.

112.   Plaintiff has been, and is being, harmed and prejudiced in that Defendants have initiated a foreclosure that each defendant knows, or should know, has no contractual basis upon which any defendant may foreclose as they are not parties to or agents of any party to the Note or deeds of trust.

113.   Plaintiff has been placed into a position of undue influence and economic duress by parties with no legal right to seek collection or foreclose and have in fact, seeking collection and plan to wrongfully foreclosed on his properties based on these false, and deceptive instruments.

114.   Plaintiff seeks an adjudication the Notices of Default, Substitutions of Trustee, and Notices of Trustee Sale are void, or voidable by this court.

-14-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

**Law Offices of Ronald H. Freshman**
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

115.    WHEREFORE, Plaintiff prays for judgment as detailed below.

## FOURTH CAUSE OF ACTION: VIOLATION OF CIVIL CODE § 2924

### (ALL DEFENDANTS)

116.    Plaintiff incorporates herein the allegations made in the preceding paragraphs, inclusive, as though fully set forth herein.

117.    Plaintiff alleges Wells Fargo is not the beneficiary of the Note, entitled to the payments thereof nor is Wells Fargo the agent of the true beneficiary, Doe Defendant 1, and therefore, Wells Fargo holds no legal right to exercise the power of sale by declaring a default and election to sale.

118.    Plaintiff alleges that Clear Recon and Quality Loan Services are entities who provide trustee services that have a legal duty all parties of the deed of trust, including Plaintiff, to exercise common sense and good judgment. But that instead, both trustees have failed to establish the authority of Wells Fargo to exercise the power of sale or substitute either entity as the trustee.

119.    As a result of these acts, the Notice of Default for each property is defective in that it fails to state the actual breach known to the actual, true beneficiary of the loan(s).

120.    As a result of these acts, the Notices of Trustee Sale are defective as they are issued by entities that are not valid, legal trustees.

121.    The NOTS for Subject Property # 2405 fails to identify the unit and therefore, Plaintiff alleges is fatally defective. (Exhibit 6)

122.    WHEREFORE Plaintiff prays for judgment as detailed below.

## FIFTH CAUSE OF ACTION: SLANDER OF TITLE

### (ALL DEFENDANTS)

123.    Plaintiff incorporates herein the allegations made in the preceding paragraphs, inclusive, as though fully set forth herein.

124.    Slander of Title is the publishing of a false statement about a party's property.

125.    As detailed above, the Substitutions of Trustee falsely identify Wells Fargo as the lender, or beneficiary, when in fact, Wells Fargo is not the lender or the successor in interest to the original lenders.

-15-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

126.   Plaintiff alleges, as detailed above, these substitutions of trustee affect interest in real property as they transfer title to be held by the entities that are not the valid trustees of each respective assignment.

127.   Plaintiff alleges that each and every one of these instruments contain false statements which Defendants notarized the Substitutions of Trustee to give the appearance of authority and validity.

128.   Plaintiff alleges the recording of a notarized document in the official land records is a violation of Penal Codes §§ 115, 115.5

129.   Plaintiff alleges the instruments have caused a cloud on title by representing that parties, with no legal right or authority, have an interest which is false.

130.   Plaintiff alleges he has been harmed with vendibility of his property and force to incur legal fees to defend his rights and seek a removal of this cloud.

131.   WHEREFORE, Plaintiff prays for judgment as detailed below.

**SIXTH CAUSE OF ACTION: BREACH OF CONTRACT AND ESTOPPEL**

(DOE DEFENDANT 1-5, WELLS FARGO)

132.   Plaintiff incorporates herein the allegations made in the preceding paragraphs, inclusive, as though fully set forth herein.

133.   Plaintiff alleges the deed of trust, under ¶ 15 states the deed of trust will be governed by federal and state law.

134.   Plaintiff alleges Doe Defendants 1-5 and Wells Fargo violated ¶ 15 by taking acts, or failing to take acts, as required by federal or state law, and defendant's breaches were material. Because defendants breached the contract first   Plaintiff was excused from performance until defendants cured the breach of the deed of trust (and Note).   Defendants violations were specifically:

  a.   Defendants omitted a material fact as to the true terms of the loan by failing to specify the "pick a pay" options with the legal and financial impact of each option in the Note or deed of trust, to the determinant and harm of Plaintiff.

  b.   Doe Defendant 1-5, and purportedly Wells Fargo, failed to provide notice to

-16-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

**Law Offices of Ronald H. Freshman**
222 West 6ᵗʰ Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

Plaintiff that either entity had purchased his loan and is now his "creditor."

   c.  Wells Fargo has engaged in deceptive and unfair business practice in accepting Plaintiff's modification applications but failing to consider his entire income in considering Plaintiff for a modification. As a result of this unfair business practice, Wells Fargo improperly denied the modifications based on improper principal balances and inaccurate income sources in which Wells Fargo has refused to consider 10,000 in monthly income.

   d.  Wells Fargo violated Civil Code  § 2943(b)(1) by failing to provide a beneficiary statement as requested under Civil Code.

   e.  Wells Fargo violated RESPA by failing to provide the accounting details and specifics as requested by Plaintiff.

135.   Plaintiff alleges that Doe Defendant 1-5 and Wells Fargo breached the contract first by failing to ensure all terms of the loan were properly disclosed; Plaintiff became aware of and suffered injury of this omission when he was unable to afford the escalating mortgage payments, and then was refused a modification out of the deceptive loan.

136.   Plaintiff alleges defendants and each of their agents, are estopped from taking any acts, including threat of foreclosure, until the material breach of the contract is cured.

137.   WHEREFORE, Plaintiff prays for judgment as detailed below.

**SEVENTH CAUSE OF ACTION: VIOLATION OF BUS. & PROF. CODE § 17200**

**(ALL DEFENDANTS)**

138.   Plaintiff incorporates herein the allegations made in the preceding paragraphs, inclusive, as though fully set forth herein.

139.   Plaintiff alleges Defendants all engage in the unfair and deceptive business practices which result in unlawful acts that violate California laws.   Specifically:

140.   As detailed above, Plaintiff alleges Wachovia Mortgage, FSB and World Savings, FSB engaged in the deceptive and unfair lending practices in marketing to Plaintiff a loan in which each entity, individually, omitted critical terms that impacted the long term viability of sustaining loan payments.

-17-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

141.   As a result of relying on Wachovia and World Savings representations, Plaintiff engaged in a loan that he would not have otherwise accepted.

142.   Plaintiff's injury and harm became apparent when he was unable to sustain the escalating mortgage payments, and started missing his mortgage payments.

143.   The "pick a pay options" increase the principal balance of the loan, and allow that the missed interest being included into the principal balance be assessed additional interest so that the Plaintiff is being charged interest on interest.

144.   As a result of this unfair and deceptive business practice, Plaintiff has been prejudiced in refinancing or modifying the loan because the loan balances have increased by over $20,000 a piece and the continues to increase based on the deceptive pick a pay options.

145.   As detailed above, Plaintiff alleges Doe Defendants 1-5, and Wells Fargo practice an unfair and deceptive business practice by concealing any new "creditor" who purportedly purchased the loan, in violation of both state and federal laws.

146.   As detailed above, Wells Fargo's practice of refusing to account for all of a borrower's income has prejudiced and harmed Plaintiff in restructuring his loan which he should in fact, qualify for. Plaintiff alleges Wells Fargo has intentionally refused to consider all of the income in order to intentionally foreclose on the predatory loans.

147.   This is particularly egregious because Wells Fargo entered into an agreement with the State Attorney General in which it agreed to restructure these predatory loans if they were on a principal residence of the borrower; Wells Fargo has refused to consider the borrowers loan in violation of the agreement with the State Attorney General, which Plaintiff herein alleges he is an intended 3rd party beneficiary of that settlement agreement.

148.   Plaintiff further alleges it is an unfair and deceptive business practice of Wells Fargo, which acknowledges these types of negative amortization loans are deceptive and financially destructive, to refuse to restructure them.

149.   As detailed above, Wells Fargo, Quality Loan Services and Clear Recon engage in the deceptive and unfair business practice of alleging a party that is not the beneficiary, is the beneficiary in their Notices of Default and Substitutions of Trustee.

-18-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

150.   As a result of this unfair and deceptive business practice, Plaintiff has made mistaken payments to the wrong party and has been subjected to the threats and acts of these false beneficiaries.

151.   Plaintiff alleges the recording of the Substitutions of Trustee, when defendants know, or should know, contain false statements, notarized and then file the instrument is an unlawful business practice in violation of Penal Codes §§ 115 and 115.5.

152.   Plaintiff alleges that Wells Fargo engages in the unfair, deceptive and unlawful business practice of failing to respond properly to RESPA requests, to requests under Civil Code § § 2943(b)(1) including failing to provide the beneficiary statement, and failing to deal with borrowers in pick a pay predatory loans in good faith.

153.   Plaintiff alleges that Wells Fargo engages in the unfair and deceptive business practice of failing to provide borrowers with meaningful opportunity to restructure a debt to avoid foreclosure by claiming it is the owner or beneficial holder, when in fact it is not.

154.   This misrepresentation deprives borrowers from seeking other alternatives to foreclosure which is significant if the loan is in fact, held by a private entity or by a government entity, which may or may not entitled Plaintiff to other alternatives.  The obfuscation prevents Plaintiff from seeing all true avenues of resolution.

155.   Plaintiff alleges Quality Loan Services and Clear Recon engage in the unfair and deceptive business practice of failing to act with commons seen or good judgment in ensuring any party requesting it be substituted as trustee has the authority to make such a request, or request a Notice of Default by ensuring the party requesting is the true beneficiary with the rights to exercise the power of sale.

156.   Plaintiff alleges Defendants, and each of them, take these acts with a reckless disregard and rights of the borrowers.

157.   Plaintiff alleges that the Defendants' misconduct, as alleged herein, gave, and has given, Defendants, and each of them, an unfair competitive advantage over their competitors.

///

///

-19-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

158.     The scheme implemented by Defendants, in collusion with one another, is specifically designed to defraud California consumers and enrich Defendants at the expense of consumers in this State.

159.     Plaintiff alleges the unfair and deceptive business practices result in violations of California law and said acts are not independent acts of Defendants but are in fact, a pattern and unfair and deceptive business practice of Defendants.

160.     By reason of the foregoing, Defendants should be enjoined from continuing such practices pursuant to California Business & Professions Code §§17203 and 17204. Plaintiff has suffered injury in fact, including but not limited to being subjected to the false representations of Defendants.

161.     Plaintiff has paid interests and charges on the loans and therefore, has standing to bring forth these UCL claims. *See Kwikset Corp. v. Superior Court (Benson)*(Jan. 27, 2011, S171845) ___ Cal.4th

162.     Plaintiff is being threatened with loss of title to his properties and all income thereof, including   improvements made to the property, and made principal and interest payments on the loan. Plaintiff has been assessed increased costs and fees associated with the wrongful foreclosure activities. Furthermore, Plaintiff is unable to modify the terms of loan because none of the Defendants have the legal authority to engage in loan modification negotiations.

163.     Plaintiff has incurred the burden to pay the costs of retaining at attorney to investigate the activities of the defendant. Moreover, because Plaintiff has been unable to modify the onerous terms of the loan, Plaintiffs' creditworthiness is ruined. Undoubtedly, other members of the public, similarly have fallen victim to Defendants' deceptive schemes, are likely to be injured as well.

164.     The harm to Plaintiff and members of the general public outweighs the utility (if any) of Defendants' policies and practices. Consequently, their policies and practices constitute unlawful   business acts or practices within the meaning of Business & Professions Code§ 17200 et. seq. Moreover, the foregoing conduct promotes an incipient violation of a consumer law, or violates the policy or spirit of such law or otherwise significantly threatens or harms competition.

**Law Offices of Ronald H. Freshman**
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

-20-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

165.    Plaintiffs are therefore entitled to injunctive relief and attorney's fees as available under Business & Professions Code§ 17200 et seq. and related sections.

166.    The acts and practices described in the preceding paragraphs are unfair and violate the Business & Professions Code because they constitute violations of all the statutes as detailed herein.

167.    WHEREFORE, Plaintiff prays for judgment as detailed below.

### EIGHTH CAUSE OF ACTION: VIOLATION HBOR

### (WELLS FARGO, CLEAR RECON)

168.    Plaintiff incorporates herein the allegations made in the preceding paragraphs, inclusive, as though fully set forth herein.

169.    Plaintiff alleges Unit # 2305 is his primary US residence and therefore, is covered by the California Homeowner Bill of Rights for his primary residence.

170.    Plaintiff alleges that Wells Fargo, as the servicer, and Clear Recon, as the trustee, had a legal duty to ensure that Plaintiff had been contacted to explore alternatives to foreclosure prior to recording the NOD.

171.    Plaintiff alleges that Wells Fargo made no telephone call or sent a letter to discuss alternatives and the declaration as attached to the NOD is false, in that it states contact was attempted.

172.    Plaintiff alleges at the time of the NOD, Wells Fargo also had a duty to notify Plaintiff of his right to receive a copy of the Note, assignments and accounting, prior to recording the NOD but failed to provide this notice in violation of Civil Code § 2924.55(B).

173.    Plaintiff alleges that Wells Fargo and Clear Recon are required to rely upon competent and reliable evidence before recording any instruments in the land records, but that in violation of Civil Code § 2924.17, have failed to do so.

174.    Plaintiff alleges that Wells Fargo, as the servicer, was required to identify the specific reasons for the denial, and if in fact, discrepancies were identified, correct those discrepancies.  On February 22, 2019 Plaintiff notified Wells Fargo ithad the wrong income amount for the modification and requested verification and explanation of why it was refusing to

-21-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

consider over $10,000 in Plaintiffs income. Wells Fargo told Plaintiff it didn't have to explain its errors, change the errors, or provide any further details as to the underwriting analysis and determination of denying the loan modification.  This attitude and denial by Wells Fargo is in violation of the spirit of the law, and HBOR in which it is in fact, required to provide the NPV values but has refused to provide the pertinent details to Plaintiff.

175.    Plaintiff alleges that during the time that the application was completed Wells Fargo had a duty to suspend the trustee sale but instead simply postponed it, continuing to threaten Plaintiff with a foreclosure while his modification application was being reviewed. This is dual tracking and in violation of HBOR. Further, Wells Fargo acts were deceptive in that the representatives told Plaintiff the sale was being cancelled and/or suspended; which was untrue. The sale was postponed and continued to the following month.

176.    Plaintiff alleges these are material breaches of the HBOR and that he is entitled to injunctive relief, as well as attorney fees and legal costs for having to bring these claims against Wells Fargo and Clear Recon.

177.    WHEREFORE, Plaintiff prays for judgment as detailed below.

## NINTH CAUSE OF ACTION: GOOD FAITH AND FAIR DEALING
### (DOE DEFENDANTS, WELLS FARGO)

178.    Plaintiff incorporates herein the allegations made in the preceding paragraphs, inclusive, as though fully set forth herein.

179.    Plaintiff alleges Wells Fargo as the agent, and Doe Defendants, have breached the covenant of good faith and fair dealing with Plaintiff by refusing to deal with Plaintiff honestly, fairly or in good faith.

180.    Omission of material terms of the Note;

181.    Increase of the principal balance and refusal to provide an accounting of the increase;

182.    Adding unauthorized and unsubstantiated charges to increase the amounts due;

183.    Violating the deed of trust by obfuscating and concealing the new creditor;

184.    Refusing to consider the modification in good faith by considering all of Plaintiffs

-22-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

1   income and refusing to state why his full income is not being considered;

2       185.   Claiming to cancel and suspend the trustee sale when in fact, it was simply

3   postponed for 30 days.

4       186.   Refusing to comply with RESPA in providing accurate and proper responses as

5   required so that Plaintiff could have a fair and accurate understanding of the charges made on the

6   loan.

7       187.   As a result of these acts, Plaintiff has been deprived of fully understanding his

8   rights and the financial status of the loan in order to seek other alternatives to restructuring the

9   loan.

10       188.   As a result of these acts, Plaintiff has been experienced additional stress in trying

11   to resolve the loan issues while being threatened with the foreclosure.

12       189.   WHEREFORE Plaintiff prays for judgement as detailed below.

### PRAYER FOR RELIEF

14       Wherefore, Plaintiff prays for judgment against the Defendants and each of them, jointly

15   and severally, as follows:

16       1)   For a declaration of the rights and duties of the parties as set forth above;

17       2)   A credit of any interest charged on interest which was included in the principal

18   balance and that said interest put into the principal be removed from the principal, and no further

19   interest charges on that interest.

20       3)   For an order cancelling the Substitutions of Trustee, Notices of Default and Notices

21   of Trustee Sale;

22       4)   For an order the business practices of Defendants are unfair and deceptive,

23   enjoining Defendants from continuing with the business practices;

24       5)   For a declaration that Defendants are estopped from continuing any further acts

25   with the intent to deprive Plaintiff of possession of the property.

26       6)   For an order demanding Defendants rescind the Notice of Default and an order

27   enjoining Defendants from recording any other Notice of Default until such time that Defendants

28   cure all material violations of the contract as detailed above;

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

-23-

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

7)      For Injunctive Relief that enjoins Defendants from any further acts until all material violations are cured and all improper fees are removed from Plaintiff's account;

8)   For attorney fees and legal costs for compelling Plaintiff to seek judicial assistance in compelling Defendants to comply with the law;

9)      For statutory, special, general and punitive damages;

10)     For treble damages or statutory damages of $50,000;

11)     Injunctive Relief pursuant to Cal. Bus. & Prof. Code §17200, Cal Civil Code § 3396 and Civ. Code of Proc. § 526, Civ. Code § 2924.12

12)     Attorney fees and costs, including those allowed by 2924.12, 2605 (f) and Cal Civ. Code §§1788.17 and 1788.30 and any other provisions of law.

13)     Such other further and different relief as the Court deems just and equitable, including interest at the legal rate.

LAW OFFICE OF RONALD H. FRESHMAN

Dated: May 2, 2019

By:     _Ronald H. Freshman_

Ronald H. Freshman, Esq.
Attorney for Plaintiff,
KWADWO HWENSO ASARE-ANTWI

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, CA 90731
Tel. (858) 756-8288

**VERIFICATION**

I am the attorney for KWADWO HWENSO ASARE-ANTWI, Plaintiff in the above-captioned matter. Such party is absent from the county of where such attorney has his offices, and I make this verification for and on behalf of Plaintiff for that reason. I am informed and believe and, on that ground, allege that the matters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on May 2, 2019 at San Diego, California.

RONALD H. FRESHMAN

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

Law Office
**Ronald H. Freshman, Esq.**

222 West 6th Street, Suite 400
San Pedro, California 90731
Office 858.756.8288
Fax 858.964.1728
rhf@freshmanlaw.com

February 22, 2019

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306-0335

RE:
Kwadwo Asare-Antwi- QUALIFIED WRITTEN REQUEST

     WF Loan # 0484755871; Property:    12668 Chapman Ave., # 2305
                                         Garden Grove, Ca. 92840
     WF Loan 0484580675; Property:     25463 Chipman Hill Crt.,
                                         Moreno Valley, Ca. 92555
     WF Loan 0484774849; Property:     12668 Chapman Avenue, #2405
                                         Garden Grove, Ca. 92840

To Whom It May Concern,

This is a Qualified Written Request pursuant to RESPA, 12 U.S.C. § 2605 et. seq., in which my client has both questions about the balances as stated on the above loans, and fees/charges that are unsubstantiated or authorized. My authorization to inquiry on behalf of my client, Mr. Asare-Antwi ("Client') is attached herein.

For **Loan ending in 4849**, please provide the following information on the loan from the time period of January 1, 2014 to CURRENT DATE:

1. A complete accounting of each payment that was an underpayment on the loan for principal and/or interest, resulting in a balance being transferred to the principal balance of the loan. Please provide the balance of the loan as of December 31, 2018 and as of the current date.

2. The interest rate assessed for each monthly payment. Include the date of the rate change.

1

Law Office
**Ronald H. Freshman, Esq.**

222 West 6th Street, Suite 400
San Pedro, California 90731
Office 858.756.8288
Fax 858.964.1728
rhf@freshmanlaw.com

3.  Please provide each date the borrower was noticed of the rate change.

4.  The order in which each payment amount was credited to the monies due. Specifically, identify   the order in which the payment is credited to interest, principal, taxes, insurance or other fees and/or charges.  Identify each amount credited per category, per payment.

5.  Identify the identity of the owner of the loan, the address of the owner, and provide the date on which this owner became the owner.

6.  Provide evidence of notice to the borrower of the purchase of his debt by the entity identified in # 4.

7.  On the mortgage statement please provide evidence of each of the following charges as assessed pursuant to YOUR statements.

     a.  Identify each late payment assessed, the amount of the late payment assessed and for which payment the late payment was assessed.

     b.  Identify with specificity each "other charge", the date of its assessment, and a clear description of what the charge is for. If the charge is the result of a 3rd party invoice, provide evidence of that invoice.

     c.  On August 20, 2018 the statement states advances are being made for attorney fees and costs. State the vendor to whom these fees or costs were paid, provide evidence of the invoice upon which you incurred the costs, and provide the authorization for YOU to assess attorney fees or costs. Please be advised that if you are relying upon the deed of trust, identify the specific clause that allows your right to assess these fees and costs, without a court order.  The total amount stated on this statement is $1,644.25.  Please note the borrower disputes the right of you to assess these fees.

2

Law Office
**Ronald H. Freshman, Esq.**

222 West 6th Street, Suite 400
San Pedro, California 90731
Office 858.756.8288
Fax 858.964.1728
rhf@freshmanlaw.com

d.  On January 30, 2019 the statement states advances are being made for attorney fees and costs.  State the vendor to whom these fees or costs were paid, provide evidence of the invoice upon which you incurred the costs, and provide the authorization for YOU to assess attorney fees or costs. Please be advised that if you are relying upon the deed of trust, identify the specific clause that allows your right to assess these fees and costs, without a court order.  The total amount stated on this statement is $2,043.23.  Please note the borrower disputes the right of you to assess these fees.

e.  Provide a complete accounting of the escrow for this loan.

f.  Provide evidence of any and all insurance premiums you have assessed against the loan. Include the identification of the insurance company, policy number, and evidence of the invoice for each insurance charge you have assessed.

g.  Provide an accounting of all deferred interest, the date incurred, the interest rate charge assessed, the increase in principal balance and demonstrate that future interest payments did or did not assess interest on the deferred interest.

h.  On 9/15/2016 you assessed a $25.00 "return fee". Provide evidence of that fee and the basis of that fee.

i.  You filed a Notice of Default, stating that as of August 17, 2018 borrower was in default of $16,684.45. Provide a complete accounting of all fees and charges which comprise the amount stated in the Notice of Default. Borrower disputes he was in arrears by this amount and herein

3

Law Office
**Ronald H. Freshman, Esq.**

222 West 6th Street, Suite 400
San Pedro, California 90731
Office 858.756.8288
Fax 858.964.1728
rhf@freshmanlaw.com

j.  states that this amount appears to include improper fees of at least $1,644.50, improper late fees, improper telephone fees.

k.  Please identify where in the Note, or deed of trust, the payment options YOU offer on the statements, is reflected in the contracts and agreed upon by borrower.  Borrower disputes the payment option terms are identified or agreed upon and therefor, disputes said options were done in properly.

l.  On March 28, 2016, April 11 and 13, 2016, May 1, 2016, May 13, 2016, June 2, 2016, June 6, 2016, July 29, 2016 YOU assessed telephone fees in the amount of $12.00 to $20.00.   Demonstrate where in the statement or in any notice, of Borrower's consent to be charged any fee for payment by phone. Further, please identify all telephone payment fees assessed against the loan, identify each payment made by this telephone payment and the date it was credited to the account.

m.  On June 6, 2016 you "reversed" two payments with different amounts for principal, interest, and escrow; further, you state there is an unapplied amount of $2,746.13.  Explain this discrepancy and when and how the "unapplied amount" was applied to the account, and manner in which it was applied.

Law Office
**Ronald H. Freshman, Esq.**

222 West 6th Street, Suite 400
San Pedro, California 90731
Office 858.756.8288
Fax 858.964.1728
rhf@freshmanlaw.com

For **Loan ending in 0675**, please provide the following information on the loan from the time period of January 1, 2014 to CURRENT DATE:

1. A complete accounting of each payment that was an underpayment on the loan for principal and/or interest, resulting in a balance being transferred to the principal balance of the loan. Please provide the balance of the loan as of December 31, 2018 and as of the current date.

2. The interest rate assessed for each monthly payment. Include the date of the rate change.

3. Please provide each date the borrower was noticed of the rate change.

4. The order in which each payment amount was credited to the monies due. Specifically, identify  the order in which the payment is credited to interest, principal, taxes, insurance or other fees and/or charges.  Identify each amount credited per category, per payment.

5. Identify the identity of the owner of the loan, the address of the owner, and provide the date on which this owner became the owner.

6. Provide evidence of notice to the borrower of the purchase of his debt by the entity identified in # 4.

7. On the mortgage statement please provide evidence of each of the following charges as assessed pursuant to YOUR statements.

   a. Identify each late payment assessed, the amount of the late payment assessed and for which payment the late payment was assessed.

   b. Identify with specificity each "other charge", the date of its assessment, and a clear description of what the charge is for. If the charge is the result of a 3rd party invoice, provide evidence of that invoice.

   c. The September and October 2018 statements state advances are being made for attorney fees and costs. State the vendor to whom these fees or

5

Law Office
**Ronald H. Freshman, Esq.**

222 West 6th Street, Suite 400
San Pedro, California 90731
Office 858.756.8288
Fax 858.964.1728
rhf@freshmanlaw.com

costs were paid, provide evidence of the invoice upon which you incurred the costs, and provide the authorization for YOU to assess attorney fees or costs. Please be advised that if you are relying upon the deed of trust, identify the specific clause that allows your right to assess these fees and costs, without a court order.  The total amount stated on this statement is $1,281.75 and $37.40, respectfully.  Please note the borrower disputes the right of you to assess these fees and demands the right to validate the amounts being assessed.

d.   Provide a complete accounting of the escrow for this loan.

e.   Provide evidence of any and all insurance premiums you have assessed against the loan. Include the identification of the insurance company, policy number, and evidence of the invoice for each insurance charge you have assessed. Specifically, the statements shows an amount of $2,734.09 being assess, with the name "FARMERS" in the side.  Provide the basis of purchasing "hazard" insurance.

f.   Provide an accounting of all deferred interest, the date incurred, the interest rate charge assessed, the increase in principal balance and demonstrate that future interest payments did or did not assess interest on the deferred interest.

g.   You filed a Notice of Default, stating that as of July 24, 2018 borrower was in default of $25,402.81. Provide a complete accounting of all fees and charges which comprise the amount stated in the Notice of Default. Borrower disputes he was in arrears by this amount and herein states that this amount appears to include improper late fees and charges, inflated insurance fees.

6

Law Office
**Ronald H. Freshman, Esq.**

222 West 6th Street, Suite 400
San Pedro, California 90731
Office 858.756.8288
Fax 858.964.1728
rhf@freshmanlaw.com

    h.  Please identify where in the Note, or deed of trust, the payment options YOU offer on the statements, is reflected in the contracts and agreed upon by borrower.  Borrower disputes the payment option terms are identified or agreed upon and therefor, disputes said options were done properly.

    i.  Please provide all statements YOU sent to borrower for the time period from inception of the loan to current date. Electronic delivery is fine, and preferred. (See below).

    j.  Please identify all telephone payment fees assessed against the loan. Identify the payment made by telephone and the date it was applied to the account.

For **Loan ending in 5871**, please provide the following information on the loan from the time period of January 1, 2014 to CURRENT DATE:

1. A complete accounting of each payment that was an underpayment on the loan for principal and/or interest, resulting in a balance being transferred to the principal balance of the loan.  Please provide the balance of the loan as of December 31, 2018 and as of the current date.

2. The interest rate assessed for each monthly payment. Include the date of the rate change.

3. Please provide each date the borrower was noticed of the rate change.

4.  The order in which each payment amount was credited to the monies due. Specifically, identify  the order in which the payment is credited to interest,

Law Office
**Ronald H. Freshman, Esq.**

222 West 6th Street, Suite 400
San Pedro, California 90731
Office 858.756.8288
Fax 858.964.1728
rhf@freshmanlaw.com

principal, taxes, insurance or other fees and/or charges. Identify each amount credited per category, per payment.

5. Identify the identity of the owner of the loan, the address of the owner, and provide the date on which this owner became the owner.

6. Provide evidence of notice to the borrower of the purchase of his debt by the entity identified in # 4.

7. On the mortgage statement please provide evidence of each of the following charges as assessed pursuant to YOUR statements.

   a. Identify each late payment assessed, the amount of the late payment assessed and for which payment the late payment was assessed.

   b. Identify with specificity each "other charge", the date of its assessment, and a clear description of what the charge is for. If the charge is the result of a 3rd party invoice, provide evidence of that invoice.

   c. On the August, 2019, September 2018, and January 2019 the statement states advances are being made for attorney fees and costs. State the vendor to whom these fees or costs were paid, provide evidence of the invoice upon which you incurred the costs, and provide the authorization for YOU to assess attorney fees or costs. Please be advised that if you are relying upon the deed of trust, identify the specific clause that allows your right to assess these fees and costs, without a court order. The total amount stated on the statements are $625.00, $1,119.61, and $147.02. Please note the borrower disputes the right of you to assess these fees.

   d. Provide a complete accounting of the escrow for this loan.

8

Law Office
**Ronald H. Freshman, Esq.**

222 West 6th Street, Suite 400
San Pedro, California 90731
Office 858.756.8288
Fax 858.964.1728
rhf@freshmanlaw.com

e. Provide evidence of any and all insurance premiums you have assessed against the loan. Include the identification of the insurance company, policy number, and evidence of the invoice for each insurance charge you have assessed.

f. Provide an accounting of all deferred interest, the date incurred, the interest rate charge assessed, the increase in principal balance and demonstrate that future interest payments did or did not assess interest on the deferred interest.

g. You apparently assessed and then waived a return fee of $125.00. Please identify the basis of that fee, and why it is for $125.00

h. You filed a Notice of Default, stating that as of July 30,2018 borrower was in default of $19,472.82. Provide a complete accounting of all fees and charges which comprise the amount stated in the Notice of Default.

i. Please identify where in the Note, or deed of trust, the payment options YOU offer on the statements, is reflected in the contracts and agreed upon by borrower. Borrower disputes the payment option terms are identified or agreed upon and therefor, disputes said options were done properly.

j. Demonstrate where in the statement or in any notice, of Borrower's consent to be charged any fee for payment by phone. Further, please identify all telephone payment fees assessed against the loan. Please identify which payment was made by the telephone and the date the payment was credited to the account.

9

Law Office
**Ronald H. Freshman, Esq.**

222 West 6th Street, Suite 400
San Pedro, California 90731
Office 858.756.8288
Fax 858.964.1728
rhf@freshmanlaw.com

k.  On June 6, 2016 you "reversed" two payments with different amounts for principal, interest, and escrow; further, you state there is an unapplied amount of $2,746.13.  Explain this discrepancy and when and how the "unapplied amount" was applied to the account, and manner in which it was applied.

Please provide a Beneficiary Statement with payoff amount for each of the above identified loans. Further, please provide a correct and true copy of each NOTE in its current state, and with any assignments or transfers of the loan or deed of trust. Please note under California Civil Code § 2943(b)(1) you are required to produce this Note, with any modifications made to the Note, within 21 days of this demand, along with the beneficiary statement.

Please direct all questions to my Sr. Paralegal, Kimberly Cromwell at ksc@freshmanlaw.com, or she may be reached at 510.290.8928; additionally, I can be reached at rhf@freshmanlaw.com or at 858.756.8288.  My mailing address is identified in the above header.

Regards,

Ronald H. Freshman,
Attorney for Kwadwo Asare-Antwi

Encl. Authorization
CC:  Kwadwo Asare-Antwi

10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 2

WORLD SAVINGS BANK, FSB

# FIXED RATE MORTGAGE NOTE

## PICK-A-PAYMENT℠ LOAN

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY MONTHLY PAYMENT AND MY UNPAID PRINCIPAL BALANCE. MY MONTHLY PAYMENT INCREASES AND MY PRINCIPAL BALANCE INCREASES ARE LIMITED. THIS NOTE IS SECURED BY A SECURITY INSTRUMENT OF THE SAME DATE.

LOAN NUMBER  0047714688                              DATE  November 20, 2007

BORROWER(S)  KWADWO HWENSO ASARE-ANTWI, AN UNMARRIED MAN  sometimes called "Borrower" and sometimes simply called "I" or "me "

PROPERTY ADDRESS: 12668 CHAPMAN AVE UNIT 2305, GARDEN GROVE, CA  92840-4021

1.  BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U S  $308,000.00 , called "Principal," plus interest, and any other charges incurred during the course of the loan, to the order of the Lender  The Lender is WORLD SAVINGS BANK, FSB, a FEDERAL SAVINGS BANK, ITS SUCCESSORS AND/OR ASSIGNEES, or anyone to whom this Note is transferred

2.  INTEREST

Interest will be charged on unpaid Principal until the full amount of Principal has been paid  I will pay interest at the yearly rate of 8.250%  Interest will be charged on the basis of a twelve month year and a thirty day month

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 7(B) of this Note

CERTIFIED TO BE A TRUE AND EXACT COPY OF THE ORIGINAL CHICAGO TITLE COMPANY

By _____
KYM WEAVER

SD253A (2006-09-4)    (A01 (2006-09-4))        FIXED PICK-A-PAYMENT NOTE              CA       | LENDER'S USE ONLY
                                                              Page 1

0047714698

3.  PAYMENTS

[A]   Time and Place of Payments
I will pay Principal and interest by making payments every month

I will make my monthly payments on the **1st** day of each month beginning on **January 1, 2008**. I will make these payments every month until I have paid (i) all the Principal and interest, and (ii) any other charges described below that I may owe under this Note, and (iii) any charges that may be due under the Security Instrument. If, on **December 1, 2037**, I still owe amounts under this Note, I will pay these amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **1901 HARRISON STREET, OAKLAND, CALIFORNIA 94612** or at a different place if required by notice from the Lender.

(B)   Amount of My Initial Monthly Payments
Each of my initial monthly payments will be in the amount of U.S. **$ 1,357.40**. This amount will change as described in Sections 3(C) and 3(D) below. My initial monthly payment amount was selected by me from a range of initial payment amounts approved by Lender and may not be sufficient to pay the entire amount of interest accruing on the unpaid Principal balance.

(C)   Payment Change Dates
My monthly payment will change as required by Section 3(D) below beginning on the **1st** day of **January, 2009** and on that day every **12th** month thereafter until the **121st** month, which will be the final payment change. Each of these dates is called a "Payment Change Date." My monthly payment will also change at any time Section 3(F) or 3(G) below requires me to pay a different amount.

I will pay the amount of my new monthly payment each month beginning on each Payment Change Date and as provided in Section 3(F) or 3(G) below.

(D)   Calculation of Payment Changes
Subject to Sections 3(F) and 3(G), on the Payment Change Date my monthly payment may be changed to an amount sufficient to pay the unpaid principal balance together with interest, including any deferred interest as described in Section 3(E) below, by the Maturity Date. However, the amount by which my payment can be increased will not be more than 7-1/2% of the then existing Principal and interest payment. This 7-1/2% limitation is called the "Payment Cap." The Lender will perform this Payment Change calculation at least 60 but not more than 90 days before the Payment Change Date.

**THIS SPACE INTENTIONALLY LEFT BLANK**

0047714688

**(E)   Deferred Interest; Additions to My Unpaid Principal**

From time to time, my monthly payments may be insufficient to pay the total amount of monthly interest that is due. If this occurs, the amount of interest that is not paid each month, called "Deferred Interest," will be added to my Principal and will accrue interest at the same rate as the Principal

**(F)   Limit on My Unpaid Principal; Increased Monthly Payment**

My unpaid principal balance can never exceed **125%** of the Principal I originally borrowed, called "Principal Balance Cap." If, as a result of the addition of deferred interest to my unpaid principal balance, the Principal Balance Cap limitation would be exceeded on the date that my monthly payment is due, I will instead pay a new monthly payment. Notwithstanding Sections 3(C) and 3(D) above, I will pay a new monthly payment which is equal to an amount that will be sufficient to repay my then unpaid principal balance in full on the Maturity Date together with interest, in substantially equal payments

**(G)   Final Payment Change**

On the **10th** Payment Change Date my monthly payment will be calculated as described in Section 3(D) above except that the Payment Cap limitation will not apply

**(H)   Notice of Payment Changes**

The Lender will deliver or mail to me a notice of any changes in the amount of my monthly payment, called "Payment Change Notice," before each Payment Change Date

**4.   FAILURE TO MAKE ADJUSTMENTS**

If for any reason Lender fails to make an adjustment to the payment amount as described in this Note, regardless of any notice requirement, I agree that Lender may, upon discovery of such failure, then make the adjustments as if they had been made on time. I also agree not to hold Lender responsible for any damages to me which may result from Lender's failure to make the adjustment and to let the Lender, at its option, apply any excess monies which I may have paid to partial prepayment of unpaid Principal

**5.   BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due.  A payment of Principal before it is due is called a "Prepayment".  When I make a Prepayment, I will tell the Lender in writing that I am doing so.  The Lender may require that any partial Prepayments be made on the date my regularly scheduled payments are due. If I make a partial Prepayment, there will be no changes in the due dates or amount of my regularly scheduled payments unless the Lender agrees to those changes in writing.  I may pay deferred interest on this Note at any time without charge and such payment will not be considered a "Prepayment" of Principal.  During the first 3 years of the loan term if I make one or more Prepayments that, in the aggregate, exceed $5,000 in any calendar month, I must pay a prepayment charge equal to 2% of the amount such Prepayments exceed $5,000 in that calendar month. After the first 3 years of the loan term, I may make a full or partial Prepayment without paying any prepayment charge.

**6.   MAXIMUM LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit, and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me  The Lender may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment

**7.   BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A)   Late Charges for Overdue Payments**

If the Lender has not received the full amount of any monthly payment by the end of **10** calendar days after the date it is due, I will pay a late charge to the Lender. The amount of the charge will be **6.00%** of my overdue payment of Principal and interest. I will pay this late charge promptly but only once on each late payment

0047714688

**(B)   Default**

I will be in default if (i) I do not pay the full amount of each monthly payment on the date it is due, or (ii) I fail to perform any of my promises or agreements under this Note or the Security Instrument, or (iii) any statement made in my application for this loan was materially false or misleading or if any statement in my application for this loan was materially false or misleading by reason of my omission of certain facts, or (iv) I have made any other statement to Lender in connection with this loan that is materially false or misleading

**(C)   Notice of Default**

If I am in default, the Lender may send me a written notice, called "Notice of Default," telling me that if I do not pay the overdue amount by a certain date, the Lender may require me to pay immediately the amount of Principal which has not been paid and all the interest that I owe on that amount, plus any other amounts due under the Security Instrument

**(D)   No Waiver by Lender**

Even if, at a time when I am in default, the Lender does not require me to pay immediately in full as described above, the Lender will still have the right to do so if I am in default at a later time

**(E)   Payment of Lender's Costs and Expenses**

The Lender will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law  Those expenses may include, for example, reasonable attorneys' fees and court costs

**8.   GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me or any Borrower at **25465 CHIPMAN HILL CT, MORENO VALLEY, CA  92553-7137**, or at a single alternative address if I give the Lender notice of my alternative address  I may give notice to Lender of a change in my address in writing or by calling Lender's customer service telephone number provided on my billing statement  I may designate only one mailing address at a time for notification purposes

Except as permitted above for changes of address, any notice that must be given to the Lender under this Note will be given by mailing it by first class mail to the Lender at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address

**9.   OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed  Any person who takes over these obligations is also obligated to keep all of the promises made in this Note  The Lender may enforce its rights under this Note against each person individually or against all of us together  This means that any one of us may be required to pay all of the amounts owed under this Note

**10.   WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment, notice of dishonor, notice of acceleration, and protest  "Presentment" means the right to require the Lender to demand payment of amounts due  "Notice of Dishonor" means the right to require the Lender to give notice to other persons that amounts due have not been paid.

**11.   SECURED NOTE - ACCELERATION**

In addition to the protections given to the Lender under this Note, the Security Instrument dated the same date as this Note gives the Lender security against which it may proceed if I do not keep the promises which I made in this Note  That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note and includes the following Paragraph 26:

**AGREEMENTS ABOUT LENDER'S RIGHTS IF THE PROPERTY IS SOLD OR TRANSFERRED**

<u>Acceleration of Payment of Sums Secured.</u> Lender may, at its option, require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission  Lender also may, at its option, require immediate payment in full if Borrower is not a natural Person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission  However, Lender shall not require immediate payment in full if this is prohibited by Federal Law in effect on the date of the Security Instrument

If Lender exercises the option to require immediate payment in full, Lender will give me notice of acceleration  If I fail to pay all Sums Secured by this Security Instrument immediately, Lender may then or thereafter invoke any remedies permitted by this Security Instrument without further notice to or demand on me

0047714688

**12   GOVERNING LAW; SEVERABILITY**

This Note shall be governed by and construed under federal law and federal rules and regulations including those for federally chartered savings institutions, called "Federal Law." In the event that any of the terms or provisions of this Note are interpreted or construed by a court of competent jurisdiction to be void, invalid or unenforceable, such decision shall affect only those provisions so construed or interpreted and shall not affect the remaining provisions of this Note

**13.   CLERICAL ERRORS**

In the event the Lender at any time discovers that this Note or the Security Instrument or any other document related to this loan, called collectively the "Loan Documents," contains an error which was caused by a clerical mistake, calculation error, computer error, printing error or similar error, I agree, upon notice from the Lender, to reexecute any Loan Documents that are necessary to correct any such error(s) and I also agree that I will not hold the Lender responsible for any damage to me which may result from any such error

**14.   LOST, STOLEN OR MUTILATED DOCUMENTS**

If any of the Loan Documents are lost, stolen, mutilated or destroyed and the Lender delivers to me an indemnification in my favor, signed by the Lender, then I will sign and deliver to the Lender a Loan Document identical in form and content which will have the effect of the original for all purposes

**THIS SPACE INTENTIONALLY LEFT BLANK; SIGNATURE PAGE FOLLOWS**

**SIGNATURE PAGE**

0047714688

NOTICE TO BORROWER(S):

BY SIGNING THIS NOTE YOU AGREE TO PAY A PREPAYMENT CHARGE IN CERTAIN CIRCUMSTANCES. PLEASE CAREFULLY READ THIS ENTIRE NOTE (INCLUDING THE PREPAYMENT PROVISION) BEFORE YOU SIGN IT.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

(PLEASE SIGN YOUR NAME EXACTLY AS IT APPEARS BELOW)

BORROWER(S):

_____  (Seal)

KWADWO HWENSO ASARE-ANTWI

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 3

# Loan Information Report

| Loan Number: | 708-0484755871 | Created: | | 02/27/2019 |
|---|---|---|---|---|
| Primary Borrower: | KWADWO HWENSO ASARE-ANTWI | | | |

| Property Address | Mailing Address |
|---|---|
| 1266B CHAPMAN AVE UNIT 2305<br>GARDEN GROVE, CA 92840-4021 | PO BOX 10402<br>MORENO VALLEY, CA 92552-0402 |

## Loan Terms

| | | | |
|---|---|---|---|
| Loan Date | 11/20/2007 | Occupancy | INVESTMENT PROPERTY (NON-OWNER OCCUPIED) |
| Loan Purpose | PURCHASE | Type of Loan | CONVENTIONAL WITHOUT PMI |
| Loan Amount | $308,000.00 | Lien Type | FIRST MORTGAGE |
| Current Interest Rate | 8.25000% | Owner/Assignee | WELLS FARGO BANK NA |
| Term | 360 MONTHS | Loan Acquired | 10/01/2015 |
| Unpaid First Principal Balance | $321,927.64 | Assumption Date | N/A |
| Additional Unpaid Principal Balance | $0.00 | Military Status | N/A |
| Maturity Date | 03/01/2038 | | |
| Late Charge Amount | $137.40 | | |

## Product and Payment Information

| | | | |
|---|---|---|---|
| Due Date | 04/01/2018 | Restricted Escrow Balance | $0.00 |
| Scheduled Payment Amount | $3,336.89 | Projected Interest Due | N/A |
| Subsidy or Other Interest Credit | $0.00 | Interest Short | N/A |
| Principal and Interest | $2,748.04 | Interest Only | NO |
| Escrow | $588.85 | Prepayment Penalty | NO |
| Optional Products | $0.00 | Auto Draft | NO |
| | | Payment Frequency | MONTHLY |

## Adjustable Rate Mortgage Information

| | | | |
|---|---|---|---|
| Next Interest Rate Change | 10/28/2037 | Margin | N/A |
| Next Payment Change | 01/01/2038 | Index | N/A |
| Maximum Interest Rate | N/A | | |

## Current Home Preservation Activities

| | | | |
|---|---|---|---|
| Current Status | LOAN DENIED WORKOUT, BORROWER HAS APPEALED AND APPEAL BEING REVIEWED | Single Point of Contact (SPOC) | KARL SCHROEDER 877-458-8417 EXT 1335427246 (OFFICE) |
| Complete Loss Mitigation Package Received | YES | | |
| Loss Mitigation Option Offered | NO OPTION OFFERED | | |

## Delinquency Information

| | | | |
|---|---|---|---|
| Number of Days Past Due | 332 DAYS | Bankruptcy Filed Date | N/A |
| Foreclosure Status | N/A | Bankruptcy Type | N/A |
| Foreclosure Referred On | N/A | Bankruptcy Status | N/A |
| Sale Date Scheduled | N/A | | |

## Credit Reporting History

| DATE REPORTED | STATUS REPORTED | SPECIAL COMMENT |
|---|---|---|
| 02/12/2019 | 84-180 DAYS | |
| 01/10/2019 | 84-180 DAYS | |
| 12/07/2018 | 84-180 DAYS | |
| 11/07/2018 | 84-180 DAYS | |
| 10/09/2018 | 84-180 DAYS | |
| 09/07/2018 | 83-150 DAYS | |
| 08/07/2018 | 82-120 DAYS | BO-FCL STARTED |
| 07/09/2018 | 80-90 DAYS D | |
| 06/07/2018 | 80-90 DAYS D | |

| DATE REPORTED | STATUS REPORTED | SPECIAL COMMENT |
|---|---|---|
| 05/07/2018 | 80-90 DAYS D | |
| 04/09/2018 | 78-60 DAYS D | |
| 03/07/2018 | 71-30 DAYS D | |
| 02/07/2018 | 11-CURRENT | |
| 01/08/2018 | 78-60 DAYS D | |
| 12/07/2017 | 78-60 DAYS D | |
| 11/07/2017 | 78-60 DAYS D | |
| 10/09/2017 | 78-60 DAYS D | |
| 09/07/2017 | 80-90 DAYS D | |
| 08/07/2017 | 80-90 DAYS D | |
| 07/07/2017 | 78-60 DAYS D | |
| 06/07/2017 | 78-60 DAYS D | |
| 05/08/2017 | 71-30 DAYS D | |
| 04/07/2017 | 71-30 DAYS D | |
| 03/07/2017 | 80-90 DAYS D | |
| 02/07/2017 | 78-60 DAYS D | |
| 01/09/2017 | 71-30 DAYS D | |
| 12/07/2016 | 11-CURRENT | |
| 11/07/2016 | 80-90 DAYS D | |
| 10/07/2016 | 78-60 DAYS D | |
| 09/08/2016 | 11-CURRENT | |
| 08/08/2016 | 11-CURRENT | |
| 07/07/2016 | 11-CURRENT | |
| 06/07/2016 | 11-CURRENT | |
| 05/09/2016 | 11-CURRENT | |
| 04/07/2016 | 11-CURRENT | |
| 03/07/2016 | 11-CURRENT | |
| 02/08/2016 | 11-CURRENT | |
| 01/07/2016 | 11-CURRENT | |
| 12/07/2015 | *NO STATUS* | |
| 11/09/2015 | *NO STATUS* | |
| 10/07/2015 | *NO STATUS* | |
| 09/08/2015 | 11-CURRENT | |
| 08/07/2015 | 71-30 DAYS D | |
| 07/07/2015 | 71-30 DAYS D | |
| 06/08/2015 | 71-30 DAYS D | |
| 05/07/2015 | 71-30 DAYS D | |
| 04/07/2015 | 71-30 DAYS D | |
| 03/09/2015 | 11-CURRENT | |
| 03/09/2015 | 11-CURRENT | |
| 02/09/2015 | 71-30 DAYS D | |
| 01/07/2015 | 71-30 DAYS D | |
| 12/08/2014 | 71-30 DAYS D | |
| 11/07/2014 | 71-30 DAYS D | |
| 10/07/2014 | 71-30 DAYS D | |
| 09/07/2014 | 71-30 DAYS D | |
| 08/07/2014 | 71-30 DAYS D | |
| 07/25/2014 | 71-30 DAYS D | |
| 06/25/2014 | 71-30 DAYS D | |
| 05/25/2014 | 71-30 DAYS D | |
| 04/25/2014 | 71-30 DAYS D | |
| 03/25/2014 | 71-30 DAYS D | |
| 02/25/2014 | 71-30 DAYS D | |
| 01/26/2014 | 71-30 DAYS D | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 4

**WACHOVIA MORTGAGE, FSB**



# FIXED RATE MORTGAGE NOTE

## PICK-A-PAYMENT℠ LOAN

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY MONTHLY PAYMENT AND MY UNPAID PRINCIPAL BALANCE. MY MONTHLY PAYMENT INCREASES AND MY PRINCIPAL BALANCE INCREASES ARE LIMITED. THIS NOTE IS SECURED BY A SECURITY INSTRUMENT OF THE SAME DATE.**

LOAN NUMBER  0047666207                          DATE· **December 21, 2007**

BORROWER(S)  **KWADWO H ASARE-ANTWI, A SINGLE MAN**   sometimes called "Borrower" and sometimes simply called "I" or "me "

PROPERTY ADDRESS  **12666 CHAPMAN AVE # 2406, GARDEN GROVE, CA  92840-4021**

**1.  BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U S  **$282,750.00** , called "Principal," plus interest, and any other charges incurred during the course of the loan, to the order of the Lender  The Lender is **WACHOVIA MORTGAGE, FSB, a FEDERAL SAVINGS BANK, ITS SUCCESSORS AND/OR ASSIGNEES**, or anyone to whom this Note is transferred.

**2.  INTEREST**

Interest will be charged on unpaid Principal until the full amount of Principal has been paid  I will pay interest at the yearly rate of **8 550%**  Interest will be charged on the basis of a twelve month year and a thirty day month

The interest rate required by this Section 2 is the rate I will pay both before and after any default described ~~~~~ this Note

CERTIFIED TO BE A TRUE AND CORRECT COPY OF THE ORIGINAL CHICAGO TITLE COMPANY
By_____
KYM WEAVER

LENDER'S USE ONLY

0047866207

3. **PAYMENTS**

**(A)   Time and Place of Payments**

I will pay Principal and Interest by making payments every month

I will make my monthly payments on the **15th** day of each month beginning on **February 15, 2008.** I will make these payments every month until I have paid (i) all the Principal and Interest, and (ii) any other charges described below that I may owe under this Note, and (iii) any charges that may be due under the Security Instrument If, on **January 15, 2038,** I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **P.O. Box 659558, San Antonio, TX 78265** or at a different place if required by notice from the Lender

**(B)   Amount of My Initial Monthly Payments**

Each of my initial monthly payments will be in the amount of U S **$ 1,285.51** This amount will change as described in Sections 3(C) and 3(D) below  My initial  monthly payment amount was selected by me from a range of initial payment amounts approved by Lender and may not be sufficient to pay the entire amount of interest accruing on the unpaid Principal balance

**(C)   Payment Change Dates**

My monthly payment will change as required by Section 3(D) below beginning on the **15th** day of **February, 2009** and on that day every **12th**  month thereafter until the **121st** month, which will be the final payment change. Each of these dates is called a "Payment Change Date." My monthly payment will also change at any time Section 3(F) or 3(G) below requires me to pay a different amount

I will pay the amount of my new monthly payment each month beginning on each Payment Change Date and as provided in Section 3(F) or 3(G) below

**(D)   Calculation of Payment Changes**

Subject to Sections 3(F) and 3(G), on the Payment Change Date my monthly payment may be changed to an amount sufficient to pay the unpaid principal balance together with interest, including any deferred Interest as described in Section 3(E) below, by the Maturity Date  However, the amount by which my payment can be increased will not be more than 7-1/2% of the then existing Principal and interest payment. This 7-1/2% limitation is called the "Payment Cap."  The Lender will perform this Payment Change calculation at least 60 but not more than 80 days before the Payment Change Date

THIS SPACE INTENTIONALLY LEFT BLANK

8D3258 (2006-09-5)      (502) (2006-09-5))      FIXED PICK-A-PAYMENT NOTE
                                                Page 2

CA

D047860207

**(E) Deferred Interest; Additions to My Unpaid Principal**

From time to time, my monthly payments may be insufficient to pay the total amount of monthly interest that is due. If this occurs, the amount of interest that is not paid each month, called "Deferred Interest," will be added to my Principal and will accrue interest at the same rate as the Principal.

**(F) Limit on My Unpaid Principal; Increased Monthly Payment**

My unpaid principal balance can never exceed 125% of the Principal I originally borrowed, called "Principal Balance Cap." If, as a result of the addition of deferred interest to my unpaid principal balance, the Principal Balance Cap limitation would be exceeded on the date that my monthly payment is due, I will instead pay a new monthly payment. Notwithstanding Sections 3(C) and 3(D) above, I will pay a new monthly payment which is equal to an amount that will be sufficient to repay my then unpaid principal balance in full on the Maturity Date together with interest, in substantially equal payments

**(G) Final Payment Change**

On the 10th Payment Change Date my monthly payment will be calculated as described in Section 3(D) above except that the Payment Cap limitation will not apply

**(H) Notice of Payment Changes**

The Lender will deliver or mail to me a notice of any changes in the amount of my monthly payment, called "Payment Change Notice," before each Payment Change Date

**4 FAILURE TO MAKE ADJUSTMENTS**

If for any reason Lender fails to make an adjustment to the payment amount, as described in this Note, regardless of any notice requirement, I agree that Lender may, upon discovery of such failure, then make the adjustments as if they had been made on time. I also agree not to hold Lender responsible for any damages to me which may result from Lender's failure to make the adjustment and to let the Lender, at its option, apply any excess monies which I may have paid to partial prepayment of unpaid Principal

**5 BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal before it is due is called a "Prepayment". When I make a Prepayment, I will tell the Lender in writing that I am doing so. The Lender may require that any partial Prepayments be made on the date my regularly scheduled payments are due. If I make a partial Prepayment, there will be no changes in the due dates or amount of my regularly scheduled payments unless the Lender agrees to those changes in writing. I may pay deferred interest on this Note at any time without charge and such payment will not be considered a "Prepayment" of Principal. During the first 3 years of the loan term if I make one or more Prepayments that, in the aggregate, exceed $5,000 in any calendar month, I must pay a prepayment charge equal to 2% of the amount such Prepayments exceed $5,000 in that calendar month. After the first 3 years of the loan term, I may make a full or partial Prepayment without paying any prepayment charge.

**6. MAXIMUM LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit, and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Lender may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment

**7. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A)   Late Charges for Overdue Payments**

If the Lender has not received the full amount of any monthly payment by the end of 10 calendar days after the date it is due, I will pay a late charge to the Lender. The amount of the charge will be 6.00% of my overdue payment of Principal and interest. I will pay this late charge promptly but only once on each late payment

0047866207

**(B)   Default**

I will be in default if (i) I do not pay the full amount of each monthly payment on the date it is due, or (ii) I fail to perform any of my promises or agreements under this Note or the Security Instrument, or (iii) any statement made in my application for this loan was materially false or misleading (or if any statement in my application for this loan was materially false or misleading by reason of my omission of certain facts, or (iv) I have made any other statement to Lender in connection with this loan that is materially false or misleading.

**(C)   Notice of Default**

If I am in default, the Lender may send me a written notice, called "Notice of Default," telling me that if I do not pay the overdue amount by a certain date, the Lender may require me to pay immediately the amount of Principal which has not been paid and all the interest that I owe on that amount, plus any other amounts due under the Security Instrument.

**(D)   No Waiver by Lender**

Even if, at a time when I am in default, the Lender does not require me to pay immediately in full as described above, the Lender will still have the right to do so if I am in default at a later time.

**(E)   Payment of Lender's Costs and Expenses**

The Lender will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses may include, for example, reasonable attorneys' fees and court costs.

**8.   GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me or any Borrower at **25463 CHIPMAN HILL CT, MORENO VALLEY, CA 92553-7137**, or at a single alternative address if I give the Lender notice of my alternative address. I may give a notice to Lender of a change in my address in writing or by calling Lender's customer service telephone number provided on my billing statement. I may designate only one mailing address at a time for notification purposes.

Except as permitted above for changes of address, any notice that must be given to the Lender under this Note will be given by mailing it by first class mail to the Lender at Wachovia Mortgage, FSB, P.O. Box 659558, San Antonio, TX 78265 or at a different address if I am given a notice of that different address.

**9.   OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who takes over these obligations is also obligated to keep all of the promises made in this Note. The Lender may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**10.   WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment, notice of dishonor, notice of acceleration, and protest. "Presentment" means the right to require the Lender to demand payment of amounts due. "Notice of Dishonor" means the right to require the Lender to give notice to other persons that amounts due have not been paid.

**11.   SECURED NOTE - ACCELERATION**

In addition to the protections given to the Lender under this Note, the Security Instrument dated the same date as this Note gives the Lender security against which it may proceed if I do not keep the promises which I made in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note and includes the following Paragraph 26):

**AGREEMENTS ABOUT LENDER'S RIGHTS IF THE PROPERTY IS SOLD OR TRANSFERRED**

**Acceleration of Payment of Sums Secured.** Lender may, at its option, require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission. Lender also may, at its option, require immediate payment in full if Borrower is not a natural Person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission. However, Lender shall not require immediate payment in full if this is prohibited by Federal Law in effect on the date of the Security Instrument.

If Lender exercises the option to require immediate payment in full, Lender will give me notice of acceleration. If I fail to pay all Sums Secured by this Security Instrument immediately, Lender may then or thereafter invoke any remedies permitted by this Security Instrument without further notice to or demand on me.

0047866207

**12   GOVERNING LAW; SEVERABILITY**

This Note shall be governed by and construed under federal law and federal rules and regulations including those for federally chartered savings institutions, called "Federal Law " In the event that any of the terms or provisions of this Note are interpreted or construed by a court of competent jurisdiction to be void, invalid or unenforceable, such decision shall affect only those provisions so construed or interpreted and shall not affect the remaining provisions of this Note

**13.   CLERICAL ERRORS**

In the event the Lender at any time discovers that this Note or the Security Instrument or any other document related to this loan, called collectively the "Loan Documents," contains an error which was caused by a clerical mistake, calculation error, computer error, printing error or similar error, I agree, upon notice from the Lender, to reexecute any Loan Documents that are necessary to correct any such error(s) and I also agree that I will not hold the Lender responsible for any damage to me which may result from any such error

**14.   LOST, STOLEN OR MUTILATED DOCUMENTS**

If any of the Loan Documents are lost, stolen, mutilated or destroyed and the Lender delivers to me an indemnification in my favor, signed by the Lender, then I will sign and deliver to the Lender a Loan Document identical in form and content which will have the effect of the original for all purposes

**THIS SPACE INTENTIONALLY LEFT BLANK; SIGNATURE PAGE FOLLOWS**

0047866207

## SIGNATURE PAGE

NOTICE TO BORROWER(S):

BY SIGNING THIS NOTE YOU AGREE TO PAY A PREPAYMENT CHARGE IN CERTAIN CIRCUMSTANCES. PLEASE CAREFULLY READ THIS ENTIRE NOTE (INCLUDING THE PREPAYMENT PROVISION) BEFORE YOU SIGN IT.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

(PLEASE SIGN YOUR NAME EXACTLY AS IT APPEARS BELOW)

BORROWER(S):

_____ (Seal)

KWADWO H ASARE-ANTWI

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 5

# Loan Information Report



| Loan Number: | 708-0484774849 | Created: | | 02/26/2019 |
|---|---|---|---|---|
| Primary Borrower: | KWADWO H ASARE-ANTWI | | | |

| Property Address | | Mailing Address | |
|---|---|---|---|
| 12668 CHAPMAN AVE UNIT 2405 | | | PO BOX 10402 |
| GARDEN GROVE, CA 92840-4021 | | | MORENO VALLEY, CA 92552-0402 |

### Loan Detail

| | | | |
|---|---|---|---|
| Loan Date | 12/21/2007 | Occupancy | INVESTMENT PROPERTY (NON-OWNER OCCUPIED) |
| Loan Purpose | PURCHASE | Type of Loan | CONVENTIONAL WITHOUT PMI |
| Loan Amount | $282,750.00 | Lien Type | FIRST MORTGAGE |
| Current Interest Rate | 8.55000% | Owner/Assignee | WELLS FARGO BANK NA |
| Term | 360 MONTHS | Loan Acquired | 10/01/2015 |
| Unpaid First Principal Balance | $302,413.19 | Assumption Date | N/A |
| Additional Unpaid Principal Balance | $0.00 | Military Status | N/A |
| Maturity Date | 04/15/2038 | | |
| Late Charge Amount | $131.50 | | |

### Product and Payment Information

| | | | |
|---|---|---|---|
| Due Date | 03/15/2018 | Restricted Escrow Balance | $0.00 |
| Scheduled Payment Amount | $3,086.39 | Projected Interest Due | N/A |
| Subsidy or Other Interest Credit | $0.00 | Interest Short | N/A |
| Principal and Interest | $2,630.03 | Interest Only | NO |
| Escrow | $456.36 | Prepayment Penalty | NO |
| Optional Products | $0.00 | Auto Draft | NO |
| | | Payment Frequency | MONTHLY |

### Adjustable Rate Mortgage Information

| | | | |
|---|---|---|---|
| Next Interest Rate Change | 12/12/2037 | Margin | N/A |
| Next Payment Change | 02/15/2038 | Index | N/A |
| Maximum Interest Rate | N/A | | |

### Current Home Preservation Activities

| | | | |
|---|---|---|---|
| Current Status | LOAN DENIED WORKOUT, BORROWER HAS APPEALED AND APPEAL BEING REVIEWED | Single Point of Contact (SPOC): | LEONOR MILLER 877-458-8417 EXT 1335520318 (OFFICE) |
| Complete Loss Mitigation Package Received | YES | | |
| Loss Mitigation Option Offered | NO OPTION OFFERED | | |

### Delinquency Information

| | | | |
|---|---|---|---|
| Number of Days Past Due | 348 DAYS | Bankruptcy Filed Date | N/A |
| Foreclosure Status | N/A | Bankruptcy Type | N/A |
| Foreclosure Referred On | N/A | Bankruptcy Status | N/A |
| Sale Date Scheduled | N/A | | |

### Credit Reporting History

| DATE REPORTED | STATUS REPORTED | SPECIAL COMMENT |
|---|---|---|
| 02/12/2019 | 84-180 DAYS | |
| 01/10/2019 | 84-180 DAYS | |
| 12/07/2018 | 84-180 DAYS | |
| 11/08/2018 | 84-180 DAYS | |
| 10/09/2018 | 84-180 DAYS | |
| 09/07/2018 | 82-150 DAYS | |
| 08/07/2018 | 82-120 DAYS | |
| 07/09/2018 | 80-90 DAYS D | BO-FCL STARTED |
| 06/07/2018 | 78-60 DAYS D | |

| DATE REPORTED | STATUS REPORTED | SPECIAL COMMENT |
|---|---|---|
| 05/07/2018 | 71-30 DAYS D | |
| 04/09/2018 | 11-CURRENT | |
| 03/07/2018 | 11-CURRENT | |
| 02/07/2018 | 11-CURRENT | |
| 01/08/2018 | 71-30 DAYS D | |
| 12/07/2017 | 71-30 DAYS D | |
| 11/07/2017 | 71-30 DAYS D | |
| 10/09/2017 | 71-30 DAYS D | |
| 09/07/2017 | 78-60 DAYS D | |
| 08/07/2017 | 78-60 DAYS D | |
| 07/07/2017 | 71-30 DAYS D | |
| 06/07/2017 | 71-30 DAYS D | |
| 05/08/2017 | 11-CURRENT | |
| 04/07/2017 | 71-30 DAYS D | |
| 03/07/2017 | 78-60 DAYS D | |
| 02/07/2017 | 71-30 DAYS D | |
| 01/08/2017 | 11-CURRENT | |
| 12/07/2016 | 11-CURRENT | |
| 11/07/2016 | 78-60 DAYS D | |
| 10/07/2016 | 71-30 DAYS D | |
| 09/08/2016 | 11-CURRENT | |
| 08/08/2016 | 11-CURRENT | |
| 07/07/2016 | 11-CURRENT | |
| 06/07/2016 | 11-CURRENT | |
| 05/09/2016 | 11-CURRENT | |
| 04/07/2016 | 11-CURRENT | |
| 03/07/2016 | 11-CURRENT | |
| 02/08/2016 | 11-CURRENT | |
| 01/07/2016 | 11-CURRENT | |
| 12/07/2015 | *NO STATUS* | |
| 11/09/2015 | *NO STATUS* | |
| 10/07/2015 | *NO STATUS* | |
| 09/08/2015 | 11-CURRENT | |
| 08/07/2015 | 11-CURRENT | |
| 07/07/2015 | 11-CURRENT | |
| 06/08/2015 | 11-CURRENT | |
| 05/07/2015 | 11-CURRENT | |
| 04/07/2015 | 11-CURRENT | |
| 03/09/2015 | 11-CURRENT | |
| 03/09/2015 | 11-CURRENT | |
| 02/09/2015 | 11-CURRENT | |
| 01/07/2015 | 11-CURRENT | |
| 12/08/2014 | 11-CURRENT | |
| 11/07/2014 | 11-CURRENT | |
| 10/07/2014 | 11-CURRENT | |
| 09/07/2014 | 11-CURRENT | |
| 08/07/2014 | 11-CURRENT | |
| 07/25/2014 | 71-30 DAYS D | |
| 06/25/2014 | 71-30 DAYS D | |
| 05/25/2014 | 71-30 DAYS D | |
| 04/25/2014 | 71-30 DAYS D | |
| 03/25/2014 | 71-30 DAYS D | |
| 02/25/2014 | 71-30 DAYS D | |
| 01/26/2014 | 71-30 DAYS D | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT 6

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

||||||||||||||||||||||||||||||||||||||||||| 90.00
* S R 0 0 1 0 5 2 4 7 0 7 $ *
**2018000464597** 1:43 pm 12/12/18

37 405 N34    3

0.00 0.00 0.00 0.00 6.00 0.00 0.000.0075.00 3.00

Recording requested by:
Quality Loan Service Corp.

When recorded mail to:
Quality Loan Service Corporation
2763 Camino Del Rio South
San Diego, CA 92108

---

TS No. **CA-18-834091-BF**
Order No.: 8740373

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# NOTICE OF TRUSTEE'S SALE

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED TO THE
COPY PROVIDED TO THE MORTGAGOR OR TRUSTOR (Pursuant to Cal. Civ. Code 2923.3)
注: 本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 12/21/2007. UNLESS YOU TAKE
ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED
AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD
CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn
by state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings
association, or savings bank specified in Section 5102 to the Financial Code and authorized to do business in this
state, will be held by duly appointed trustee. The sale will be made, but without covenant or warranty, expressed or
implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by
the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the
Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the
initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on
the day of sale.

**BENEFICIARY MAY ELECT TO BID LESS THAN THE TOTAL AMOUNT DUE.**

Trustor(s):      **KWADWO H ASARE-ANTWI, A SINGLE MAN**
Recorded:        1/7/2008 as Instrument No. 2008000006838      of Official Records in the office of the
                 Recorder of **ORANGE** County, California;

Date of Sale:    **1/9/2019 at 1:30PM**
Place of Sale:   **At the North front entrance to the County Courthouse located at 700 Civic Center Drive
                 West, Santa Ana, CA 92701**
Amount of unpaid balance and other charges: **$341,688.27**
The purported property address is:      **12668 CHAPMAN AVE, GARDEN GROVE, CA 92840-4021**
Assessor's Parcel No.: **936-192-11**

this page intentionally left blank

TS No.: **CA-18-834091-BF**

Legal Description: **Please be advised that the legal description set forth on the Deed of Trust is in error. The legal description of the property secured by the Deed of Trust is more properly set forth and made part of Exhibit "A" as attached hereto.**
**NOTICE TO POTENTIAL BIDDERS:** If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

**NOTICE TO PROPERTY OWNER:** The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call **916-939-0772** for information regarding the trustee's sale or visit this Internet Web site **http://www.qualityloan.com**, using the file number assigned to this foreclosure by the Trustee: **CA-18-834091-BF**. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

The undersigned Trustee disclaims any liability for any incorrectness of the property address or other common designation, if any, shown herein. If no street address or other common designation is shown, directions to the location of the property may be obtained by sending a written request to the beneficiary within 10 days of the date of first publication of this Notice of Sale.

If the sale is set aside for any reason, including if the Trustee is unable to convey title, the Purchaser at the sale shall be entitled only to a return of the monies paid to the Trustee. This shall be the Purchaser's sole and exclusive remedy. The purchaser shall have no further recourse against the Trustor, the Trustee, the Beneficiary, the Beneficiary's Agent, or the Beneficiary's Attorney.

If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the note holders right's against the real property only.

**QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Date: 12/11/2018

**Quality Loan Service Corporation**
**2763 Camino Del Rio South**
**San Diego, CA 92108**
**619-645-7711 For NON SALE information only**
**Sale Line: 916-939-0772**
**Or Login to: http://www.qualityloan.com**
**Reinstatement Line: (866) 645-7711 Ext 5318**

Quality Loan Service Corp. by: Ronald Alonzo, Assistant Secretary

TS No.: **CA-18-834091-BF**

## Exhibit "A"

The Land referred to in this Guarantee is situated in the State of California, County of ORANGE, CITY OF GARDEN GROVE and is described as follows:

A CONDOMINIUM COMPRISED OF:

PARCEL 1:

AN UNDIVIDED FEE SIMPLE INTEREST AS A TENANT IN COMMON IN AND TO THE COMMON AREA WITHIN THE PHASE 2 MODULE EQUAL TO THE RECIPROCAL OF THE NUMBER OF RESIDENTIAL UNITS LOCATED THE PHASE 2 MODULE, AS SHOWN ON THE CONDOMINIUM PLAN FOR CHAPMAN COMMONS, RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF COUNTY OF ORANGE, CALIFORNIA, ON FEBRUARY 13, 2007, AS DOCUMENT NO. 2007-93451 ("CONDOMINIUM PLAN"), WHICH IS LOCATED WITHIN LOT 1 OF TRACT NO. 16732, IN THE CITY GARDEN GROVE, COUNTY OF ORANGE, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF, FILED IN THE OFFICE OF THE COUNTY RECORDER OF ORANGE COUNTY, APRIL 18, 2006, IN BOOK 879 AT PAGE(S) 33 TO 35 ("MAP"). ALL DEFINED TERMS USED HEREIN SHALL HAVE THE MEANINGS SET FORTH IN THE DECLARATION REFERENCED BELOW AND THE CONDOMINIUM PLAN.

PARCEL 2:

RESIDENTIAL UNIT NO. 2405, AS SHOWN AND DESCRIBED ON THE CONDOMINIUM PLAN.

PARCEL 3:

AN EXCLUSIVE EASEMENT OVER THE PORTION OF THE COMMON AREA DESIGNATED IN THE CONDOMINIUM PLAN AS BEING APPURTENANT TO THE RESIDENTIAL UNIT DESCRIBED ABOVE.

PARCEL 4:

NON-EXCLUSIVE, APPURTENANT EASEMENTS IN AND TO (I) THE COMMON AREA IN OTHER MODULES IN THE PROJECT, AND (II) THE ASSOCIATION PROPERTY SHOWN IN THE CONDOMINIUM PLAN AND IN OTHER PHASES OF THE PROJECT, FOR USE THEREOF PURSUANT TO THE TERMS OF THE DECLARATION. SUBJECT TO ANY EXCLUSIVE USE EASEMENT AREAS AND OTHER RESERVATIONS SET FORTH IN THE DECLARATION. SUCH EASEMENTS SHALL BECOME EFFECTIVE AS TO A PHASE SUBSEQUENT TO THE PHASE IN WHICH THE CONDOMINIUM IS LOCATED UPON (I) RECORDATION OF A SUPPLEMENTARY DECLARATION DECLARING SUCH PHASE TO BE SUBJECT TO THE DECLARATION OR RECORDATION OF A SEPARATE DECLARATION OF RESTRICTIONS WHICH REQUIRES THE OWNERS WITHIN SUCH PHASE TO BE MEMBERS OF THE ASSOCIATION, AND (II) CONVEYANCE OF THE FIRST CONDOMINIUM IN THE RESPECTIVE PHASE. OR AS MORE FULLY SET FORTH IN THE DECLARATION, THE COMMON AREA AND ASSOCIATION PROPERTY REFERRED TO HEREIN AS TO EACH SUCH PHASE SHALL BE SHOWN AND DESCRIBED ON THE CONDOMINIUM PLAN COVERING SUCH PHASE, RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF COUNTY OF ORANGE, CALIFORNIA, EXCEPTING THEREFROM ANY PORTION THEREOF WHICH MAY BE DESIGNATED AS AN EXCLUSIVE USE EASEMENT AREA.

EXCEPTING THEREFROM THE EASEMENT AND OTHER RIGHTS RESERVED IN FAVOR OF GRANTOR IN THE DECLARATION FOR MARKETING AND DEVELOPMENT, INCLUDING, WITHOUT LIMITATION, SUBJECT TO ALL EXCLUSIVE USE EASEMENT AREAS, THE RIGHT OF GRANTOR TO MAINTAIN MARKETING UNITS IN THE CONDOMINIUMS OWNED BY GRANTOR, AS WELL AS THE RIGHT OF ACCESS, INGRESS, AND EGRESS FOR VISITORS TO THE SALES OFFICE AND MARKETING UNITS AND THE RIGHT TO MAINTAIN SIGNS OR OTHER MARKETING MATERIALS WITHIN THE COMMON AREA AND

OR ASSOCIATION PROPERTY OF THE PROJECT.

FURTHER EXCEPTING THEREFROM, AN EASEMENT FOR INGRESS AND EGRESS, IN, ON, OVER, THROUGH AND ACROSS THE COMMON AREA AND/OR ASSOCIATION PROPERTY TO PERMIT GRANTOR TO INSTALL IMPROVEMENTS THEREON. THE GRANTOR FURTHER RESERVES THE RIGHT TO PREVENT ACCESS OVER PORTIONS OF COMMON AREA AND/OR ASSOCIATION PROPERTY BY PLACING A CONSTRUCTION FENCE OR OTHER BARRIER THEREON PRIOR TO COMPLETION OF CONSTRUCTION OF ALL IMPROVEMENTS WITHIN THE PROJECT. HOWEVER, NO SUCH BARRIER SHALL PREVENT INGRESS OR EGRESS BY GRANTEE TO AND FROM HIS OR HER RESIDENTIAL UNIT.

FURTHER EXCEPTING FROM PARCELS 1, 2 AND 3 ABOVE, ALL EASEMENTS DESCRIBED IN THE DECLARATION, THE CONDOMINIUM PLAN, THE MAP, AND ALL OTHER EASEMENTS OF RECORD.

PARCEL 5:

A NON-EXCLUSIVE EASEMENT FOR VEHICULAR AND PEDESTRIAN INGRESS, EGRESS AND ACCESS IN, OVER, THROUGH AND ACROSS THE ROADWAY MODULE LOCATED WITHIN LOT 1 OF THE ABOVE-REFERENCED MAP, AS SHOWN ON THE CONDOMINIUM PLAN.THE REAL PROPERTY CONVEYED IN THIS GRANT DEED ("PROPERTY") IS CONVEYED TOGETHER WITH A MEMBERSHIP IN THE CHAPMAN COMMONS HOMEOWNERS ASSOCIATION ("ASSOCIATION") AND ACCEPTED SUBJECT TO THAT CERTAIN DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS OF CHAPMAN COMMONS RECORDED IN THE OFFICE RECORDS OF THE COUNTY RECORDER OF COUNTY OF ORANGE, CALIFORNIA ON FEBRUARY 13, 2007 AS DOCUMENT NO. 2007-93451 AND ANY AMENDMENTS THERETO NOW OF RECORD OR WHICH WILL BE OF RECORD PRIOR TO THE RECORDATION OF THIS GRANT DEED ("DECLARATION") WHICH ARE INCORPORATED HEREIN BY REFERENCE TO THIS GRANT DEED WITH THE SAME EFFECT AS THOUGH FULLY SET FORTH HEREIN. AS MORE PARTICULARLY DESCRIBED IN THE DECLARATION. THE PROPERTY IS CONVEYED SUBJECT TO SUCH EASEMENTS IN FAVOR OF THE ASSOCIATION AS ARE NECESSARY TO PERFORM THE DUTIES AND OBLIGATIONS OF THE ASSOCIATION AND CERTAIN EASEMENTS RESERVED BY GRANTOR. GRANTEE, IN ACCEPTING THIS GRANT DEED AND THE CONVEYANCE HEREUNDER, DOES HEREBY AGREE, JOINTLY AND SEVERALLY, FOR THE BENEFIT OF THE ASSOCIATION AND EACH AND EVERY ONE OF THE OTHER MEMBERS OF THE ASSOCIATION, THAT GRANTEE WILL PROMPTLY, FULLY AND FAITHFULLY COMPLY WITH AND CONFORM TO THE DECLARATION AND THE ARTICLES OF INCORPORATION AND BYLAWS OF THE ASSOCIATION AND THE RULES AND ARCHITECTURAL GUIDELINES REFERENCED IN THE DECLARATION. IN PARTICULAR, GRANTEE DOES HEREBY AGREE, JOINTLY AND SEVERALLY, PROMPTLY TO PAY IN FULL ANY DUES, FEES OR ASSESSMENTS LEVIED BY THE ASSOCIATION ON THE MEMBERSHIP CONVEYED HEREBY. THE OBLIGATIONS OF GRANTEE HEREIN SET FORTH SHALL BE COVENANTS RUNNING WITH THE PROPERTY IT BEING UNDERSTOOD THAT SAID MEMBERSHIP IN THE ASSOCIATION AND THE OBLIGATIONS THEREOF, WILL AUTOMATICALLY PASS TO GRANTEE'S SUCCESSOR IN TITLE IN THE PROPERTY OR OTHERWISE, AND SHALL BE BINDING UPON THE GRANTEES ABOVE NAMED, THEIR HEIRS, DEVISEES, EXECUTORS, ADMINISTRATORS, SUCCESSORS AND ASSIGNS.

Trustee Sale Number: CA-18-834091-BF

NOTICE OF SALE
SUMMARY OF KEY INFORMATION

The attached notice of sale was sent to KWADWO H ASARE-ANTWI, A SINGLE MAN, in relation to 12668 CHAPMAN AVE, GARDEN GROVE, CA 92840-4021.

YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 12/21/2007. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE.

IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

The total amount due in the notice of sale is $341,688.27. Your property is scheduled to be sold on 1/9/2019 at 1:30PM At the North front entrance to the County Courthouse located at 700 Civic Center Drive West, Santa Ana, CA 92701.

However, the sale date shown on the attached notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call 916-939-0772 or visit this Internet Web site address http://www.qualityloan.com using the file number assigned to this case CA-18-834091-BF. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

If you would like additional copies of this summary, you may obtain them by calling 619-645-7711.

Civil Code Section 2923.3(d)(2) (Revised 3/28/13)

this page intentionally left blank

Trustee Sale Number: CA-18-834091-BF

<div align="center">

出售通知
關鍵信息摘要

</div>

本文中包含的有關　12668 CHAPMAN AVE, GARDEN GROVE, CA 92840-4021
（所 ▪ 抵押貸款或產權契約違約的房產描述）

的出售通知發送給　　KWADWO H ASARE-ANTWI, A SINGLE MAN。
（委托人姓名）

你的 Deed of Trust 於 12/21/2007 已經逾期違約。
　（產權契約或抵押貸款）　　　　　　　　　　（日期）

除非你採取行動保護你的房產，否則該房產將被公開出售。

如果你需要了解對你的訴訟程序的性質，應該聯系一名律師。

法拍書面通知的總金額是　$341,688.27。

你的房產預計出售的時間　1/9/2019  1:30PM
　　　　　　　（出售日期和時間）

出售地點　At the North front entrance to the County Courthouse located at 700 Civic Center Drive West, Santa Ana, CA 92701。
　　　　　　　（出售位置）

然而，根據加州民法第2924章g條款，本文中包含的法拍書面通知上顯示的出售日期可能會被抵押權人，受益人，受托人，或法院一次或多次推遲。該法規定，作為對不在法拍現場人士的一種寬限，有關受托人推遲出售的信息要提供給你和公眾。如果你想了解你的房產出售日期是否已被推遲，以及（如適用）重新安排的法拍時間和日期，可致電　916-939-0772
　　　　　　（關於受托人出售信息的電話號碼）

或訪問互聯網網址　　http://www.qualityloan.com，用指定的 ▪ 案編號
　　　　　　　（互聯網網址提供的出售該房產的信息）

　CA-18-834091-BF  查找。
　　（案件 ▪ 案號）

關於推遲法拍的信息，持續時間會很短，或僅在預定法拍時間前不久發布，可能不會立即反映在電話信息或互聯網的網址上。最好驗証推遲信息的方法是，出席預定的拍賣。

如果你想獲得更多的本摘要副本，請撥打下列電話　　619-645-7711。
　　　　　　　　　　　（電話號碼）

Notice of Sale-Chinese (Revised 3/28/13)

Trustee Sale Number: CA-18-834091-BF

매각 공고

주요 정보 요약

첨부된 매각 공고는  KWADWO H ASARE-ANTWI, A SINGLE MAN  에게 발송되는 것이며, 이는

(신탁 설정자 성명)

12668 CHAPMAN AVE, GARDEN GROVE, CA 92840-4021  에 관한 것입니다. (채무 불이행 저당권 또는 신탁 증서를 보증하는 부동산에 대한 설명)

귀하는  12/21/2007  현재 날짜로  Deed of Trust  하에서

(신탁 증서 또는 저당권)

채무 불이행 상태입니다. 귀하의 부동산을 보호하기 위해 조치를 취하시지 않는 한, 귀하의 부동산은 공매로 매각 처분될 수 있습니다. 귀하에게 취해지는 이러한 법적 절차에 대한 설명이 필요하신 경우 변호사와 상담하십시오.

매각 공고에서 지불되어야 할 총액은 $341,688.27 입니다.

귀하의 부동산은 1/9/2019  1:30PM

(매각 일자 및 시간)

에 At the North front entrance to the County Courthouse located at 700 Civic Center Drive West, Santa Ana, CA 92701 에서 매각되기로 일정이 잡혀 있습니다.

(매각 장소)

그러나 캘리포니아주 민법 2924g항에 준하여, 첨부된 매각 공고에 나타난 매각 일자는 저당권자, 신탁수익자, 수탁자, 또는 법정에 의해 한 번 이상 연기될 수 있습니다. 법에 따라, 수탁자 매각 연기에 관한 정보는 매각에 참석하지 않는 사람들에 대한 호의로서 귀하 및 일반 대중에게 제공되어야 합니다. 매각 일자가 연기되었는 지, 그리고 해당되는 경우 이 부동산의 연기된 매각 일자 및 시간에 대해 알기 원하시는 경우,   916-939-0772로 전화하시거나 또는 웹사이트 주소

(수탁자 매각에 관한 정보 안내 전화번호)

http://www.qualityloan.com 를 방문해 본 사례 배정 파일 번

Notice of Sale – Korean (Revised 3/28/13)

Trustee Sale Number: CA-18-834091-BF

(본 부동산의 매각에 관한 정보 안내 인터넷 웹사이트)

CA-18-834091-BF 를 사용하시면 됩니다.

　　　(사례 파일 번호)


　　　매우 짧은 기간의 연기 또는 매각 일정과 가까운 시간에 발생하는 연기는 정보 안내 전화나 인터넷 웹사이트에 즉각적으로 나타나지 않을 수 있습니다. 연기 정보를 확인하는 최선의 방법은 매각 예정일에 참석하는 것입니다.

본 요약서의 추가적인 사본을 원하시는 경우, 619-645-7711 (으)로 전화하시면

　　　　　　　　　　　　　(전화번호)

보내드립니다.

Trustee Sale Number: CA-18-834091-BF

AVISO DE VENTA
RESUMEN DE LA INFORMACIÓN CLAVE

El aviso de venta adjunto se envió a KWADWO H ASARE-ANTWI, A SINGLE MAN (Fideicomitente), en relación con 12668 CHAPMAN AVE, GARDEN GROVE, CA 92840-4021 (descripción de la propiedad que garantiza la hipoteca o escritura de fideicomiso en mora).

USTED HA INCUMPLIDO LOS TÉRMINOS DE UNA DEED OF TRUST (escritura de fideicomiso o hipoteca) DE FECHA 12/21/2007. SI NO TOMA MEDIDAS PARA PROTEGER SU PROPIEDAD, PODRÁ SER VENDIDO EN UNA SUBASTA PÚBLICA.

SI USTED NECESITA QUE LE EXPLIQUEN LA NATURALEZA DEL PROCEDIMIENTO EN SU CONTRA, DEBE CONSULTAR A UN ABOGADO.

El importe total adeudado correspondiente al aviso de venta es $341,688.27.

La subasta de la propiedad se ha programado para el día 1/9/2019 1:30PM (fecha y hora de la subasta) At the North front entrance to the County Courthouse located at 700 Civic Center Drive West, Santa Ana, CA 92701 (lugar de la subasta).

No obstante, conforme al Artículo 2924g del Código Civil de California, la fecha de la subasta que figura en el aviso adjunto podrá ser postergada una o más veces por el acreedor hipotecario, el beneficiario, el fideicomisario o un tribunal. La ley exige que, como cortesía para quienes no hayan asistido a la subasta, la información sobre las postergaciones solicitadas por el fideicomisario se ponga a disposición suya y del público en general. Si desea saber si la subasta de su propiedad se ha postergado, y, en tal caso, la nueva fecha propuesta para la subasta de esta propiedad, puede llamar al teléfono 916-939-0772 (número de teléfono para obtener información sobre la subasta del fideicomisario) o visitar el sitio web http://www.qualityloan.com (dirección del sitio web para obtener información sobre la subasta de la propiedad), usando el número de registro asignado a este caso CA-18-834091-BF (número de registro del caso).

Es posible que la información sobre las postergaciones por plazos muy breves o decididas muy próximo a la fecha programada para la subasta no figuren en la información que se ofrece por teléfono o en el sitio web. La mejor forma de verificar la información sobre las postergaciones es asistir a la subasta que se ha programado.

Si desea recibir copias adicionales de este resumen, puede llamar al teléfono 619-645-7711 (ingresar número de teléfono).

Notice of Sale-Spanish (Revised 3/28/13)

Trustee Sale Number: CA-18-834091-BF

<div align="center">

PABATID NG PAGBEBENTA
BUOD NG PANGUNAHING IMPORMASYON

</div>

Ang nakakalip na notice of sale (pabatid ng pagbebenta) ay ipinadala kay KWADWO H ASARE-ANTWI, A SINGLE MAN (Nagkakatiwala), bilang kaugnayan sa 12668 CHAPMAN AVE, GARDEN GROVE, CA 92840-4021 (paglalarawan sa ari-arian na nagtitibay sa isinangla o deed of trust o papeles ng panagot sa utang, na hindi nabayaran.)

IKAW AY HINDI NAKABAYAD SA ILALIM NG DEED OF TRUST (deed of trust o papeles ng panagot sa utang o isinangla) NA MAY PETSA NA 12/21/2007 . MALIBAN KUNG KAYO AY KUMILOS UPANG MAPROTEKTAHAN ANG INYONG ARI-ARIAN, MAAARI ITONG IBENTA SA ISANG PAMPUBLIKONG PAGBEBENTA.

KUNG KINAKAILANGAN NINYO NG PAGPAPALIWANAG SA KALIKASAN NG PAGLILITIS LABAN SA INYO, KAILANGAN NINYONG MAKIPAG-UGNAYAN SA ISANG ABOGADO.

Ang kabuuang halaga na dapat bayaran sa notice of sale (pabatid ng pagbebenta) ay $341,688.27.

Ang inyong ari-arian ay nakatakdang mabenta sa 1/9/2019 1:30PM (petsa at oras ng pagbebenta) At the North front entrance to the County Courthouse located at 700 Civic Center Drive West, Santa Ana, CA 92701 (lugar ng bentahan).

Gayunman, ang petsa ng pagbebenta na ipinapakita sa nakalakip na notice of sale (pabatid ng pagbebenta) ay maaaring maantala ng isa o mas marami pang beses ng nagkaloob ng isinangla, benepisyaryo, pinagkatiwalaan, o ng korte, alinsunod sa Seksyon 2924g ng Kodigong Sibil ng California. Hinihiling ng batas na ang impormasyon tungkol sa mga pagpaantala sa pagbebenta ng pinagkatiwalaan ay handang maibigay sa inyo at sa publiko, bilang isang kagandahang-loob doon sa mga hindi makakadalo sa bentahan. Kung nais ninyong lubos pang matutunan kung naantala ang inyong petsa sa pagbebenta, at kung naaangkop, ang natakda muli na oras at petsa sa bentahan ng ari-arian, maaari kayong tumawag sa 916-939-0772 (ang numero ng telepono para makakuha ng impormasyon hinggil sa pagbebenta ng pinagkatiwalaan) o bumisita dito sa Internet Web site address http://www.qualityloan.com (Ang Internet website address para makakuha ng impormasyon hinggil sa pagbebenta ng ari-arian na ito) gamit ang numero ng file na itinalaga sa kasong ito CA-18-834091-BF (numero ng file ng kaso). Impormasyon tungkol sa mga pagpaaantala sa loob ng maikling panahon o maaaring maganap kalapit ng itinakdang pagbebenta ay maaaring hindi kaagad masaad sa impormasyon mula sa telepono o sa Internet Web site. Ang pinakamainam na paraan upang mapatotohanan ang impormasyon sa pagpaaantala ng petsa ay ang pagdalo sa nakatakdang petsa ng bentahan.

Kung nais ninyo ng karagdagang mga kopya ng buod na ito, maaari ninyong makuha ang mga ito sa pamamagitna ng pagtawag sa 619-645-7711 (ilagay ang numero ng telepono).

Notice of Sale – Tagalog (Revised 3/28/13)

Trustee Sale Number: CA-18-834091-BF

## THÔNG BÁO BÁN
## BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN CHÍNH

Thông báo rao bán kèm theo được gửi tới cho KWADWO H ASARE-ANTWI, A SINGLE MAN, (Bên ủy thác)

liên quan đến

12668 CHAPMAN AVE, GARDEN GROVE, CA 92840-4021 (Mô tả căn nhà thế chấp cho khoản vay thế chấp mua nhà hoặc khế ước ủy thác bị vi phạm)

QUÝ VỊ VI PHẠM QUY ĐỊNH GHI THEO DEED OF TRUST (khế ước ủy thác hoặc hợp đồng vay thế chấp mua nhà)

NGÀY 12/21/2007. TRỪ KHI QUÝ VỊ CÓ HÀNH ĐỘNG BẢO VỆ CĂN NHÀ CỦA QUÝ VỊ, CĂN (ngày)

NHÀ CÓ THỂ BỊ BÁN CÔNG KHAI.

NẾU QUÝ VỊ CẦN LỜI GIẢI THÍCH VỀ TÍNH CHẤT CỦA THỦ TỤC CHỐNG LẠI QUÝ VỊ, QUÝ VỊ NÊN LIÊN LẠC VỚI MỘT LUẬT SƯ.

Toàn bộ số tiền phải trả trong thông báo bán là $341,688.27. (toàn bộ số tiền phải trả)

Căn nhà của quý vị được dự kiến sẽ bán vào 1/9/2019 1:30PM (ngày và giờ rao bán)

tại At the North front entrance to the County Courthouse located at 700 Civic Center Drive West, Santa Ana, CA 92701 (địa điểm bán)

Tuy nhiên, ngày bán ghi trong thông báo bán kèm theo có thể bị trì hoãn một hoặc nhiều lần bởi bên cho vay thế chấp, người thụ hưởng, người được ủy quyền, hoặc tòa án, chiếu theo Mục 2924g của Bộ Luật Dân Sự California. Luật pháp quy định thông tin về các trường hợp trì hoãn bán nhà của bên được ủy quyền phải được cung cấp cho quý vị và công chúng, để cập nhật cho những người không có mặt tại buổi rao bán. Nếu quý vị muốn biết ngày rao bán của quý vị có bị trì hoãn hay không, và, nếu thích hợp, ngày giờ mới cho việc rao bán căn nhà này, quý vị có thể gọi

916-939-0772
(số điện thoại để biết thông tin về việc rao bán của bên được ủy thác)

hoặc tới địa chỉ Internet này http://www.qualityloan.com (địa chỉ Internet để biết thông tin về việc giao bán căn nhà đó)

dựa trên mã số hồ sơ được ấn định cho vụ này CA-18-834091-BF. Thông tin (mã số hồ sơ)
về các trường hợp trì hoãn rất ngắn hoặc xảy ra ngay sát ngày rao bán dự kiến có thể không được phản ánh ngay trong thông tin cung cấp qua điện thoại hoặc trên Internet. Cách tốt nhất để xác minh thông tin trì hoãn là tham dự buổi rao bán đã ấn định.

Nếu quý vị muốn có thêm bản sao của tài liệu trình bày tóm lược này, vui lòng gọi số 619-645-7711 (số điện thoại)

Notice of Sale – Vietnamese (Rev 4-18-13)

**Quality Loan Service Corp.**
**Return Mail Processing**
**2763 Camino Del Rio S., 1st FL**
**San Diego, CA 92108**



7196 9002 3371 0459 6389

CA-18-834091-BF
KWADWO H ASARE-ANTWI
PO BOX 10402
MORENO VALLEY, CA 92552-0402

16974433

*UB07*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 7

Law Office
**Ronald H. Freshman, Esq.**

222 West 6th Street, Suite 400
San Pedro, California 90731
Office 858.756.8288
Fax 858.964.1728
rhf@freshmanlaw.com

April 15, 2019

<u>**VIA FACSIMILE AND OVERNIGHT MAIL**</u>

Quality Loan Service Corporation
411 Ivy Street
San Diego, CA 92101

      RE:     Trustee Sale Number CA-18-834091-BF
    Property Address:  12668 CHAPMAN AVE, GARDEN GROVE, CA 92840-4021

<div align="center">

**CEASE AND DESIST**

</div>

Please note that Mr. KWADWO H ASARE-ANTWI has <u>two</u> properties at 12668 CHAPMAN AVE, GARDEN GROVE, CA 92840-4021.  Your Notice of Default and Notice of Trustee Sale fails to identify the Unit Number, further it relies upon a deed of trust in which you acknowledge has an incorrect legal description. (Exhibit 1 and 2)

This is a void Notice of Trustee Sale under Civil Code § 2924f(b)(1) which requires that you provide a description of the property, which necessarily includes and requires identification of the unit being sold.  Therefore, we must demand that you cease and desist from going forward for the trustee sale that is currently set for April 22, 2019.

Please provide confirmation no later than close of business on Tuesday, April 16, 2019 that you are:

  1)  Cancelling the trustee sale
  2)  Rescinding the defective Notice of Trustee Sale

<div align="center">

**(continued on next page)**

1

</div>

Failure to acknowledge and agree to the above actions will result in our client seeking an injunction against you and Wells Fargo, and we will see attorney fees and costs for your failure to abide by Civil Code § 2924.


Regards,

LAW OFFICE OF RONALD H. FRESHMAN

*Ronald H. Freshman*
Attorney for KWADWO H ASARE-ANTWI


Cc:  3rd Party Authorization

2

# LAW OFFICES OF
# RONALD H. FRESHMAN

ATTORNEYS AT LAW
222 West 6th Street, Suite 400
San Pedro, California 90731
858-756-8288 office
858-964-1728 facsimile
FACSIMILE 206.424.0744
EMAIL RHF@FRESHMANLAW.COM

January 2, 2019

Re:        AUTHORIZATION

I , ASARE-ANTWI KWADWO HWENSO, authorize Ronald H. Freshman and his paralegals, Kimberly Cromwell and Alexis Fisher,  to receive any and all information, as well as discuss my loans, Notes and Deeds of Trust and servicing or modification of these loans,  for the real properties at the following addresses:

12668 CHAPMAN AVE UNIT 2305 GARDEN GROVE, CA 92840-4038 ("Property # 1")
Original Loan Number: 0047714688  ( well fargo ) 0484755871 )

12668 CHAPMAN AVE UNIT 2405 GARDEN GROVE, CA 92840-4038 ("Property # 2")
Original Loan Number: 0047866207  ( Wells fargo  0484774849 )

25463 CHIPMAN HILL CT MORENO VALLEY, CA 92553-7137 ("Property # 3")
Original Loan Number:  0046315776  ( Well fargo  0484580675 )

This includes requesting information and/or discussions with the appropriate parties.

The last four digits of my tax id is: 0141 but is often referenced as a ssn with the number 9999.

Very truly yours,

01/02/2019.
Date

ASARE-ANTWI KWADWO HWENSO

1

 | 

**800-322-5555**
**www.gso.com**

**Ship From**
LAW OFFICES OF RONALD H. FRESHMAN
MELISSA ALVAREZ
222 WEST 6TH STREET, SUITE 400
SAN PEDRO, CA 90731

Tracking #: 544680116

**CPS**

**Ship To**
**ANGLIN FLEWELLING RASMUSSEN**
**CAMPBELL & TRYTTEN LLP**
**LEIGH O. CURRAN**
**301 NORTH LAKE AVENUE, SUITE 1100**
**PASADENA, CA 91101**

**PASADENA**                    RECEIVED
                                MAY 06 2019
**S91101A**



**COD:** $0.00
**Weight:** 0 lb(s)
**Reference:**
KWADWO OC
**Delivery Instructions:**

**Signature Type:** NOT REQUIRED

2167982

**NWK CA906-L 1**

Print Date: 5/2/2019 6:03 PM

**LABEL INSTRUCTIONS:**

**Do not copy or reprint this label for additional shipments - each package must have a unique barcode.**
Step 1: Use the "Print Label" button on this page to print the shipping label on a laser or inkjet printer.
Step 2: Fold this page in half.
Step 3: Securely attach this label to your package and do not cover the barcode.

**TERMS AND CONDITIONS:**

By giving us your shipment to deliver, you agree to all of the GSO service terms & conditions including, but not limited to; limits of liability, declared value conditions, and claim procedures which are available on our website at www.gso.com.

1/1

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 301 N. Lake Ave, Suite 1100 Pasadena, CA 91101-4158

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System**

| *Attorneys for Plaintiff:* | *Attorneys for Clear Recon Corp.:* |
|---|---|
| Ronald H. Freshman<br>Law Offices of Ronald H. Freshman<br>222 west 6th Street. Suite 400<br>San Pedro, CA 90731<br><br>Tel: (858) 756-8288<br>Fax: (858) 964-1728<br><br>Email: ronfreshman@gmail.com<br>mna@freshmanlaw.com | Fred T. Winters. Esq.<br>Casper J. Rankin, Esq.<br>ALDRIDGE PITE, LLP<br>4375 Jutland Drive, Suite 200<br>P.O. Box 17935<br>San Diego, CA 92177<br>Tel: (858) 750-7600<br>Fax: (858) 412-2657<br><br>Email: fwinters@aldrigepite.com<br>crankin@aldrigepite.com |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on June 13, 2019.

Carol Leach _____  /s/ Carol Leach _____

(Type or Print Name)  (Signature of Declarant)