UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-00887 JVS (KESx) | Date | July 15, 2019 |
|---|---|---|---|
| Title | Kwadwo Hwenso Asare-Antwi v. Wells Fargo, N.A., et al. | | |

Present: The Honorable  **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** [IN CHAMBERS] Order Regarding Motion to Remand

**The Court, having been informed by the parties in this action that they submit on the Court's tentative ruling previously issued, hereby rules in accordance with the tentative ruling as follows:**

Plaintiff Kwadwo Hwenso Asare-Antwi ("Plaintiff") filed a motion to remand this case to state court. (Mot., Dkt. No. 13.) Defendant Wells Fargo Bank, N.A., ("Wells Fargo") opposed the motion. (Opp'n, Dkt. No. 22). Plaintiff filed a reply. (Reply, Dkt. No. 24.)

For the following reasons, the Court **denies** the motion to remand.

## I. BACKGROUND

Plaintiff filed this action in the Superior Court of the State of California in Orange County on April 17, 2019 against defendants Wells Fargo, Quality Loan Service Corporation ("Quality"), and Clear Recon Corp. ("Clear Recon"). (Complaint, Dkt. No. 1-1.) Plaintiff brought claims for (1) declaratory judgment; (2) intentional misrepresentation; (3) cancellation of instruments; (4) violation of Civil Code § 2924; (5) slander of title; (6) breach of contract/estoppel; and (7) violation of Bus. & Prof. Code § 17200 et. seq. (Id.)

Plaintiff alleges the following. Wells Fargo is the servicer on three of Plaintiff's loans for properties located in Orange County and Riverside County. (FAC, Dkt. No. 1-2, Ex. B ¶ 2.) Two of these loans for properties located at 12668 Chapman Ave. Unit 2305 ("Unit 2305") and Unit 2405 ("Unit 2405") in Garden Grove, CA were originated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-00887 JVS (KESx)   Date   July 15, 2019

Title   Kwadwo Hwenso Asare-Antwi v. Wells Fargo, N.A., et al.

by World Savings, FSB, and Wachovia Mortgage, FSB.  (Id. ¶ 3.)  Wells Fargo filed Notices of Default along with a declaration falsely alleging that it had attempted to explore alternatives with Plaintiff prior to filing the notice, but was unable to reach Plaintiff.  (Id. ¶ 5.)  The Notices of Default allege that Wells Fargo is the beneficiary, and Plaintiff disputes that it is.  (Id.)  Wells Fargo also refused Plaintiff's appeal of a denial of a loan modification and refused to revise incorrect income amounts or explain its errors in the modification evaluation.  (Id. ¶ 6.)

On August 14, 2018, Wells Fargo had its agent, Clear Recon, record a Notice of Default, but the deed of trust identifies the trustee as Golden West.  (Id. ¶ 42.)  On the same date, Wells Fargo had its agent, Quality, record a Notice of Default.  (Id. ¶ 70.)  On April 15, 2019, Plaintiff informed Quality that the Notice of Trustee Sale applicable to one of the properties was defective because it identified the address, but did not identify a unit number, and thus did not identify the property as required under Civ. Code § 2924f(b)(l).  (Id. ¶ 75.)

The Notices of Default on the respective properties are defective because Plaintiff disputes that Wells Fargo is the beneficiary.  (Id. ¶ 109.)  As a result of the defective Notices of Default, Quality and Clear Recon are threatening to take title to Plaintiff's property for payment to Wells Fargo, who Plaintiff says is without authority to foreclose on Plaintiff.  (Id. ¶ 111.)  Clear Recon and Quality have a legal duty to all parties to the deed of trust—including Plaintiff—to exercise good judgment, but instead have failed to establish that Wells Fargo has the authority to exercise the power of sale or substitute either entity as trustee.  (Id. ¶¶ 118, 155.)  By alleging that Wells Fargo is the beneficiary, in their Notices of Default and Substitutions of Trustee, Quality and Clear Recon engage in a deceptive and unfair business practice.  (Id. ¶149.)  Clear Recon, as trustee, along with Wells Fargo, had a duty to ensure that Plaintiff had been contacted to explore alternatives to foreclosure before recording their Notices of Default.  (Id. ¶ 170.)  Likewise, they violated Cal. Civ. Code § 2924.17 by failing to rely upon competent and reliable evidence before recording instruments in the land records.  (Id. ¶ 173.)

On May 2, 2019, Plaintiff's counsel filed a verified First Amended Complaint ("FAC") correcting various errors from the first complaint, including an allegation regarding Plaintiff's primary U.S. residence address.  (FAC, Dkt. No. 1-2, Ex. B ¶ 9.)  In addition, Plaintiff added causes of action for violation of the Homeowner Bill of Rights ("HBOR") and the breach of the covenant of good faith and fair dealing.  (Id. at 1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-00887 JVS (KESx)         Date  July 15, 2019

Title  Kwadwo Hwenso Asare-Antwi v. Wells Fargo, N.A., et al.

## A. Citizenship of Parties

Plaintiff indicates that he is "an individual who resides in England, with his United States primary residence in Orange County," identified as Unit[] 2305," and that "[t]hese are Plaintiff's primary US residence and an investment property which produces rental income and both are part of Plaintiff's retirement assets." (Id. ¶ 16.)

With respect to each of the defendants, Plaintiff alleges that (1) Wells Fargo is headquartered in San Francisco, CA; (2) Quality is a California corporation; and (3) Clear Recon is a California corporation. (Id. ¶¶ 17-19.)

## B. Service of Parties

On April 26, 2019, Wells Fargo agreed to service under Code of Civil Proc. § 415.301, in which Wells Fargo would accept service by mail and select its service date. (Freshman Decl., Ex. 2- signed Acknowledgment.) Under this agreement, the FAC with summons was sent to Wells Fargo on May 2, 2019 and Wells Fargo selected May 17, 2019 as its "service date."

On May 10, 2019, Wells Fargo filed its Notice of Removal to this Court. (Not., Dkt. No. 1.) Prior to Wells Fargo's removal of the case, Clear Recon had been served, but Quality had not. (Id. at 14; Mot., Dkt. No. 13 at 8.) Quality was served on May 20, 2019, ten days after the case was removed.

Plaintiff now brings this motion for remand, arguing that there is neither diversity jurisdiction nor federal question jurisdiction that would permit removal. (Mot., Dkt. No. 13.)

## II. LEGAL STANDARD

### A. Diversity Jurisdiction

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court if the parties may have originally filed the case in federal court. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163, (1997). Where removal is based on diversity, (1) the citizenship of the plaintiff must differ from the citizenship of all

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-00887 JVS (KESx) | Date | July 15, 2019 |
| Title | Kwadwo Hwenso Asare-Antwi v. Wells Fargo, N.A., et al. | | |

defendants and (2) the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). District courts have diversity jurisdiction over "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). District courts, however "shall not have original jurisdiction under [section 1332(a)(2)] of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State. Id. (emphasis added).

An exception to removal known as the forum-defendant rule also provides that a "civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C.A. § 1441(b)(2) (emphasis added).

The Ninth Circuit has directed courts to "strictly construe the removal statute against removal jurisdiction," so that any doubt as to the right of removal is resolved in favor of remanding the case to state court." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Thus, the removing party bears the burden to demonstrate that removal was proper. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

## B. Fraudulent Joinder

In assessing whether the plaintiff fails to state a cause of action where fraudulent joinder is at issue, "the Court may look beyond the pleadings." Padilla v. AT & T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. Dec. 21, 2009). "Thus, a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." Id. The removing party asserting fraudulent joinder "carries a heavy burden of persuasion" in making this showing. Nelson v. Diebold Inc., 2015 WL 4464691, at *1 (C.D. Cal. July 21, 2015). It must show "that the plaintiff 'fails to state a cause of action against [the] resident defendant, and the failure is obvious according to the settled rules of the state.'" Macey v. Allstate Prop. & Cas. Ins. Co., 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) (alteration in original) (quoting Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-00887 JVS (KESx) | Date | July 15, 2019 |
|---|---|---|---|
| Title | Kwadwo Hwenso Asare-Antwi v. Wells Fargo, N.A., et al. | | |

Therefore, where there is doubt as to whether the plaintiff states a cause of action against the defendant, "the doubt is ordinarily resolved in favor of the retention of the case in state court." Albi v. Street & Smith Publications, Inc., 140 F.2d 310, 312 (9th Cir. 1944). "If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand." Macey, 220 F. Supp. 2d at 1117.

### III. DISCUSSION

**A.   Diversity Jurisdiction**

**1.   Complete Diversity**

Plaintiff contends that the Court lacks diversity jurisdiction over this case because (1) Plaintiff is a citizen of California, and (2) Quality and Clear Recon are also citizens of California. Wells Fargo instead argues that complete diversity between the parties exists because (1) Wells Fargo is a citizen of South Dakota, (2) Plaintiff is a resident of the United Kingdom ("UK") who is not a lawful permanent resident of the United States.

The Court finds that complete diversity between the parties exists. First, although the FAC alleges that Wells Fargo is a citizen of California because it is headquartered in San Francisco, the Ninth Circuit has held that "Wells Fargo is a citizen only of South Dakota, where its main office is located." Rouse v. Wachovia Mortg., FSB, 747 F.3d 707, 715 (9th Cir. 2014). Second, Wells Fargo has submitted evidence establishing that Plaintiff is a citizen of the UK, who was not admitted to the United States as a lawful permanent resident ("LPR"). The FAC indicates that Plaintiff is a resident of England. (FAC, Dkt. No. 1-2 ¶ 16.) Second, on Plaintiff's UK tax returns for 2017 and 2018, Plaintiff marked "No" under the section titled "Residence, remittance basis etc" when asked "Were you, for all or part of the year to 5 April 2018, one or more of the following: not a resident, not domiciled in the UK and claiming the remittance basis, dual resident in the UK and another country?" (Smith Decl., Dkt. No. 22-2, Exs. 7, 9.) For taxable year 2017, Plaintiff indicated on his California tax return that he "was a CA nonresident the entire year" and stated that he was a UK resident. (Id., Ex. 8.) In addition, on his federal tax return, when asked "Of what country or countries were you a citizen or national during the tax year?" Plaintiff stated only the UK. (Id., Ex. 6 at p.7.) Wells Fargo has thus met its burden of proving by a preponderance of the evidence that Wells Fargo and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-00887 JVS (KESx)                    Date  July 15, 2019

Title     Kwadwo Hwenso Asare-Antwi v. Wells Fargo, N.A., et al.

Plaintiff are completely diverse parties. Although Plaintiff contends that having a primary U.S. residence in California makes him a California citizen, absent a showing that he is an LPR, that argument fails. The statute expressly requires that an individual be lawfully admitted for permanent residence in the United States and be domiciled in the same State" as at least one defendant 28 U.S.C. § 1332(a)(2).

Moreover, even if Plaintiff could prove that he is a citizen of California, there would still be complete diversity between the parties because the Court will not consider the citizenship of Quality or Clear Recon because they are nominal defendants fraudulently joined.

Plaintiff's theory that Quality and Clear Recon did not have authority to record the notice of trustee's sale because Wells Fargo is not a beneficiary fails, as Wells Fargo is the successor to World Savings Bank ("WSB") and Wachovia Mortgage, FSB ("Wachovia"). See Simmonds v. Wells Fargo Bank, N.A., 2019 U.S. Dist. LEXIS 40619, *1 ("Wells Fargo is successor by merger with WSB."); Neufeld v. Wells Fargo Home Mortg., Inc., 2011 U.S. Dist. LEXIS 63238, *1, n.1 ("Wachovia Mortgage is a division of Wells Fargo Bank, N.A. Wells Fargo Bank, N.A., in turn, is a successor by merger of Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB.").

In addition, the allegations of the FAC make plain that Quality and Clear Recon are agents of Wells Fargo. (FAC ¶¶ 42, 70.) The Ninth Circuit has held that an agent "cannot be held individually liable as a defendant unless [it] acts for [its] own personal advantage." Mercado v. Allstate Ins. Co., 340 F.3d 824, 826 (9th Cir. 2003). "As such, if a plaintiff does not allege that the agent is a dual agent or acted for its own personal advantage, then the agent has no individually liability and its citizenship does not destroy diversity jurisdiction." Davidson v. Wells Fargo Bank, 2017 U.S. Dist. LEXIS 116475, *4 (citing Thu Ha Nong v. Wells Fargo Bank, N.A., No. SACV 10-1538 JVS (MLGx), 2010 U.S. Dist. LEXIS 131890 at *4 (C.D. Cal. Nov. 22, 2010)).

Although Quality and Clear Recon are citizens of California, they are only described in their agency role. (FAC ¶¶ 42, 70) ("Wells Fargo had its agent, Clear Recon, record a Notice of Default."); ("Wells Fargo had its agent, Quality Loan Service Corporation, record a Notice of Default."). There are no allegations to suggest that Clear Recon or Quality acted for its own personal advantage. Thus, Plaintiff does "not allege the required individual liability or dual agency necessary for overcoming an agent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-00887 JVS (KESx) | Date | July 15, 2019 |
|---|---|---|---|
| Title | Kwadwo Hwenso Asare-Antwi v. Wells Fargo, N.A., et al. | | |

status." Davidson, 2017 U.S. Dist. LEXIS 116475, *5. See Kelley v. Caliber Home Loans, Inc., 2018 U.S. Dist. LEXIS 75356, *8 ("[R]ecent case law in this district indicates that despite the language of the statute, Quality's status as trustee renders it a nominal defendant such that its citizenship should be disregarded for the purposes of determining diversity.").

Finally, the actions of Quality and Clear Recon are privileged such that their citizenship need not be considered. In California, actions arising from a foreclosure are privileged, which prevents most damage claims against the trustees. See Cal. Civ. Code § 2924(d). Absent malice, "the trustee's statutory duties in nonjudicial foreclosure are consistent with the type of communications from one interested party to another covered by the common interest privilege." Kachlon v. Markowitz, 168 Cal. App. 4th 316, 339, 85 Cal. Rptr. 3d 532 (2008). Since malice is not alleged, California privilege law applies to the trustees' actions such that their citizenship is irrelevant. See Davidson, 2017 U.S. Dist. LEXIS 116475, *6.

Although Plaintiff states that "[t]here is no evidence that Clear Recon asked or sought confirmation of Wells[] Fargo's compliance with Civil Code § 2923.55," Plaintiff provides no authority for the proposition that Clear Recon would be liable for failure to detect that Wells Fargo allegedly lied about its efforts to diligently contact Plaintiff prior to issuing the Notice of Default. (Mot., Dkt. No. 13 at 11; Opp'n, Dkt. No. 22 at 16.) While the FAC states that Cal. Civ. Code § 2924.17 requires reliance upon competent and reliable evidence, this section applies to mortgage servicers, not trustees. (FAC ¶ 173.)

Accordingly, Wells Fargo has met its burden of showing that the trustees were fraudulently joined. Because the Court need not consider the citizenship of Quality and Clear Recon since they are deemed nominal defendants fraudulently joined, the forum-defendant rule that might normally bar removal in these circumstances does not apply.[1] See 28 U.S.C. § 1441(b)(2).

### 2. Amount in Controversy

In his motion for remand, Plaintiff does not dispute that the amount in controversy exceeds $75,000. Some courts have determined that "where a complaint seeks to

---

[1] Since Quality was not properly served with the FAC prior to removal, its citizenship is also irrelevant for purposes of the forum-defendant rule.

| | | | |
|---|---|---|---|

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-00887 JVS (KESx) | Date | July 15, 2019 |
|---|---|---|---|
| Title | Kwadwo Hwenso Asare-Antwi v. Wells Fargo, N.A., et al. | | |

invalidate a loan secured by a deed of trust, the amount in controversy is the loan amount." Ngoc Nguyen v. Wells Fargo Bank, N.A., 749 F. Supp. 2d 1022, 1028 (N.D. Cal. 2010). Here, plaintiff seeks a declaration that Wells Fargo cannot enforce loans in the original principal amounts of $308,000 and $282,750, which far exceeds the threshold amount. (FAC ¶ 88, Prayer ¶ 5.) Thus, the Court finds that the amount in controversy exceeds $75,000.

Since the Court determines that diversity jurisdiction exists, the Court need not analyze whether there is a separate basis for the Court's federal question jurisdiction.

### IV. CONCLUSION

For the foregoing reasons, the Court **denies** the motion for remand.

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| **Initials of Preparer** | **lmb** | |